Matthew J. Matern, SBN 159798
  mmatern@maternlawgroup.com
Scott A. Brooks, SBN 160115
  sbrooks@maternlawgroup.com
MATERN LAW GROUP, PC
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA  90266
Telephone:   310.531.1900
Facsimile:   310.531.1901
Class Counsel and Attorneys for Plaintiff Nancy Schlieser

Jason J. Thompson, *pro hac vice*
  jthompson@sommerspc.com
Trenton R. Kashima, SBN 277924
  tkashima@sommerspc.com
SOMMERS SCHWARTZ, PC
1 Towne Square, #1700
Southfield, MI 48076
Telephone:  248.355.0300
Facsimile:   248.436.8453
Class Counsel and Attorneys for Plaintiff Christian Van Cleave

[Additional counsel on following page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY SCHLIESER, an individual, on behalf of herself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation; and DOES 1-50, Inclusive,<br><br>Defendants. | Case No. 8:19-cv-00443 JAK (PLAx)<br><br>**DECLARATION OF MATTHEW J. MATERN IN SUPPORT OF (1) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND (2) PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS AND ENHANCEMENT AWARDS**<br><br>Date:   December 6, 2021<br>Time:    8:30 A.M.<br>Courtroom:  10B |

CHRISTIAN VAN CLEAVE, an
individual, on behalf of himself and on
behalf of all persons similarly
situated,

            Plaintiff,

      v.

SUNRISE SENIOR LIVING
MANAGEMENT, INC., a Virginia
Corporation; and DOES 1-50, Inclusive,

            Defendants.

Shani O. Zakay, SBN 277924
  shani@zakaylaw.com
ZAKAY LAW GROUP, APLC
3990 Old Town Ave., Ste. C204
San Diego, CA  92110
Telephone:  619.255.9047
Facsimile:   858.404.9203
Class Counsel and Attorneys for Plaintiff Christian Van Cleave

Jean Claude Lapuyade, SBN 248676
  jlapuyade@jcl-lawfirm.com
THE JCL LAW FIRM, APC
3990 Old Town Ave., Suite C204
San Diego, CA 92110
Telephone:  619.599.8292
Facsimile:   619.599.8291
Class Counsel and Attorneys for Plaintiff Christian Van Cleave

8:19-CV-00443 JAK (PLAX)
DECLARATION OF MATTHEW J. MATERN ISO
MOTION FOR FINAL APPROVAL AND MOTION
FOR FEES AND COSTS

## DECLARATION OF MATTHEW J. MATERN

I, MATTHEW J. MATERN, hereby declare as follows:

1.      I am an attorney duly licensed to practice law in the State of California.  I am the principal of Matern Law Group, PC, Class Counsel and counsel of record for plaintiff Nancy Schlieser in the action entitled *Schlieser v. Sunrise Senior Living Management, Inc.*, USDC Case No. 8:19-cv-00443 JAK (PLAx).

2.      All of the facts stated in this declaration are based on my personal, firsthand knowledge, unless another source of information or belief clearly appears from the context, and as to all such matters I believe them to be true.  If called as a witness, I could and would readily and competently testify to all matters stated in this declaration.

3.      This declaration is submitted in support of Plaintiffs' Motion for Final Approval of Class Action Settlement and Plaintiffs' Motion for Attorney's Fees and Costs and Enhancement Awards.

### The Parties

4.      Plaintiff Nancy Schlieser ("Schlieser") is a former hourly, non-exempt employee of defendant Sunrise Senior Living Management, Inc. ("Sunrise") who worked in various positions (Marketing Assistant, Director of Community Relations and Director of Sales/Director of Sale & Marketing) at Sunrise's Seal Beach facility from May 2005 to February 2018. Plaintiff Christian Van Cleave ("Van Cleave") was employed by Sunrise as a non-exempt employee in the position of Activities & Volunteer Coordinator at Sunrise's La Jolla facility from July 2016 through November 2018. Sunrise operates senior and assisted living facilities throughout the United States, including some 52 in California. (Schlieser and Van Cleave will be collectively referred to as "Plaintiffs." Ms. Schlieser, Van Cleave and Sunrise will be collectively referred to as "the Parties".)

### The *Schlieser* Action

5.      On May 7, 2018, Ms. Schlieser retained Matern Law Group ("MLG" or "Class Counsel") to represent her in her claims against Sunrise. Upon being retained, MLG investigated and researched Plaintiff's claims and Sunrise's anticipated defenses. Plaintiff furnished relevant information and documents to MLG which MLG reviewed and analyzed. ("Class Counsel" may at times refer to MLG and the law firms representing plaintiff Christian Van Cleave.)

6.      On January 17, 2019, Ms. Schlieser filed a putative class and representative action against Sunrise in the Orange County Superior Court, alleging violations of California's labor laws regarding meal and rest breaks; minimum and overtime wages; payment of all wages due; required records; wage statements; indemnity of employees for necessary business expenses; and for violation of the unfair competition law ("UCL") and for civil penalties under PAGA ("the *Schlieser* Action").  (Ms. Schlieser filed a separate individual employment discrimination and wrongful termination action which is pending before this Court, Case No. 8:19-cv-00517-JAK-PLA ["Schlieser's Individual Employment Law Action"] which is expressly excepted from the settlement before the Court.)

7.      Sunrise removed the *Schlieser* Action to this Court on March 6, 2019 pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§1441 and 1453. (Dkt. 1.)

8.      Sunrise produced a large volume of documents to Ms. Schlieser, including payroll and timekeeping records, wage and hour policies, meal period and rest break policies and wage statements, and other employment documents. Ms. Schlieser propounded interrogatories on Sunrise, to which Sunrise responded and Ms. Schlieser responded to special interrogatories from Sunrise as well as 45 requests for production and produced over 1,300 documents. Sunrise also agreed to let Ms. Schlieser use the data and documents that had been provided for the settlement discussions, and as well as PMK depositions and declarations from the

8:19-CV-00443 JAK (PLAX)
DECLARATION OF MATTHEW J. MATERN ISO
MOTION FOR FINAL APPROVAL AND MOTION
FOR FEES AND COSTS

*Shiferaw* action, in order to streamline the discovery process and avoid repetition of prior discovery. Based on the information provided by Simpluris, Inc., the Settlement Administrator, the Class is comprised of approximately 11,559 individuals, i.e., 11,566 persons on the class lists provided by Defendant less the seven persons that submitted valid requests for exclusion.

9.     On December 9, 2019, Ms. Schlieser moved for class certification of three classes with a hearing date of March 16, 2020. The first class was a Regular Rate Class A which was stipulated to by the Parties based on admitted facts which establish liability and encompassed "all persons who were employed in the positions of Director of Sales and Associate Director of Sales in California from July 1, 2016 through the present and who did not execute a Sunrise Senior Living Dispute Resolution Agreement."

10.    The second class, which was not stipulated to, was the Regular Rate Class B and included "[a]ll persons who work or worked for Defendant in the positions of Director of Sales, Associate Director of Sales, and Director of Sales & Marketing in California from July 1, 2016 through the present.

11.    The third class, which was also not stipulated to, was the Regular Rate Class C and includes "[a]ll persons who work or worked as non-exempt or hourly employees of Defendant at one or more of its locations in California at any time from July 1, 2016 through the present who were paid Incentive Pay which was earned during one or more pay periods in which they were also paid overtime wages. The motion was supported by over 400 pages of documentary evidence including declarations, payroll records, deposition testimony and other employment records.

12.    On September 19, 2019, Sunrise filed a motion to dismiss Ms. Schlieser's complaint and moved to strike certain allegations. The Court stayed the *Schlieser* Action, pending mediation and ongoing settlement discussions pursuant to the Parties' stipulation. Upon being advised of the Settlement and the Parties'

intent to seek court approval of the Settlement in a consolidated action, the Court ordered the Parties to file a Joint Status Report regarding, inter alia, the time frame for concluding all further proceedings, which the Parties filed on April 15, 2020.

13.    On December 7, 2018, Mr. Van Cleave filed a putative class action complaint against Sunrise in the San Diego County Superior Court, entitled *Van Cleave v. Sunrise Senior Living Management, Inc.*, Case No. 37:2018-00061960-CU-OE-CTL), alleging violation of the UCL, failure to pay overtime wages, meal and rest periods, failure to provide accurate itemized wage statements and wages when due ("the *Van Cleave* Class Action"). On January 8, 2019, Sunrise removed the *Van Cleave* Class Action to the United States District Court for the Southern District of California, Case No. 3:19-cv-00044-BEN-NLS pursuant to CAFA. On February 15, 2019, Mr. Van Cleave filed a First Amended Collective and Class Action Complaint, alleging violations of the Fair Labor Standards Act of 1938, the UCL and California state wage and hour laws regarding overtime pay, meal periods, wage statements, payment of wages when due, and breach of the covenant of good faith and fair dealing (the *Van Cleave* Class and Collective Action). On May 6, 2019, Van Cleave filed a PAGA-only complaint in the San Diego County Superior Court, Case No. 37-2019-00023231-CU-OE-CTL ("the *Van Cleave* Representative Action"). The Settlement Agreement provides that Mr. Van Cleave will dismiss the *Van Cleave* Representative Action conditioned on this Court granting final approval of this global Settlement. (Hereafter, the *Schlieser* Action, the *Van Cleave* Class and Collective Action and the *Van Cleave* Representative Action will be collectively referred to as "the Actions.")

**Settlement**

14.    On August 12, 2019, the Parties participated in a mandatory settlement conference with Magistrate Judge Paul L. Abrams. MLG prepared a settlement conference statement for the conference. Mr. Van Cleave and Sunrise participated

in an Early Neutral Evaluation Conference with Magistrate Judge Allison H. Goddard December 9, 2019.

15.     Both efforts were unsuccessful and thereafter the Parties agreed to submit the Actions to joint mediation to seek a global settlement of their respective disputes. In order to facilitate these discussions, the Parties obtained stays in the Actions pending the outcome of these settlement discussions.

16.     On February 24, 2020, the Parties attended a full-day mediation with mediator Lisa Klerman.  No resolution was reached at the mediation. Settlement discussions continued and mediator Klerman made a mediator's proposal which was accepted by all Parties on March 16, 2020 subject to a Memorandum of Understanding ("MOU") and a long-form agreement.  The MOU was signed by all Parties on May 21, 2020 and the Stipulation of Class Action Settlement and Release was executed by all Parties on June 30, 2020.  A true and correct copy of the Stipulation of Class Action Settlement and Release ("Agreement") is attached hereto as Exhibit 1.

17.     Prior to the settlement conferences, Sunrise provided sample payroll data for several locations selected by Plaintiffs as well as policy documents. In preparation for the mediation, Sunrise produced additional data and documents including bonus and commission data, all pertinent policy documents for the class period including meal and rest period policies, commission policies and bonus policies. Sunrise also produced Kronos timekeeping records and payroll data for 4,536 employees, representing 566,093 shifts, 68,583 pay periods, and 133,676 workweeks. These documents and data permitted the Parties to evaluate their respective positions. Ms. Schlieser also retained an expert statistician who reviewed and analyzed Sunrise's time and payroll records and prepared an analysis of this information, which was instrumental in creating a damages model for the mediation.

18.     The mediation was conducted at arm's length, and although the negotiations were conducted in a professional manner, they were adversarial.  The Parties went into mediation willing to explore the potential for a settlement of the dispute, but each side was also prepared to litigate its position through trial and appeal if a settlement had not been reached. The postures of the *Van Cleave* and *Schlieser* lawsuits, including Sunrise's pending motion to dismiss and Ms. Schlieser's pending motion for class certification show that the Parties were prepared to litigate their positions vigorously through trial and appeal if a settlement could not be reached. That posture of a pending dispositive motion and certification proceedings are also substantial evidence that the Parties had sufficient information to evaluate the claims and defenses in settlement discussions.

19.     The Settlement is the result of an informed and detailed analysis of Sunrise's potential liability of total exposure in relation to the costs and risks associated with continued litigation. Based on Class Counsel's pre-litigation investigation, discovery, and expert analysis, Class Counsel was able to act intelligently and effectively in negotiating the proposed Settlement.

20.     This Court presided over a prior, related but resolved case against Sunrise, *Shiferaw v. Sunrise Senior Living Management, Inc.*, Case No. 2:13-cv-02171-JAK-PLA, which involved similar wage and hour claims and resulted in a $2,180,000.00 settlement for Sunrise's California non-exempt employees for the period between February 25, 2009 and July 1, 2016. MLG was class counsel in that case.

21.     On June 4, 2020, my office submitted a copy of the Schlieser complaint to the Department of Industrial Relations, Labor Workforce Development Agency ("LWDA"), via the Department's online submission portal, under PAGA Case No. LWDA-CM-626230-18. On July 7, 2020, my office submitted a copy of the Agreement via the Department's online submission portal, under PAGA Case No. LWDA-CM-626230-18. On September 23, 2021, my office

submitted a copy of the Court's Order Re Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (Dkt. 88) via the Department's online submission portal, under PAGA Case No. LWDA-CM-626230-18. Aside from email confirmations of those filings, my office has not received a response from the LWDA regarding these filings and nothing to indicate any objection on the part of the LWDA to the Agreement.

**Amount in Controversy and Risks Associated with Proceeding with the Action**

22.     Prior to the mediation, Plaintiffs retained an expert and analyzed the value of the various claims and the total "soaking wet" value of the case at $88,170,463 including interest and penalties. Based on defendant's records, unpaid meal period premiums were estimated at $9,430,157 based on 939,036 unique violations and an average pay rate of $14.92. Unpaid overtime for all nonexempt employees based on the alleged failure to include all incentive compensation in regular rate, totaled $554,548. Plaintiffs also valued the derivative claims, finding the potential waiting time penalties to be $23,212,908 for the 6,715 terminated employees, wage statement penalties (for the 5,520 employees during the penalty period) of $4,305,250. PAGA penalties for the 5,520 employees with 46,133 workweeks from January 17, 2018 through February 24, 2020) came to $8,674,600, with the maximum PAGA penalty for Labor Code 226.3 violations amounting to $41,993,000. Based on calculations performed by Plaintiffs' expert using Sunrise's records, unpaid meal period premiums were estimated at about ten percent of the estimated value.  The claim for unpaid overtime for all non-exempt employees based on the alleged failure to include all incentive compensation in regular rate totaled less than one percent of the claim. Plaintiffs also valued their derivative claims, finding the potential waiting time penalties to be about twenty five percent of the total value of the claim for over 6,000 terminated employees, wage statement penalties (for over 5,000 employees during the relevant period) totaling an estimated five percent of the total value. Potential maximum PAGA penalties for

the over 5,000 employees with over 40,000 workweeks from January 17, 2018 through February 24, 2020 came to about ten percent of the total value, with the maximum PAGA penalty for Labor Code 226.3 violations amounting to nearly half of the total maximum possible value of the claims. Later, in conjunction with the settlement, Sunrise provided additional data regarding the composition of the settlement class (as of June 15, 2020): (1) 4,356 people individuals are currently employed by Sunrise as non-exempt will receive 2 points per shift worked during the Class Period, (2) 7,386 individuals are former non-exempt employees who worked during the Class Period, (3) 4,359 individuals (excluding Directors of Sales and Assistant Directors of Sales who received other payments) who worked overtime hours during a pay period in which they also received any bonus, and (4) 7,222 individuals who are classified as part-time according to Sunrise's records. The individual amounts of under-payment of wages to Participating Settlement Class Members who held the positions of Director of Sales and Assistant Director of Sales during the Class Period in connection with the programming error that resulted in those individuals' commissions being temporarily inadvertently excluded from their regular rate of pay are estimated to be a combined $301,103.

23.     Plaintiffs and Class Counsel considered several factors in reaching the decision to settle at this point in the Actions.  One such factor is that although Plaintiffs strongly believe in the merits of their claims, a legitimate controversy exists as to crucial aspects of the claims and damages.  For example, Plaintiffs contend that as to the Regular Rate subclasses, all of the bonuses including, e.g., "spot bonuses" should have been included in the regular rate of purposes of calculating overtime. However, Sunrise would likely contend that this issue was already decided in *Shiferaw* where this Court granted partial summary judgment in Sunrise's favor on that basis that certain bonuses such as spot bonuses and long term service awards did not have to be included in the regular rate. *Shiferaw* Dkt. 210. As another example, meal and rest period claims were still pending in *Van*

*Cleave*, and there, too, Sunrise would point to this Court's ruling in *Shiferaw* which denied certification of those claims. *Shiferaw* demonstrates that the issues are varied and complex, and that Sunrise will vigorously defend against Plaintiffs' clams with able counsel. Defendant vigorously litigated the case and expressed every intention of continuing its defense through class certification, trial, and appeal. Defendant was represented by experienced and skilled attorneys from law firms with strong reputations for vigorous advocacy in the defense of complex employment class action cases, as was demonstrated in the *Shiferaw* case. I have extensive experience in wage and hour class action litigation and I know from experience that any case involving wage and hour claims against a large corporate employer can, and often does, lead to costly litigation that goes on for years. Absent settlement, the next steps in the case would include determining Plaintiff Schlieser's motion for class certification and another certification motion by Van Cleave, a possible defense motion for summary judgment, the exchange of expert discovery, trial preparation, and then trial.

24.    Plaintiffs also recognize the substantial risks involved in litigating the Actions, including the fact that this Court may deny class certification of the two classes to which there was no stipulation; the expensive, time-consuming, and extremely uncertain proposition of proving the amount of wages due to each Class Member; the prospect that the Court would, in its discretion, reduce any penalties won under PAGA; the likelihood that any verdict will inevitably lead to one or more appeals; and that further litigation will cause inconvenience, distraction, disruption, delay, expenditures and recovery disproportionate to the potential benefits of continued litigation. Risk of protracted litigation was significant in this case insofar as Defendant's position has been that individualized issues would pose challenges to certification of the majority of Class claims such as whether each item of additional compensation should have been included in the regular rate, whether calculating the overtime rate using the total number of hours worked instead of the

legal maximum number of regular hours worked was permissible, whether there was a failure to provide meal and rest periods, whether incentive compensation was not included in the regular rate used to pay premium wages for meal and rest break violations, and "derivative" claims such as wage statement violations. The same risks apply to the stipulated classes in *Schlieser* for certification is no guarantee as to liability or damages. As another example, there is always the risk that Sunrise could successfully challenge the manageability of the PAGA claim and that even if Plaintiffs succeed on the claim, discretion could be exercised to reduce any potential award of penalties. In contrast, because of the proposed settlement, Class Members will receive timely and certain relief and avoid the risk of an unfavorable judgment and a questionable appellate outcome. In sum, when the risks of litigation, the uncertainties involved in achieving class certification, the burdens of proof necessary to establish liability, and the probability of appeal of a favorable judgment are balanced against the merits of Plaintiffs' claims, it is clear that the Settlement Amount is fair, adequate and reasonable, including the anticipated $1,510,612 recovery to the Settlement Class. Thus, the overall benefits of the proposed Settlement outweigh the potential risks, expense and likely duration of further litigation.  For these reasons, Plaintiffs and Class Counsel support the proposed Settlement as being in the best interests of the Class.

### Qualifications of Class Counsel

25.     MLG is a twenty-four attorney law firm that almost exclusively represents employees in individual, representative, class and collective actions in state and federal courts throughout California.

26.     Of all the attorneys at MLG, I am the attorney with the most active trial and pretrial calendar. I have personally tried approximately twenty-five cases, including approximately twenty jury trials. I have personally represented clients in numerous wage and hour class, representative and collective actions that settled with per-class-members recoveries in a similar range to the Settlement in this case.

27.     I received a B.A. with honors in 1986 from Tulane University. I received my J.D. from Southwestern University School of Law in 1991. I became an active member of the State Bar of California in September 1992, and have been an active member in good standing continuously since then. I have been practicing as a litigation attorney in Los Angeles since 1992, and have been concentrating on employment litigation since approximately 1997.

28.     In 1992, I founded the general partnership, which is the predecessor of Rastegar & Matern, Attorneys at Law, A Professional Corporation.  In 2012, I founded the Law Offices of Matthew J. Matern, which changed its name to Matern Law Group in January 2014, and then to Matern Law Group, PC on or about May 25, 2016.

29.     Since 1992, I have been heavily, continuously, and successfully involved in active litigation and trial work, including extensive work in employment litigation and wage and hour class, representative and collective actions. Over the course of my career, I have been involved in approximately 100 class action settlements, with many of them settling in the seven figure range, including settlements in the amount of $26 million, $18, million, $8.5 million, $7.0 million, $6.5 million, $6.5 million, $6.0 million, $6.0 million, $5.75 million, and $5.0 million. I have represented clients in numerous wage and hour class action lawsuits that settled with per-class-member recoveries in a range similar to the anticipated per-class-member recovery in the instant case. I have also been appointed Class Counsel in over 20 contested contested motions for class certification.

30.     I have been counsel in a number of cases which resulted in published appellate victories including two of the leading "me-too" witness cases in California, *Pantoja v. Anton* (2011) 198 Cal.App.4th 87 and *Meeks v. Autozone, Inc.* (2018) 24 Cal.App.5th 855; *ABM Industries Overtime Cases* (2017) 19 Cal.App.5th 277, as modified (Jan. 10, 2018); *Julian v. Glenair* (2017) 17

Cal.App.5th 853; *Ventura v. ABM Industries, Inc.* (2012) 212 Cal.App.4th 258; *Franco v. Arakelian Enterprises, Inc.* (2012) 211 Cal.App.4th 314; *Fuentes v. AutoZone, Inc.* (2011) 200 Cal.App.4th 1221; *Gutierrez v. California Commerce Club* (2010) 187 Cal.App.4th 969; *Franco v. Athens Disposal Company, Inc.* (2009) 171 Cal.App.4th 1277; and other non-published appellate victories, including *Christman v. Apple Am. Grp. II, LLC*, (Cal. Ct. App. Oct. 4, 2017) No. B271937, 2017 WL 4402124; *Pauley v. CF Entm't* (9th Cir. Mar. 25, 2016) No. 14-55131, 2016 WL 1169425 (two related appeals); *Pauley v. CF Entm't* (9th Cir. May 13, 2019) No. 17-56057, 2019 WL 2089930 (three related appeals); *Navarro v. 4 Earth Farms, Inc.*, No. B284853 (Cal. Ct. App. Feb. 8, 2019) 2019 WL 493781; *Soto v. Superior Court of San Bernardino Cty.*, No. E071920 (Cal. Ct. App. Sept. 9, 2019) 2019 WL 4254631 (writ issued) and *Cacho v. Eurostar, Inc.*, No. S260295 (depublication of opinion granted by California Supreme Court). My work has led me to be recognized as a Southern California Super Lawyer every year since 2009.

31.    The following experienced and well-regarded MLG attorneys also worked on this case:

A.    Senior Associate Scott A. Brooks graduated from the University of California, Berkeley in 1987 with a degree in Political Science followed by a law degree from Loyola Law School in 1992. Mr. Brooks has extensive experience in labor and employment class and representative actions, complex litigation, and mass torts. He was one of the Class Counsel in the class action lawsuit which resulted in the published opinion, *Sav-On Drug Stores, Inc. v. Superior Court* (2004) 34 Cal.4th 319 and a $47.5 million dollar settlement, reached during trial. Mr. Brooks also served as one of the national coordinating counsel for the nation's largest retailer in toxic tort litigation, including the defense of Proposition 65 and related claims. Mr. Brooks has extensive experience arguing before the California appellate courts and has handled dozens of appeals and original proceedings, most of which he served as the primary appellate counsel in briefing and argument.

Reported decisions in which Mr. Brooks served as Plaintiff's or Class Counsel (in trial and/or on appeal) on appeal include *Heyen v. Safeway Inc.* (2013) 216 Cal.App.4th 795, *Puerto v. Superior Court* (2008) 158 Cal.App.4th 1242, *Harper v. 24 Hour Fitness, Inc.* (2008) 167 Cal.App.4th 966, *Ralphs Grocery Co. v. Superior Court* (2004) 112 Cal.App.4th 1090, and *Prachasaisoradej v. Ralphs Grocery Co., Inc.* (2007) 42 Cal.4th 217.

    B.    Senior Associate Matthew W. Gordon graduated summa cum laude from Princeton University in 1995, earned a master's degree in Education from Ohio State University in 2004, and received his J.D. from the University of California, Los Angeles in 2009. Mr. Gordon's legal practice has focused almost exclusively on wage-and-hour class actions and plaintiff's side employment litigation cases. During the course of his career, Mr. Gordon has been designated as Class Counsel in scores of wage-and-hour cases.

    C.    Senior Associate Debra J. Tauger heads MLG's law and motion department. Ms. Tauger graduated from the University of California, Los Angeles in 1981 and received her J.D. from Suffolk University Law School in 1987 where she received the American Jurisprudence Award in her Employment Law class and was on the Dean's List. She has been an active member of the California State Bar in good standing since December 1989.  She is also admitted to the Massachusetts Bar.

### Attorney's Fees and Costs

    32.    The Settlement provides for attorney's fees to Class Counsel in an amount up to one-third (1/3) of the Settlement Amount, i.e., \$816,666.00. Plaintiffs' counsel have agreed to split the fee as follows: one-third to MLG; one-third to Van Cleave's counsel; and one third to both Plaintiffs' counsel in proportion to our billing.

    33.    Based on my experience, I believe the fees and costs provision is reasonable.  The fee award is reasonable when taking into account MLG's lodestar

of \$313,822.50 and the Van Cleave's counsel's lodestar of \$392,082.86 for a total lodestar of \$710,905.36. MLG's lodestar is based on approximately 365 hours of work. MLG's lodestar includes approximately 27 hours for work performed in preparing the motion for preliminary approval which hours were not yet posted at the time that Plaintiffs filed their motion for preliminary approval. True and correct copies of MLG's updated spreadsheets required by the Court's Standing Order, ¶9(e)(i), are both attached hereto as Exhibit 6. The billing records for Scott A. Brooks, Matthew Gordon, Debra Tauger and me are included in the Excel spreadsheet to be emailed to the Court per the Standing Order. The updated billing records in Excel spreadsheet format for Co-Class counsel Sommers Schwartz, PC, Zakay Law Group, APLC, and The JCL Law Firm, APC are attached hereto as Exhibits 7, 8 and 9, respectively.

34.     The fee percentage requested is less than that charged by MLG for other employment cases. Over the more than two years that MLG has been representing Ms. Schlieser, MLG has invested significant time and effort into the *Schlieser* Action with payment deferred to the end of the case, and then, of course, contingent on the outcome. MLG's efforts have resulted in a significant settlement fund established to compensate Class Members for Sunrise's allegedly unlawful wage and hour practices.

35.     The efforts expended by MLG thus far include, but are not limited to, investigating and researching Ms. Schlieser's claims and Sunrise's anticipated defenses; reviewing documents provided by Ms. Schlieser; preparing the complaint; reviewing thousands of pages of time and payroll records, policy documents and other employment records produced by Sunrise; retaining an expert consultant to analyze time and payroll data and prepare a damages analysis for the mediation; propounding and responding to written discovery; reviewing and analyzing Sunrise's discovery responses; preparing a motion for class certification; obtaining Sunrise's stipulation for certification of a class; preparing Ms. Schlieser for and

representing her at her deposition; preparing Ms. Schlieser's settlement conference statement; reviewing and co-drafting Plaintiffs' mediation brief; preparing for and attending the mandatory settlement conference and the mediation; engaging in subsequent settlement negotiations, meeting and conferring numerous times with Sunrise's counsel regarding discovery, class certification, settlement and other matters; negotiating, reviewing and revising the MOU; negotiating and drafting the Agreement and related Settlement documents; attending court hearings; drafting the Motion for Preliminary Approval and arguing at the hearing, and preparing the final approval motion and supporting documents.

36.     The lodestar does not include future work that will be required, including preparing for and attending the final approval hearing, communicating with counsel, clients and the settlement administrator, monitoring the process for payments to the Participating Settlement Class Members and responding to post-approval inquiries from them.

37.     I estimate that my firm will expend at least another 40 to 50 hours on these future matters, at an average hourly rate of $850.00 per hour.  Based on experience, we will have Participating Settlement Class Members calling our office to inquire about the status of the payments and for similar information. We also bear the risk of taking whatever actions are necessary if Sunrise fails to pay.  In two of my recent cases, my firm spent over 500 hours post-final approval in efforts to collect on behalf of the Class.

38.     MLG accepted Ms. Schlieser's case on a contingent basis and has put a substantial amount of time and energy into litigating it, all while receiving no payment.  The risk was significant given that, if the *Schlieser* Action was unsuccessful, MLG would not have received any compensation for the time the firm spent litigating it.

39.     Because most individuals cannot afford to pay for representation in litigation on an hourly basis, MLG represents the majority of its employment law

clients on a contingency-fee basis. Pursuant to this arrangement, we are not compensated for our time unless we prevail at trial or successfully settle our clients' cases.  Because MLG is taking the risk that it will not be reimbursed for its time unless its client settles or wins his or her case, MLG cannot afford to represent an individual employee on a contingency basis if, at the end of the representation, all MLG receives is its regular hourly rate for services.  It is essential that MLG recover more than its regular hourly rate when it succeeds, if it is to remain in practice and continue representing individuals in civil rights employment disputes.

40.    My 2020 hourly rate is $950.00. The 2020 hourly rates for the other MLG attorneys who worked on this Action are as follows: Senior Associate Scott A. Brooks: hourly rate of 850.00; Senior Associate Matthew W. Gordon: $725.00; and Senior Associate Debra J. Tauger: hourly rate of $875.00.  MLG requests that these billable rates be applied in this case, as the rates are reasonable in the Southern California legal market for attorneys who handle complex class and representative actions involving hundreds and thousands of employees.

41.    Through my practice I have become familiar with the fees charged by attorneys in wage and hour class actions in Southern California, with comparable experience to mine, as well as the MLG attorneys who worked on this matter. I have obtained this familiarity in several ways: (1) by reviewing attorney fee applications and awards filed in other employment discrimination and class action cases in Southern California; (2) by reviewing declarations regarding prevailing market rates and other factors filed in other employment discrimination and class action cases in Southern California; (3) by reviewing surveys and articles on attorney's fees in legal newspapers, journals and treatises and (4) by discussing fees in employment discrimination and class action cases with other attorneys. MLG has been awarded fees of at least 33% of the common fund in numerous cases in state and federal court, including in the *Shiferaw* action.

42.    The 2020 prevailing billing or "market" rates in Southern California ranges from $350.00 to $1,200.00 per hour. Based on this information, I believe that MLG's current rates are consistent with the market rate for attorneys with comparable expertise, experience, and qualifications in Los Angeles County.

43.    Ms. Schlieser's reasonable litigation costs as of this date are $10,644.73. These include the filing fees and service costs from the initial state court action ($1,584.76). The costs following removal to this Court are $9,059.97 the bulk of which are Ms. Schlieser's portion of the mediator's fee ($3,000.00), expert damage analysis ($4,052.50) and Ms. Schlieser's deposition ($1,380.60), with the remaining costs being for service and delivery of documents, e.g., chambers copies.

### Class Representative Enhancement Payment

44.    The Agreement provides for a Class Representative enhancement payment to Plaintiffs of no more than $7,500.00 each. This payment is intended to recognize Plaintiffs' work, efforts and risks in assisting with the prosecution of the Actions on behalf of the Class and in giving Sunrise a broader release than other Settlement Class Members. During this litigation, Ms. Schlieser cooperated with MLG and took actions to protect the interests of the Class. She provided valuable information regarding Sunrise's wage and hour practices and policies. She prepared for and submitted to deposition. She kept informed of the developments in the Actions, informed my office of relevant information and participated in decisions concerning the Actions. The information and documentation provided by Ms. Schlieser were instrumental in establishing the wage and hour violations alleged in the Action, and the recovery provided for in the Settlement would not have been possible to obtain without her participation.

45.    Ms. Schlieser faced many risks in bringing the case as a class action. Ms. Schlieser assumed the expense and risk in prosecuting the case and considered the best interests of the Class rather than her own personal interests in agreeing to

mediate and settle the case. She took the risk that prospective future employers may not hire her because she brought this case against a past employer, and that she may have been responsible for Defendant's costs. Without the effort and risks taken by Plaintiffs, the Class Members likely would not have received any financial benefit. Because of Plaintiffs' efforts, 11,559 Class Members will recover payments for wage and hour violations they may have never known about on their own or been willing to pursue on their own.

46.    If each Class Member attempted to pursue his or her legal remedies individually, each person would have been required to expend a significant amount of their own monetary resources and time. Because the claims are relatively modest, and the filing fees and other litigation costs would inevitably exceed any potential recovery, it would be economically infeasible for most Class Members to litigate their claims separately. Trying potentially thousands of cases individually would require substantial repetition of evidence and could result in conflicting judgments while imposing an extraordinary burden on the Parties' and the Court's resources.

47.    In sum, the Actions would not have been possible without Plaintiffs' involvement, who put their own time and effort into the litigation, sacrificed the value of their own individual claims, placed themselves at risk for the sake of the other Class Members and gave up more rights than the other Class Members. The requested Enhancement Payments are therefore reasonable to compensate Plaintiffs for their active participation in the Action.

48.    On October 9, 2018, my office submitted Ms. Schlieser's PAGA notice to the LWDA and served it on Sunrise. True and correct copies of the PAGA notice (without the enclosure) and LWDA's confirmation receipt were collectively attached as Exhibit 2 to my declaration submitted in support of preliminary approval (Dkt. 74-2).

49.     On June 4, 2020 my office submitted a conformed copy of Ms. Schlieser's complaint to the LWDA. On July 7, 2020, my office submitted a copy of the Settlement Agreement to the LWDA. True and correct copies of the LWDA's confirmation receipts were collectively attached as Exhibit 3 to my declaration submitted in support of preliminary approval (Dkt. 74-4). On September 27, 2021, my office submitted a copy of the Court's order granting preliminary approval (Dkt. 88) to the LWDA via its online portal.

50.     I know of no conflict between Ms. Schlieser and any Class Member. Neither Ms. Schlieser nor MLG has any relationship or interest in the California Justice Gap Fund outside of using it as a cy pres in this Settlement.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 7, 2021 at Manhattan Beach, California.

_____/s/ Matthew J. Matern_____
Matthew J. Matern

1    (*Attorneys on next page*)

2

3

4

5

6

7

8           UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA

10              SOUTHERN DIVISION

| | |
|---|---|
| NANCY SCHLIESER, an individual, and on behalf of others similarly situated, | CASE NO. 8:19-cv-00443 JAK (PLAx) |
| | **JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE** |
| Plaintiff, | |
| v. | HON. JOHN A. KRONSTADT |
| SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia corporation; and DOES 1 through 50, inclusive, | COURTROOM 10B |
| Defendants. | |
| CHRISTIAN VAN CLEAVE, an individual, on behalf of himself and on behalf of all persons similarly situated, | |
| Plaintiff, | |
| v. | |
| SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation; and DOES 1-50, Inclusive, | |
| Defendants. | |
| CHRISTIAN VAN CLEAVE, in his representative capacity, | |
| Plaintiff, | |
| v. | |
| SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation; and DOES 1-50, Inclusive, | |
| Defendants. | |

**EXHIBIT 1, Page 22**

MICHELE L. MARYOTT, SBN 191993
 mmaryott@gibsondunn.com
ASHLEY ALLYN, SBN 254559
 aallyn@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

JASON C. SCHWARTZ (appearing *pro hac vice*)
 jschwartz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant SUNRISE SENIOR LIVING MANAGEMENT, INC.*

MATTHEW J. MATERN, SBN 159798
 mmatern@maternlawgroup.com
SCOTT A. BROOKS, SBN 160115
 sbrooks@maternlawgroup.com
MATERN LAW GROUP, PC
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Telephone: 310.531.1900
Facsimile: 310.531.1901

*Attorneys for Plaintiff NANCY SCHLIESER*

SHANI O. ZAKAY, SBN 277924
 shani@zakaylaw.com
ZAKAY LAW GROUP, APLC
5850 Oberlin Drive, Suite 230A
San Diego, CA 92121
Telephone: (619) 892-7095
Facsimile: (858) 404-9203

JASON J. THOMPSON (*pro hac vice* forthcoming)
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, MI 48076
Telephone: (248) 355-0300
Facsimile: (248) 436-8453

JEAN-CLAUDE LAPUYADE, SBN 248676
 jlapuyade@jcl-lawfirm.com
JCL LAW FIRM, A.P.C.
3990 Old Town Avenue, Suite C204
San Diego, CA 92110
Telephone: (619) 599-8292
Facsimile: (619) 599-8291

*Attorneys for Plaintiff CHRISTIAN VAN CLEAVE*

## JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

This Joint Stipulation of Class Action Settlement and Release ("Settlement" or "Settlement Agreement") is made and entered into by and between Plaintiffs Nancy Schlieser and Christian Van Cleave ("Plaintiffs" or "Class Representatives"), as individuals and on behalf of others similarly situated, and Defendant Sunrise Senior Living Management, Inc., ("Sunrise") (collectively with Plaintiffs, the "Parties").

## DEFINITIONS

The following definitions are applicable to this Settlement Agreement. Definitions contained elsewhere in this Settlement Agreement will also be effective:

1. "Actions" means the actions entitled *Schlieser v. Sunrise Senior Living Management, Inc.*, Case No. 8:19-cv-00443 JAK (PLAx) (C.D. Cal.) (the "*Schlieser* Class and Representative Action"); *Van Cleave v. Sunrise Senior Living Management, Inc.*, Case No. 3:19-cv-00044-L-NLS (S.D. Cal.) (the "*Van Cleave* Class and Collective Action"); and *Van Cleave v. Sunrise Senior Living Management, Inc.*, Case No. 37-2019-00023231-CU-OE-CTL (San Diego Sup. Ct.) (the "*Van Cleave* Representative Action").

2. "Attorneys' Fees and Costs" means attorneys' fees sought by Class Counsel for litigation and resolution of the Actions, and all reasonable costs incurred and to be incurred by Class Counsel in the Actions. Class Counsel will request attorneys' fees in the amount of one-third of the Class Settlement Amount, or Eight Hundred Sixteen Thousand Six Hundred Sixty Six Dollars ($816,666.00) plus reasonable costs and expenses.

3. "Class Counsel" means and includes Jason J. Thompson of Sommers Schwartz, P.C.; Jean Claude Lapuyade of JCL Law Firm, A.P.C.; Shani O. Zakay of Zakay Law Group, APL; and Matthew J. Matern and Scott A. Brooks of the Matern Law Group, PC.

4. "Class Counsel Award" means any attorneys' fees, expenses or costs awarded to Class Counsel by the Court.

5. "Class List" means a complete list of all Settlement Class Members that Sunrise will diligently and in good faith compile from its records and provide to the Settlement Administrator within twenty (20) calendar days after entry of an order granting Preliminary

Approval of this Settlement.  The Class List will be formatted in Microsoft Office Excel and will include each Class Member's full name; most recent mailing address and telephone number contained in Sunrise's Human Resources personnel records; Social Security number; dates of employment; the respective number of Shifts that each Class Member worked during the Class Period according to Sunrise's records; number of instances in which the Class Member both was paid incentive compensation and worked overtime during the same pay period according to Sunrise's records; total number of wage statements issued to that Class Member according to Sunrise's records; and any other information needed to calculate individual settlement payments.

6. "Class Period" means the period from July 1, 2016 to June 15, 2020.

7. "Class Representative Enhancement Payments" means the amounts to be paid to Plaintiffs in recognition of their effort and work in prosecuting the Actions on behalf of Class Members, and for their general release of claims.  Subject to the Court granting final approval of this Settlement Agreement and subject to the exhaustion of any and all appeals, Plaintiffs will request Court approval of Class Representative Enhancement Payments of Seven Thousand Five Hundred Dollars ($7,500.00) each.

8. "Class Settlement Amount" means the non-reversionary gross Class Settlement Amount of Two Million Four Hundred Fifty Thousand Dollars ($2,450,000.00), to be paid by Sunrise in full satisfaction of all Released Claims, which includes all Individual Settlement Payments to Participating Class Members, the Class Representative Enhancement Payments to Plaintiffs, the Labor and Workforce Development Agency Payment, and Settlement Administration Costs.  In no event will Sunrise be liable for more than the Class Settlement Amount except as otherwise explicitly set forth herein.  As to the portion of Individual Settlement Payments to Participating Settlement Class Members that constitutes wages, the employers' share of taxes, including FICA, FUTA, and SDI contributions, will not be paid from the Class Settlement Amount, but rather, Sunrise will be additionally and separately responsible for such employers' share of taxes.  The Settlement Administrator shall make these employer tax payments on behalf of Sunrise.

Gibson, Dunn & Crutcher LLP

4

9.      "Court" means the United States District Court for the Central District of California.

10.      "Effective Date" means the later of:  (i) if no timely objections are filed, or if filed are withdrawn prior to final approval, the date upon which the Court enters an order granting final approval of the Joint Stipulation of Class Action Settlement and Release; or (ii) if timely objections are filed and not withdrawn, then either five (5) days from the final resolution of any appeals timely filed, or the expiration date of the time for filing or noticing any such appeals, provided that the Settlement is finally approved.

11.      "Funding Date" means ten (10) business days after the Effective Date.

12.      "Individual Settlement Payment" means each Participating Class Member's respective share of the Net Settlement Amount.

13.      "Labor and Workforce Development Agency Payment" means the amount that the Parties agree to pay to the Labor and Workforce Development Agency ("LWDA") in connection with the Labor Code Private Attorneys General Act of 2004 (Cal. Lab. Code §§ 2698, *et seq.*, "PAGA").  The Parties agree that Forty Thousand Dollars ($40,000.00) of the Class Settlement Amount will be allocated to the resolution of Class Members' claims arising under PAGA.  Pursuant to PAGA, Seventy-Five Percent (75%), or Thirty Thousand Dollars ($30,000.00), of the Labor and Workforce Development Agency Payment will be paid to the California LWDA, and Twenty-Five Percent (25%), or Ten Thousand Dollars ($10,000.00), of that Amount will be included in the Net Settlement Amount.

14.      "Net Settlement Amount" means the portion of the Class Settlement Amount remaining after deducting the Class Representative Enhancement Payments, the Class Counsel Award, Settlement Administration Costs, and the Labor and Workforce Development Agency Payment.  The entirety of the Net Settlement Amount will be distributed to Participating Class Members.  There will be no reversion of the Net Settlement Amount to Sunrise.

15.      "Notice of Objection" means a Settlement Class Member's valid and timely written objection to the Settlement Agreement.  For the Notice of Objection to be valid, it must include:  (i) the objector's full name, signature, address, and telephone number, (ii) a written

1   statement of all grounds for the objection accompanied by any legal support for such objection;

2   (iii) copies of any papers, briefs, or other documents upon which the objection is based; and

3   (iv) a statement whether the objector intends to appear at the Fairness Hearing.  Any Settlement

4   Class Member who does not submit a timely written objection to the Settlement, or who fails

5   to otherwise comply with the specific and technical requirements of this section, will be

6   foreclosed from objecting to the Settlement and seeking any adjudication or review of the

7   Settlement, by appeal or otherwise.

8       16.     "Notice Packet" means the Notice of Class Action Settlement, substantially in

9   the form attached as **Exhibit A**.

10      17.     "Parties" means Plaintiffs and Sunrise, collectively.

11      18.     "Participating Settlement Class Members" means all Settlement Class Members

12  who do not submit timely and valid Requests for Exclusion.

13      19.     "Plaintiffs" means Plaintiffs Nancy Schlieser and Christian Van Cleave.

14      20.     "Preliminary Approval" means the Court order granting preliminary approval of

15  this Settlement Agreement.

16      21.     "Released Claims" means all claims, judgments, liens, losses, debts, liabilities,

17  demands, obligations, guarantees, penalties (including but not limited to PAGA penalties,

18  waiting time penalties and all other penalties available under the California Labor Code), costs,

19  expenses, attorneys' fees, damages, indemnities, actions, causes of action, and obligations of

20  every kind and nature in law, equity or otherwise, known or unknown, suspected or

21  unsuspected, disclosed or undisclosed, contingent or accrued, arising out of or relating to the

22  causes of action asserted or which could have been asserted based on the allegations in each of

23  the operative complaints in the Actions, including, and notwithstanding the theory on which

24  such causes of action were, or could be, based:  (a) all claims for failure to pay overtime wages

25  in violation of the Fair Labor Standards Act (29 U.S.C. Section 201, *et seq.*); (b) all claims for

26  failure to pay minimum wages in violation of the Fair Labor Standards Act (29 U.S.C. Section

27  201, *et seq.*); (c) all claims for unpaid overtime (Labor Code §§ 510, 1194, 1198, and IWC

28  Wage Order 4, and IWC Wage Order 5-2001, § 3); (d) all claims for meal and rest period

violations (Labor Code §§ 226.7, 510, 512, 1194, 1197, IWC Wage Order No. 5-2001, §§ 11, 12); (e) all claims for unpaid minimum wages (Labor Code §§ 1194, 1197, 1197.1, IWC Wage Order No. 5-2001, § 4); (f) all claims for the failure to timely pay wages upon termination, failure to pay waiting time violations, and failure to pay all wages due to discharged and quitting employees (Labor Code §§ 201, 202 and 203); (g) all claims for the failure to timely pay wages during employment (Labor Code § 204); (h) all claims for wage statement violations (Labor Code §§ 226, 1174, IWC Wage Order No. 5-2001, § 7); (i) all claims for the failure to maintain records (Labor Code §§ 226, 1174, and IWC Wage Order No. 5-2001, § 7); (j) all claims for failure to indemnify employees for necessary expenditures incurred in discharge of duties (Labor Code § 2802); (k) all claims asserted through California Labor Code sections 2698 *et seq.* (the Private Attorneys General Act of 2004 ("PAGA")) arising out of the aforementioned claims; (l) all claims asserted through California Business & Professions Code § 17200 *et seq.* arising out of the aforementioned claims; and (m) all claims for breach of the covenant of good faith and fair dealing arising out of the aforementioned claims.  However, released claims, including those made by Plaintiffs in connection with their the general release, do not extend to nor apply in any way to the action captioned *Nancy Schlieser v. Sunrise Senior Living Management, Inc.*, *et al.*, Case No. 8:19-cv-00517 (JAK PLAx), and shall not bar nor affect in any way the claims alleged and damages and relief sought therein.

22. "Released Parties" means Sunrise; any of its former and present parents, subsidiaries, holding companies, investors, sister and affiliated companies, divisions, and other related entities, as well as its and their successors, predecessors, shareholders, officers, directors, partners, assigns, agents, employees, principals, heirs, administrators, attorneys, vendors, accountants, auditors, consultants, fiduciaries, insurers, reinsurers, employee benefit plans, and representatives, both individually and in their official capacities, past or present, as well as all persons acting by, through, under or in concert with any of these persons or entities, including but not limited to entities holding ownership interests in Sunrise communities in California.

23. "Request for Exclusion" means a timely letter submitted by a Class Member

indicating a request to be excluded from the Settlement.  The Request for Exclusion must:  (i) set forth the name, address, and telephone number of the Settlement Class Member requesting exclusion; (ii) be signed by the Settlement Class Member; (iii) be returned to the Settlement Administrator; (iv) clearly state that the Settlement Class Member does not wish to be included in the Settlement; and (v) be faxed or postmarked on or before the Response Deadline.

24.     "Response Deadline" means the deadline by which Settlement Class Members must postmark or fax to the Settlement Administrator Requests for Exclusion, or file Notices of Objection with the Court.  The Response Deadline will be thirty (30) calendar days from the initial mailing of the Notice Packet by the Settlement Administrator, unless the 30th day falls on a Sunday or Federal holiday, in which case the Response Deadline will be extended to the next day on which the U.S. Postal Service is open.

25.     "Settlement Administration Costs" means the reasonable fees and expenses payable from the Class Settlement Amount to the Settlement Administrator for administering this Settlement, including, but not limited to, printing, distributing, and tracking forms for this Settlement, calculating estimated amounts per Class Member, tax reporting, distributing the LWDA payment, Class Settlement Amount and Class Counsel Award, and providing necessary reports and declarations, and other duties and responsibilities set forth herein to process this Settlement, as requested by the Parties.  The Settlement Administration Costs are presently estimated at Fifty-Five Thousand Dollars ($55,000.00).  The Settlement Administration Costs will be paid from the Class Settlement Amount, including, if necessary, any such costs in excess of the amount represented by the Settlement Administrator as being the maximum costs necessary to administer the Settlement.

26.     "Settlement Administrator" means Simpluris, Inc., or any other third-party class action settlement administrator chosen by Class Counsel, subject to approval by Sunrise, and approved by the Court for the purposes of administering this Settlement.  The Parties each represent that they do not have any financial interest in the Settlement Administrator or otherwise have a relationship with the Settlement Administrator that could create a conflict of interest.

27.     "Settlement Class Member(s)" or "Settlement Class" means all persons who were employed in non-exempt positions at Sunrise's California communities at any time during the period from July 1, 2016 to June 15, 2020.  This encompasses all Released Claims alleged on behalf of all individuals in each of the Actions.

28.     "Shifts" means any day or partial day worked by Settlement Class Members at Sunrise's California communities during the Class Period.

## TERMS OF AGREEMENT

Plaintiffs, on behalf of themselves and the Settlement Class, and Sunrise agree as follows:

29.     <u>Consolidation of Actions and Dismissal of *Van Cleave* Representative Action.</u> The Parties agree that, before or concurrent with the filing of the Motion for Preliminary Approval, they will file stipulations in all Courts where the Actions are currently pending seeking the following relief:  (1) the *Van Cleave* Class and Collective Action shall be transferred to the Central District of California for settlement purposes only, and Van Cleave will amend his complaint to add the PAGA claims asserted in the *Van Cleave* Representative Action; (2) the *Van Cleave* Class and Collective Action shall be consolidated with the *Schlieser* Class and Representative Action for settlement purposes only; (3) the *Van Cleave* Representative Action shall be dismissed, conditioned upon the Settlement receiving final approval and expiration of any appeal period; (4) all proceedings relating to the approval of the Settlement shall be before Judge John A. Kronstadt in the Central District of California.

30.     <u>Preliminary Approval Motion.</u>  The Parties agree to present the Settlement for preliminary approval and continued jurisdiction if preliminary approval is granted to Judge John A. Kronstadt in the United States District Court for the Central District of California and to endeavor in good faith to file a Motion for Preliminary Approval, including all executed and necessary exhibits, on or near June 15, 2020.

31.     <u>Funding of the Class Settlement Amount.</u>  Sunrise will make a one-time deposit of the Class Settlement Amount of Two Million Four Hundred Fifty Thousand Dollars

($2,450,000.00) into a Qualified Settlement Fund to be established by the Settlement Administrator. Sunrise will pay the employer's share of payroll taxes separately. After the Effective Date, the Class Settlement Amount will be used to pay: (i) Individual Settlement Payments; (ii) the Labor and Workforce Development Agency Payment; (iii) the Class Representative Enhancement Payments; (iv) the Class Counsel Award; and (v) Settlement Administration Costs. Sunrise will deposit the Class Settlement Amount and the employer's share of payroll taxes by the Funding Date.

32.     <u>Non-Reversionary Settlement</u>. Participating Settlement Class Members are entitled to one hundred percent (100%) of the Net Settlement Amount. Sunrise maintains no reversionary right to any portion of the Net Settlement Amounts, including any reduction in the Class Representative Enhancement Payments, Class Counsel Award, the PAGA Settlement Amount, and the Settlement Administration Costs. If there are any timely submitted opt outs or reduction in the Class Representative Enhancement Payments, Class Counsel Award, the PAGA Settlement Amount, and/or the Settlement Administration Costs, the Settlement Administrator shall proportionately increase the Individual Settlement Payments for each Participating Settlement Class Member so that the amount actually distributed to Participating Settlement Class Members equals one hundred percent (100%) of the corresponding Net Settlement Amount.

33.     <u>Attorneys' Fees and Costs</u>. Plaintiffs' counsel will apply to the Court for attorneys' fees payable to Class Counsel in the amount of one-third of the Class Settlement Amount, or Eight Hundred Sixteen Thousand Six Hundred Sixty Six Dollars ($816,666), plus costs and expenses pursuant to Class Counsel's billing records. The Settlement Administrator (and not Sunrise) shall issue an IRS Form 1099 to Class Counsel reflecting the Class Counsel Award.

34.     <u>Class Representative Enhancement Payments</u>. In exchange for general releases of all known and unknown claims that they may have against Sunrise and Released Parties based on their employment with Sunrise, and in recognition of their effort and work in prosecuting the Actions on behalf of Class Members, Plaintiffs will apply for Class

Representative Enhancement Payments of Seven Thousand Five Hundred Dollars ($7,500.00) each. The Class Representative Enhancement Payments will be paid from the Class Settlement Amount and will be in addition to Plaintiffs' Individual Settlement Payments paid pursuant to the Settlement Agreement. The Settlement Administrator (and not Sunrise) shall issue an IRS Form 1099 to each Plaintiff reflecting their Class Representative Enhancement Payments. Plaintiffs agree to assume responsibility of remitting to the Internal Revenue Service, the California Franchise Tax Board and any other relevant taxing authority the amounts required by law, if any, from their Class Representative Enhancement Payments. In exchange for these Class Representative Enhancement Payments, Plaintiffs agree not to publicize the settlement beyond what is legally required or expressly approved by the Court; and agree to respond to any inquiry regarding the settlement only by referring the inquiry to Class Counsel and saying nothing further.

35. <u>Settlement Administration Costs</u>. The Settlement Administrator will be paid for the reasonable costs of administration of the Settlement and distribution of payments from the Class Settlement Amount. These costs, which will be paid from the Class Settlement Amount, will include, *inter alia*, the required tax reporting on the Individual Settlement Payments, the issuing of 1099 and W-2 IRS Forms, distributing Notice Packets, calculating and distributing the Class Settlement Amount and Class Counsel Award, and providing necessary reports and declarations.

36. <u>Labor and Workforce Development Agency Payment</u>. Subject to Court approval, the Parties agree that the amount of Forty Thousand Dollars ($40,000) from the Class Settlement Amount will be designated for satisfaction of Plaintiffs' and Class Members' PAGA claims. Pursuant to PAGA, Seventy-Five Percent (75%), or Thirty Thousand Dollars ($30,000), of this sum will be paid to the LWDA and Twenty-Five Percent (25%), or Ten Thousand Dollars ($10,000), will become part of the Net Settlement Amount.

37. <u>Net Settlement Amount</u>. The entire Net Settlement Amount will be distributed to Participating Class Members. No portion of the Net Settlement Amount will revert to or be retained by Sunrise.

Gibson, Dunn & Crutcher LLP

11

38.   <u>Individual Settlement Payment Calculations</u>.  Individual Settlement Payments will be calculated and apportioned from the Net Settlement Amount and will be distributed as follows:

38(a)   <u>Awards to Commissioned Employees</u>:  First, Sunrise will calculate individual amounts of under-payment of wages to Participating Class Members who held the positions of Director of Sales and Assistant Director of Sales during the Class Period in connection with the programming error that resulted in those individuals' commissions being temporarily inadvertently excluded from their regular rate of pay.  Each of these individuals will receive the full-calculated amount of wages.

38(b)   <u>Individual Settlement Awards</u>:  Once the awards to Commissioned Employees are calculated and deducted from the Net Settlement Amount, the Settlement Administrator will then apportion the remainder of the Net Settlement Amount between Participating Class Members (including those who held the positions of Director of Sales and Assistant Director of Sales) based upon each individual's total number of points awarded, as follows:

**i.**  Individuals who are currently employed by Sunrise will receive 2 points per shift worked during the Class Period.

**ii.** Individuals who are former employees of Sunrise will receive 3 points per shift worked during the Class Period.

**iii.** Individuals who are classified as part-time according to Sunrise's records will have their point totals for (i) and (ii) reduced by ½ to account for their part-time status for the time

Gibson, Dunn &
Crutcher LLP

12

**EXHIBIT 1, Page 33**

1   period where they were classified as part-time.

2

3   **iv.** Individuals (excluding Directors of Sales and Assistant

4   Directors of Sales who received payment under paragraph

5   38(a) who worked overtime hours during a pay period in

6   which they also received any bonus payment will receive 5

7   points for each instance.

8

9   **v.** All individuals will receive 10 points for each wage

10   statement they received during the Class Period.

11

12   **vi.** The value of each individual point will be determined by

13   dividing the Net Settlement Amount by the total number of

14   points awarded, resulting in the individual "Point Value." Each

15   Participating Class Member's Individual Settlement Payment

16   will be calculated by multiplying that Participating Class

17   Member's total number of points by the Point Value.

18

19   38(c)   The Individual Settlement Payments will be reduced by any required

20   deductions for each Participating Class Member as specifically set

21   forth herein, including employee-side tax withholdings or deductions.

22

23   38(d)   The entire Net Settlement Amount will be disbursed to all Settlement

24   Class Members who do not submit timely and valid Requests for

25   Exclusion.  If there are any valid and timely Requests for Exclusion,

26   the Settlement Administrator shall proportionately increase the

27   Individual Settlement Payment for each Participating Settlement Class

28   Member according to the number of Shifts worked, so that the amount

actually distributed to the Settlement Class equals one hundred percent (100%) of the Net Settlement Amount.

39.     No Credit Toward Benefit Plans.  The Individual Settlement Payments made to Participating Settlement Class Members under this Settlement, as well as any other payments made pursuant to this Settlement, will not be utilized to calculate any additional benefits under any benefit plans to which any Settlement Class Members may be eligible, including, but not limited to, profit-sharing plans, bonus plans, 401(k) plans, stock purchase plans, vacation plans, sick leave plans, PTO plans, and any other benefit plan.  Rather, it is the Parties' intention that this Settlement Agreement will not affect any rights, contributions, or amounts to which any Class Members may be entitled under any benefit plans.  For the avoidance of doubt, no Settlement Class Member shall be entitled to any additional right, contribution or amount under any benefit plan as a result of this Settlement or payments made hereunder.

40.     Administration Process.  The Parties agree to cooperate in the administration of the settlement and to make all reasonable efforts to control and minimize the costs and expenses incurred in administration of the Settlement.

41.     Delivery of the Class List.  Within twenty (20) calendar days of the entry of the Court's order granting Preliminary Approval, Sunrise will provide the Class List to the Settlement Administrator.  Within ten (10) calendar days after the Response Deadline, the Settlement Administrator will provide to counsel for Sunrise and Class Counsel the list of Participating Settlement Class Members, which shall exclude individuals who filed a timely Request for Exclusion. The Settlement Administrator shall not provide social security numbers or contact information with this list.

42.     Notice by First-Class U.S. Mail.  Within ten (10) calendar days after receiving the Class List from Sunrise, the Settlement Administrator will mail a Notice Packet to all Settlement Class Members via regular First-Class U.S. Mail, using the most current, known mailing addresses identified in the Class List.

43.     Confirmation of Contact Information in the Class Lists.  Prior to mailing, the Settlement Administrator will perform a search based on the National Change of Address

Gibson, Dunn & Crutcher LLP

14

**EXHIBIT 1, Page 35**

Database for information to update and correct for any known or identifiable address changes. Any Notice Packets returned to the Settlement Administrator as non-deliverable on or before the Response Deadline will be sent promptly via regular First-Class U.S. Mail to the forwarding address affixed thereto and the Settlement Administrator will indicate the date of such re-mailing on the Notice Packet. If no forwarding address is provided, the Settlement Administrator will promptly attempt to determine the correct address using a skip-trace, or other search using the name, address and/or Social Security number of the Class Member involved, and will then perform a single re-mailing.

44. <u>Notice Packets</u>. All Settlement Class Members will be mailed a Notice Packet. Each Notice Packet will provide: (i) information regarding the nature of the Actions; (ii) a summary of the Settlement Agreement's principal terms; (iii) the Settlement Class definition; (iv) the total number of Shifts each respective Settlement Class Member worked for Sunrise during the Class Period; (v) each Settlement Class Member's estimated Individual Settlement Payment and the formula for calculating Individual Settlement Payments; (vi) the dates which comprise the Class Period; (vii) instructions on how to submit Requests for Exclusion or Notices of Objection; (viii) the deadlines by which the Settlement Class Member must postmark or fax Requests for Exclusion, or postmark Notices of Objection to the Settlement; and (ix) the claims to be released. The Parties' proposed form of Class Notice is attached hereto as **Exhibit A**.

45. <u>Posting of Settlement Agreement on Settlement Administrator's Website</u>. Within ten (10) calendar days of entry of the Preliminary Approval Order, the Settlement Administrator shall post the Settlement Agreement and any other Court-approved forms to its website.

46. <u>Disputed Information on Notice Packets</u>. Settlement Class Members will have an opportunity to dispute the information provided in their Notice Packets. To the extent Settlement Class Members dispute their employment dates or the number of Shifts on record, Settlement Class Members may produce evidence to the Settlement Administrator showing that such information is inaccurate. The Settlement Administrator will decide the dispute.

Sunrise's records will be presumed correct, but the Settlement Administrator will evaluate the evidence submitted by the Settlement Class Member and will make the final decision as to the merits of the dispute. All disputes will be decided within ten (10) business days of the Response Deadline.

47. <u>Defective Submissions</u>. If a Settlement Class Member's Request for Exclusion is defective as to the requirements listed herein, that Settlement Class Member will be given an opportunity to cure the defect(s). The Settlement Administrator will mail the Settlement Class Member a cure letter within three (3) business days of receiving the defective submission to advise the Settlement Class Member that his or her submission is defective and that the defect must be cured to render the Request for Exclusion valid. The Settlement Class Member will have until the later of (i) the Response Deadline or (ii) fifteen (15) calendar days from the date of the cure letter to postmark or fax a revised Request for Exclusion. If the revised Request for Exclusion is not postmarked or received by fax within that period, it will be deemed untimely.

48. <u>Request for Exclusion Procedures</u>. Any Settlement Class Member wishing to opt out of the Settlement Agreement must sign and fax or postmark a written Request for Exclusion to the Settlement Administrator by the Response Deadline. In the case of Requests for Exclusion that are mailed to the Settlement Administrator, the postmark date will be the exclusive means to determine whether a Request for Exclusion has been timely submitted.

49. <u>Cancellation of Settlement Agreement</u>. Within fourteen (14) calendar days of the expiration of the notice period as defined in the Court's Order granting preliminary approval of the Settlement, Sunrise will have the option, in its sole discretion, to void the Settlement Agreement in the event that more than ten percent (10%) of all individuals eligible to become members of the Settlement Class submit timely and valid Requests for Exclusion or are otherwise deemed by the Court not to be bound by the Settlement. If Sunrise exercises this option, it shall be responsible for all Settlement Administration Costs incurred to the date of cancellation.

50. <u>Adjustment of Net Settlement Amount</u>. The Class Settlement Amount was calculated with, and is premised on, the understanding that there are approximately 12,000

Class Members eligible to participate in the Settlement and approximately 769,345 workweeks encompassed by the Class Period.  If either of one those numbers, or both, increases by 10% or more as of the final class data production for mailing of the Class Notice, the Net Settlement Amount shall be increased by the same proportion as the increase and the Class Notice shall be adjusted as needed to reflect the increase to the Net Settlement Amount.

51. <u>Release of Claims</u>.  The Parties agree that it is their intent that the terms set forth in this Settlement Agreement will release any further attempt, by lawsuit, administrative claim or action, arbitration, demand, or other action of any kind by each and all of the Settlement Class Members to obtain a recovery based on each and all of the allegations raised or which could have been raised in each of the operative complaints in the Actions, for harms arising during the Class Period.  However, solely as to Plaintiff Schlieser, her released claims, including those she released in connection with her general release, do not extend to nor apply in any way to the claims asserted in the action captioned *Nancy Schlieser v. Sunrise Senior Living Management, Inc*., *et al.*, Case No. 8:19-cv-00517 (JAK PLAx), and shall not bar nor affect in any way the claims alleged and damages and relief sought by her in that action.

52. <u>Settlement Terms Bind All Class Members Who Do Not Opt-Out</u>.  Any Settlement Class Member who does not affirmatively opt-out of the Settlement Agreement by submitting a timely and valid Request for Exclusion will be bound by all of its terms, including those pertaining to the Released Claims, as well as any Judgment that may be entered by the Court if it grants final approval to the Settlement.  The Settlement Agreement shall constitute, and may be pleaded as, a complete and total defense to any Released Claims currently pending or if raised in the future.

53. <u>Released Claims Include Unknown Claims as to Named Plaintiffs</u>.  Upon the execution of the Settlement Agreement, to the extent allowed by California law, the Named Plaintiffs each waive all rights and benefits afforded by Section 1542 of the California Civil Code as to any Released Claims.  Section 1542 provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT

TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

However, solely as to Plaintiff Nancy Schlieser, these released claims do not extend to nor apply in any way to the action captioned *Nancy Schlieser v. Sunrise Senior Living Management, Inc*., *et al.*, Case No. 8:19-cv-00517 (JAK PLAx), and shall not bar nor affect in any way the claims alleged and damages and relief sought by her in that action.

54.     Objection Procedures.   To object to the Settlement Agreement, a Settlement Class Member must file a valid Notice of Objection with the Court on or before the Response Deadline.   The Notice of Objection must be signed by the Settlement Class Member and contain all information required by this Settlement Agreement.   The filing date will be deemed the exclusive means for determining that the Notice of Objection is timely.   Settlement Class Members who fail to object in the manner specified above will be deemed to have waived all objections to the Settlement and will be foreclosed from making any objections, whether by appeal or otherwise, to the Settlement Agreement.   Settlement Class Members who file timely Notices of Objection will have a right to appear at the Final Approval Hearing in order to have their objections heard by the Court.   At no time will any of the Parties or their counsel seek to solicit or otherwise encourage Settlement Class Members to submit written objections to the Settlement Agreement or appeal from the Order and Judgment.   Class Counsel will not represent any Settlement Class Members with respect to any such objections to this Settlement.

55.     Certification Reports Regarding Individual Settlement Payment Calculations. The Settlement Administrator will provide Sunrise's counsel and Class Counsel a weekly report that certifies the number of Settlement Class Members who have submitted valid Requests for Exclusion, objections to the Settlement, and whether any Settlement Class Member has submitted a challenge to any information contained in his or her Notice Packet. Additionally, the Settlement Administrator will provide to counsel for both Parties any updated reports regarding the administration of the Settlement Agreement as needed or requested, as

consistent with the terms of the Settlement Agreement.

56.   <u>Distribution Timing of Individual Settlement Payments</u>.   The Settlement Administrator will distribute the funds in the Settlement Fund within the time period set forth with respect to each category of payment.   The Settlement Administrator will also issue a payment to itself for Court-approved services performed in connection with the Settlement.

> 56(a)   <u>Class Counsel Award and Class Representative Enhancement Payments</u>:  No later than five (5) business days after the Funding Date has been reached and the Class Representatives and Class Counsel have provided W-9 forms, the Settlement Administrator will issue payments to Class Counsel of the Class Counsel Award and Class Representative Enhancement Payments amounts awarded by the Court;

> 56(b)   <u>Individual Settlement Payment and PAGA Settlement Amount</u>:  Within twenty-one (21) calendar days of the Funding Date, the Settlement Administrator will issue the LWDA Payment Amount and payments of the Individual Settlement Payment amounts to the Participating Settlement Class Members.   The Settlement Administrator will also issue a payment to itself for Court-approved services performed in connection with the Settlement in the amount approved by the Court.

57.   <u>Un-cashed Settlement Checks</u>.   Funds represented by Individual Settlement Payment checks returned as undeliverable and Individual Settlement Payment checks remaining un-cashed for more than one hundred twenty (120) calendar days after issuance will be void and those amounts will be used to offset any outstanding costs of Class Administration. If after making any such payments additional funds remain, they will be tendered to the State Bar of California Justice Gap Fund.

58.   <u>Certification of Completion</u>.   Upon completion of administration of the Settlement, the Settlement Administrator will provide a written declaration under oath to certify

Gibson, Dunn &
Crutcher LLP

1    such completion to the Court and counsel for all Parties.

2        59.    Treatment of Individual Settlement Payments.    The portions of Individual

3    Settlement Payments for under-payment of wages to Directors of Sales and Assistant Directors

4    of Sales will be allocated one hundred percent (100%) as wages.    All other Individual

5    Settlement Payments will be allocated as follows: (i) twenty-five percent (25%) to settlement

6    of wage claims and (ii) seventy-five percent (75%) to settlement of claims for interest and

7    statutory penalties.  The portion allocated to wages shall be reported on an IRS Form W-2 and

8    the portion allocated to interest and penalties shall be reported on an IRS Form 1099 by the

9    Settlement Administrator.  Participating Settlement Class Members shall be responsible for

10   remitting to state and/or federal taxing authorities any applicable other taxes due.

11       60.    Administration of Taxes by the Settlement Administrator.    The Settlement

12   Administrator will be responsible for issuing to Plaintiffs, Participating Settlement Class

13   Members, and Class Counsel any W-2, 1099, or other tax forms as may be required by law for

14   all amounts paid pursuant to this Settlement.  The Settlement Administrator will also be

15   responsible for forwarding all payroll taxes and penalties to the appropriate government

16   authorities.

17       61.    Tax Liability.  Sunrise makes no representation as to the tax treatment or legal

18   effect of the payments called for hereunder, and Plaintiffs and Participating Settlement Class

19   Members are not relying on any statement, representation, or calculation by Sunrise or by the

20   Settlement Administrator in this regard.

21       62.    Circular 230 Disclaimer.    EACH PARTY TO THIS AGREEMENT (FOR

22   PURPOSES OF THIS SECTION, THE "ACKNOWLEDGING PARTY" AND EACH

23   PARTY TO THIS AGREEMENT OTHER THAN THE ACKNOWLEDGING PARTY, AN

24   "OTHER PARTY") ACKNOWLEDGES AND AGREES THAT (1) NO PROVISION OF

25   THIS AGREEMENT, AND NO WRITTEN COMMUNICATION OR DISCLOSURE

26   BETWEEN OR AMONG THE PARTIES OR THEIR ATTORNEYS AND OTHER

27   ADVISERS, IS OR WAS INTENDED TO BE, NOR WILL ANY SUCH

28   COMMUNICATION OR DISCLOSURE CONSTITUTE OR BE CONSTRUED OR BE

RELIED UPON AS, TAX ADVICE WITHIN THE MEANING OF UNITED STATES TREASURY DEPARTMENT CIRCULAR 230 (31 CFR PART 10, AS AMENDED); (2) THE ACKNOWLEDGING PARTY (A) HAS RELIED EXCLUSIVELY UPON HIS, HER, OR ITS OWN, INDEPENDENT LEGAL AND TAX COUNSEL FOR ADVICE (INCLUDING TAX ADVICE) IN CONNECTION WITH THIS AGREEMENT, (B) HAS NOT ENTERED INTO THIS AGREEMENT BASED UPON THE RECOMMENDATION OF ANY OTHER PARTY OR ANY ATTORNEY OR ADVISOR TO ANY OTHER PARTY, AND (C) IS NOT ENTITLED TO RELY UPON ANY COMMUNICATION OR DISCLOSURE BY ANY ATTORNEY OR ADVISER TO ANY OTHER PARTY TO AVOID ANY TAX PENALTY THAT MAY BE IMPOSED ON THE ACKNOWLEDGING PARTY; AND (3) NO ATTORNEY OR ADVISER TO ANY OTHER PARTY HAS IMPOSED ANY LIMITATION THAT PROTECTS THE CONFIDENTIALITY OF ANY SUCH ATTORNEY'S OR ADVISER'S TAX STRATEGIES (REGARDLESS OF WHETHER SUCH LIMITATION IS LEGALLY BINDING) UPON DISCLOSURE BY THE ACKNOWLEDGING PARTY OF THE TAX TREATMENT OR TAX STRUCTURE OF ANY TRANSACTION, INCLUDING ANY TRANSACTION CONTEMPLATED BY THIS AGREEMENT.

63.    No Prior Assignments.  The Parties and their counsel represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right herein released and discharged.

64.    Nullification of Settlement Agreement.  In the event that: (i) the Court does not finally approve the Settlement as provided herein; or (ii) the Settlement does not become final for any other reason, then this Settlement Agreement, and any documents generated to bring it into effect, will be null and void.  Any order or judgment entered by the Court in furtherance of this Settlement Agreement will likewise be treated as void from the beginning.

65.    Termination of Settlement Agreement.  Plaintiffs (by unanimous agreement of all Plaintiffs) and Sunrise will each have the right to unilaterally terminate this Settlement

Agreement by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within ten (10) business days of any of the following occurrences; provided, however, that the Parties agree to cooperate in good faith to address any issues the Court raises in connection with issuing Preliminary and/or Final Approval of the Settlement:

        65(a)    the Court rejects, materially modifies, materially amends or changes, or declines to issue a Preliminary Approval Order or a Final Approval Order with respect to the Settlement Agreement and the Parties are not permitted to remedy any deficiencies the Court identifies;

        65(b)    an appellate court reverses the Final Approval Order, and the Settlement Agreement is not reinstated without material change by the Court on remand; or

        65(c)    any court incorporates terms into, or deletes or strikes terms from, or modifies, amends, or changes the Preliminary Approval Order, the Final Approval Order, or the Settlement Agreement in a way that Plaintiffs or Sunrise reasonably consider material, unless the modification or amendment is accepted in writing by all Parties, except that, as provided above, the Court's approval of attorneys' fees and costs and service awards, or their amounts, is not a condition of the Settlement Agreement.

66.    <u>Preliminary Approval Hearing</u>.  Plaintiffs will obtain a hearing before the Court to request the Preliminary Approval of the Settlement Agreement, and the entry of a Preliminary Approval Order for:  (i) conditional certification of the Settlement Class for settlement purposes only, (ii) preliminary approval of the proposed Settlement Agreement, (iii) setting a date for a Final Approval/Settlement Fairness Hearing.  The Preliminary Approval Order will provide for the Notice Packet to be sent to all Settlement Class Members as specified herein.  In conjunction with the Preliminary Approval hearing, Plaintiffs will submit this Settlement Agreement, which sets forth the terms of this Settlement, and will include the proposed Notice Packet, which will include the proposed Notice of Class Action Settlement,

attached as Exhibit A.  Class Counsel will be responsible for drafting all documents necessary to obtain preliminary approval.

67.  <u>Final Settlement Approval Hearing and Entry of Judgment</u>.  Upon expiration of the deadlines to postmark Requests for Exclusion or objections to the Settlement Agreement, and with the Court's permission, a Final Approval/Settlement Fairness Hearing will be conducted to determine the Final Approval of the Settlement Agreement along with the amounts properly payable for:  (i) Individual Settlement Payments; (ii) the Labor and Workforce Development Agency Payment; (ii) the Class Representative Enhancement Payment; (iii) Attorneys' Fees and Costs; (iv) the Class Counsel Award; and (v) all Settlement Administration Costs.  The Final Approval/Settlement Fairness Hearing will not be held earlier than thirty (30) calendar days after the Response Deadline.  Class Counsel will be responsible for drafting all documents necessary to obtain final approval.  Class Counsel will also be responsible for drafting the attorneys' fees and costs and Class Counsel Award application to be heard at the Final Approval /Settlement Fairness Hearing.

68.  <u>Judgment and Continued Jurisdiction</u>.  Upon final approval of the Settlement by the Court or after the Final Approval/Settlement Fairness Hearing, the Parties will present the Judgment to the Court for its approval.  The Judgment will dismiss the case with prejudice. After entry of the Judgment, the Court will have continuing jurisdiction solely for purposes of addressing: (i) the interpretation and enforcement of the terms of the Settlement, (ii) Settlement administration matters, and (iii) such post-Judgment matters as may be appropriate under court rules or as set forth in this Settlement Agreement.

69.  <u>Release by Plaintiffs</u>.  Upon the Effective Date, in addition to the claims being released by all Participating Class Members, Plaintiffs will release and forever discharge the Released Parties, to the fullest extent permitted by law, of and from any and all claims, known and unknown, asserted and not asserted, which Plaintiffs have or may have against the Released Parties, based on their employment with Sunrise, as of the date of execution of this Settlement Agreement.  The releases include, but are not limited to, all disputes relating to or arising out of any state, local, or federal statute, ordinance, regulation, order, or common law,

including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.*; the Civil Rights Act of 1866, as amended, 42 U.S.C. Sections 1981, *et seq.*; the Equal Pay Act, as amended, 29 U.S.C. § 206(d); the Fair Labor Standards Act of 1939, as amended, 29 U.S.C. § 201, *et seq.* and Code of Federal Regulations; the Orders of the California Industrial Welfare Commission regulating wages, hours and working conditions; the California Fair Employment & Housing Act, as amended, Cal. Govt. Code § 12900, *et seq.*; the California Family Rights Act of 1991, as amended; Cal. Govt. Code § 12945.2; the California Unruh Civil Rights Act, as amended, Cal. Civ. Code § 51, *et seq.*; the California Labor Code (including any claim for civil penalties under the California Labor Code Private Attorneys General Act); the California Government Code; Article 1 of the California Constitution; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq.*; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12100, *et seq.*; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* and any state law equivalent; the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*; the National Labor Relations Act, as amended, 29 U.S.C. § 151, *et seq.*; California Business and Professions Code Section 17200, *et seq.*, other statutory and common law claims; statutory or common law rights to attorneys' fees and costs, penalties/fines, and/or punitive damages; any action based on contract, quasi-contract, *quantum meruit*, implied contract, tort, wrongful or constructive discharge, breach of the covenant of good faith and fair dealing, defamation, libel, slander, immigration issues, infliction of emotional distress, negligence, assault, battery, conspiracy, harassment, retaliation, discrimination on any basis prohibited by statute or public policy, conversion, any interference with business opportunity or with contract or based upon any other theory; and/or similar causes of action.  To the extent the foregoing release is a release to which Section 1542 of the California Civil Code or similar provisions of other applicable law may apply, Plaintiffs expressly waive any and all rights and benefits conferred upon them by the provisions of Section 1542 of the California Civil Code or similar provisions of applicable law which are as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE

1     CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT

2     TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE

3     RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE

4     MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE

5     DEBTOR OR RELEASED PARTY.

6     However, solely as to Plaintiff Nancy Schlieser, all released claims referenced above, including

7 those made by her in connection with her general release, do not extend to nor apply in any

8 way to the action captioned *Nancy Schlieser v. Sunrise Senior Living Management, Inc.*, *et al.*,

9 Case No. 8:19-cv-00517 (JAK PLAx), and shall not bar nor affect in any way the claims

10 alleged and damages and relief sought by her in that action.

11      70.    Older Workers' Benefit Protection Act Waiver.

12           70(a)    With the exception of the claims alleged in Plaintiff Nancy Schlieser's

13                  lawsuit currently pending against Sunrise captioned *Nancy Schlieser*

14                  *v. Sunrise Senior Living Management, Inc.*, *et al.*, Case No. 8:19-cv-

15                  00517 (JAK PLAx), Plaintiffs specifically intend that the claims they

16                  are releasing herein include any claims that Plaintiffs may have under

17                  the Age Discrimination in Employment Act of 1967, as amended by

18                  the Older Workers' Benefit Protection Act of 1990.

19           70(b)    Plaintiffs are advised to consult with their counsel before signing this

20                  Settlement Agreement because Plaintiffs are permanently giving up

21                  significant legal rights. Plaintiffs acknowledge that they have been so

22                  advised.

23           70(c)    Plaintiffs acknowledge that they have been given at least twenty-one

24                  (21) days to execute and return this Settlement Agreement and have

25                  been advised that, after they execute this Settlement Agreement,

26                  Plaintiffs have seven (7) days to reconsider and revoke the Settlement

27                  Agreement, recognizing that Plaintiffs will not be provided anything

28                  under this Settlement Agreement until at least that seven (7) day

Gibson, Dunn &
Crutcher LLP

1    revocation period has expired.  The general release will then become
2    effective on the eighth (8th) calendar day after it is signed, provided
3    Plaintiffs do not revoke it.

4    70(d)    In order to effectively revoke this general release, the Parties agree that
5    Plaintiffs must provide written notice of such revocation within seven
6    (7) days after Plaintiffs execute this Settlement Agreement to counsel
7    for Sunrise, Jason C. Schwartz and Michele L. Maryott, via email to
8    jschwartz@gibsondunn.com and mmaryott@gibsondunn.com or by
9    fax to 202.467.0593 and 949.475.4668.

10   71.   <u>Exhibits Incorporated by Reference</u>.  The terms of this Settlement Agreement
11   include the terms set forth in any attached Exhibits, which are incorporated by this reference as
12   though fully set forth herein.  Any Exhibits to this Settlement Agreement are an integral part of
13   the Settlement.

14   72.   <u>Entire Agreement</u>.  This Settlement Agreement and any attached Exhibits
15   constitute the entirety of the Parties' settlement terms and supersede all prior written or oral
16   agreements between the Parties.

17   73.   <u>Amendment or Modification</u>.  No amendment, change, or modification to this
18   Settlement Agreement will be valid unless in writing and signed, either by the Parties or their
19   counsel.

20   74.   <u>Authorization to Enter Into Settlement Agreement</u>.  Counsel for all Parties
21   warrant and represent they are expressly authorized by the Parties whom they represent to
22   negotiate this Settlement Agreement and to take all appropriate action required or permitted to
23   be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms and to
24   execute any other documents required to effectuate the terms of this Settlement Agreement.
25   The Parties and their counsel will cooperate with each other and use their best efforts to effect
26   the implementation of the Settlement.  If the Parties are unable to reach agreement on the form
27   or content of any document needed to implement the Settlement, or on any supplemental
28   provisions that may become necessary to effectuate the terms of this Settlement, the Parties

Gibson, Dunn &
Crutcher LLP

1    may seek the assistance of the Court to resolve such disagreement.

2         75.   Binding on Successors and Assigns.  This Settlement Agreement will be binding

3    upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously

4    defined.

5         76.   California Law Governs.  All terms of this Settlement Agreement and Exhibits

6    hereto will be governed by and interpreted according to the laws of the State of California.

7         77.   Execution and Counterparts.   This Settlement Agreement is subject to the

8    execution of all Parties.  The Settlement Agreement may be executed in one or more

9    counterparts.  All executed counterparts and each of them, including facsimile and scanned

10   copies of the signature page, will be deemed to be one and the same instrument.

11        78.   Acknowledgement that the Settlement is Fair and Reasonable.  The Parties

12   believe this Settlement Agreement is a fair, adequate and reasonable settlement of the Actions

13   and have arrived at this Settlement after arm's-length negotiations and in the context of

14   adversarial litigation, taking into account all relevant factors, present and potential.  The Parties

15   further acknowledge that they are each represented by competent counsel and that they have

16   had an opportunity to consult with their counsel regarding the fairness and reasonableness of

17   this Settlement.

18        79.   Invalidity of Any Provision.  Before declaring any provision of this Settlement

19   Agreement invalid, the Court will first attempt to construe the provision as valid to the fullest

20   extent possible consistent with applicable precedents so as to define all provisions of this

21   Settlement Agreement valid and enforceable.

22        80.   Waiver of Certain Appeals.  With the exception of a right to appeal the reduction

23   of any award of attorneys' fees, costs, and expenses as provided herein, Plaintiffs and Sunrise

24   hereby waive their right to appeal or seek other judicial review of any order that is materially

25   consistent with the terms of this Settlement Agreement.

26        81.   Class Certification for Settlement Purposes Only.  The Parties stipulate to class

27   certification of any claims not yet certified for purposes of implementing the Settlement only,

28   and in no way is that an admission by Sunrise that class certification is proper.  The Settlement

Gibson, Dunn &
Crutcher LLP

27

1  will not be admissible in any proceeding as evidence that (i) a class or collective should be

2  certified as Plaintiffs have proposed for any claims, including but not limited to any currently

3  non-certified claims; (ii) that any of the Actions should proceed on a representative basis

4  pursuant to PAGA; or (iii) Sunrise is liable to Plaintiffs or any other individuals they claim to

5  represent in any of the Actions in connection with any claims that were or could have been

6  asserted in any of the Actions.

7       82.    <u>Non-Admission of Liability</u>.  The Parties enter into this Settlement to resolve the

8  dispute that has arisen between them and to avoid the burden, expense and risk of continued

9  litigation.  In entering into this Settlement, Sunrise does not admit, and specifically denies, that

10  it violated any federal, state, or local law; violated any regulations or guidelines promulgated

11  pursuant to any statute or any other applicable laws, regulations or legal requirements; breached

12  any contract; violated or breached any duty; engaged in any misrepresentation or deception; or

13  engaged in any other unlawful conduct with respect to its employees.  Neither this Settlement

14  Agreement, nor any of its terms or provisions, nor any of the negotiations connected with it,

15  will be construed as an admission or concession by Sunrise of any such violations or failures

16  to comply with any applicable law.  Except as necessary in a proceeding to enforce the terms

17  of this Settlement, this Settlement Agreement and its terms and provisions will not be offered

18  or received as evidence in any action or proceeding to establish any liability or admission on

19  the part of Sunrise or to establish the existence of any condition constituting a violation of, or a

20  non-compliance with, federal, state, local or other applicable law.

21       83.    <u>No Media Statements</u>:  The Parties and their counsel agree that they will not issue

22  any press releases, initiate any contact with the press, respond to any press inquiry, or have any

23  communication with the press about the fact, amount, or terms of the Settlement.

24       84.    <u>Waiver</u>.  No waiver of any condition or covenant contained in this Settlement

25  Agreement or failure to exercise a right or remedy by any of the Parties hereto will be

26  considered to imply or constitute a further waiver by such party of the same or any other

27  condition, covenant, right or remedy.

28       85.    <u>Enforcement Actions</u>.  In the event that one or more of the Parties institutes any

Gibson, Dunn &
Crutcher LLP

legal action or other proceeding against any other Party or Parties to enforce the provisions of this Settlement or to declare rights and/or obligations under this Settlement, the successful Party or Parties will be entitled to recover from the unsuccessful Party or Parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

86. <u>Mutual Preparation</u>. The Parties have had a full opportunity to negotiate the terms and conditions of this Settlement Agreement. Accordingly, this Settlement Agreement will not be construed more strictly against one party than another merely by virtue of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arms-length negotiations between the Parties, all Parties have contributed to the preparation of this Settlement Agreement.

87. <u>Representation By Counsel</u>. The Parties acknowledge that they have been represented by counsel throughout all negotiations that preceded the execution of this Settlement Agreement, and that this Settlement Agreement has been executed with the advice of counsel. Further, Plaintiffs and Class Counsel warrant and represent that there are no liens on the Settlement Agreement.

88. <u>All Terms Subject to Final Court Approval</u>. All amounts and procedures described in this Settlement Agreement herein will be subject to final Court approval.

89. <u>Cooperation and Execution of Necessary Documents</u>. All Parties will cooperate in good faith and execute all documents to the extent reasonably necessary to effectuate the terms of this Settlement Agreement.

90. <u>Binding Agreement</u>. The Parties warrant that they understand and have full authority to enter into this Settlement Agreement, and further intend that this Settlement Agreement will be fully enforceable and binding on all parties, with retention of jurisdiction by the court as provided therein, and agree that it will be admissible and subject to disclosure in any proceeding to enforce its terms.

1                       **READ CAREFULLY BEFORE SIGNING**

2

3                               **PLAINTIFF CHRISTIAN VAN CLEAVE**

4

5    Dated: _____ 6/24/2020 _____

                            ┌─ DocuSigned by:

                         *Christian Van Cleave*

6                    Plaintiff Christian Van Cleave

7                            **PLAINTIFF NANCY SCHLIESER**

8

9    Dated: _____

10                   Plaintiff Nancy Schlieser

11

12                     **DEFENDANT SUNRISE SENIOR LIVING**

13                     **MANAGEMENT, INC.**

14

15    Dated: _____

                   By Edward Frantz, Vice President and Secretary

16

17

18

19

20

21

22

23

24

25

26

27

28

                           **EXHIBIT 1, Page 51**

                                   31

**READ CAREFULLY BEFORE SIGNING**

**PLAINTIFF CHRISTIAN VAN CLEAVE**

Dated: _____          _____

Plaintiff Christian Van Cleave

**PLAINTIFF NANCY SCHLIESER**

Dated: _____          _____
            6/30/2020

Plaintiff Nancy Schlieser

**DEFENDANT SUNRISE SENIOR LIVING MANAGEMENT, INC.**

Dated: _____          _____

By Edward Frantz, Vice President and Secretary

Gibson, Dunn & Crutcher LLP

30

DocuSign Envelope ID: 0E86D7DA-5229-4018-8141-598EC1656E7E

1

**APPROVED AS TO FORM**

2

3

**SOMMERS SCHWARTZ, P.C.**

4

Dated:  June 22, 2020 _____    By:_____

5

Jason J. Thompson

6

Attorneys for Plaintiff Christian Van Cleave

7

8

**JCL LAW FIRM, A.P.C.**

9

10

Dated:_____    By:_____

11

Jean-Claude Lapuyade

Attorneys for Plaintiff Christian Van Cleave

12

13

**ZAKAY LAW GROUP, APL**

14

15

Dated:  June 22, 2020 _____    By:_____

16

Shani O. Zakay

17

Attorneys for Plaintiff Christian Van Cleave

18

19

**MATERN LAW GROUP, PC**

20

21

Dated:_____    By:_____

Scott A. Brooks

22

Attorneys for Plaintiff Nancy Schlieser

23

24

**GIBSON DUNN & CRUTCHER LLP**

25

26

Dated:  June 21, 2020  By:_____

Michele L. Maryott

27

Attorneys for Defendant Sunrise Senior Living

28

Management, Inc.

1

**APPROVED AS TO FORM**

2

3 **SOMMERS SCHWARTZ, P.C.**

4

Dated: _____     By:_____

5

6 Jason J. Thompson
Attorneys for Plaintiff Christian Van Cleave

7

8 **JCL LAW FIRM, A.P.C.**

9

10 Dated: June 22, 2020     By:_____

11 Jean-Claude Lapuyade
Attorneys for Plaintiff Christian Van Cleave

12

13 **ZAKAY LAW GROUP, APL**

14

15 Dated: June 22, 2020     By:_____

16 Shani O. Zakay
Attorneys for Plaintiff Christian Van Cleave

17

18 **MATERN LAW GROUP, PC**

19

20

21 Dated: _____     By:_____

Scott A. Brooks
Attorneys for Plaintiff Nancy Schlieser

22

23

24 **GIBSON DUNN & CRUTCHER LLP**

25

26 Dated: June 21, 2020     By:_____

Michele L. Maryott
Attorneys for Defendant Sunrise Senior Living
Management, Inc.

27

28

**APPROVED AS TO FORM**

**SOMMERS SCHWARTZ, P.C.**

Dated: _____ By:_____

                                         Jason J. Thompson
                                         Attorneys for Plaintiff Christian Van Cleave

**JCL LAW FIRM, A.P.C.**

Dated: _____ By:_____

                                         Jean-Claude Lapuyade
                                         Attorneys for Plaintiff Christian Van Cleave

**ZAKAY LAW GROUP, APL**

Dated: _____ By:_____

                                         Shani O. Zakay
                                         Attorneys for Plaintiff Christian Van Cleave

**MATERN LAW GROUP, PC**

Dated: _____June 30, 2020_____ By:_____

                                         Scott A. Brooks
                                       Attorneys for Plaintiff Nancy Schlieser

**GIBSON DUNN & CRUTCHER LLP**

Dated: June 21, 2020 By:_____

                                         Michele L. Maryott
                                       Attorneys for Defendant Sunrise Senior Living
                                         Management, Inc.

Gibson, Dunn & Crutcher LLP

# EXHIBIT A

*Van Cleave v. Sunrise Senior Living Management Inc.*, Case No. 3:19-cv-00044-L-NLS (S.D. Cal.) and
*Schlieser v. Sunrise Senior Living Management Inc.*, Case No. 8:19-cv-00443-JAK-PLA (C.D Cal.)

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF CLASS ACTION SETTLEMENT

*You are not being sued. This notice affects your rights. Please read it carefully.*

To:    All persons who were employed in non-exempt positions at Sunrise Senior Living Management, Inc.'s California communities at any time during the period from July 1, 2016 to June 15, 2020.

On_____, the Honorable John A. Kronstadt of the United States District Court, Central District of California, granted preliminary approval of this class action settlement and ordered the parties to notify all Class Members of the settlement. **You have received this notice because Sunrise's records indicate that you are a Class Member <u>and therefore entitled to a payment from the settlement.</u>**

**Unless you choose to opt out of the settlement by following the procedures described below, <u>you will be deemed a Participating Class Member and, if the Court grants final approval of the settlement, you will be mailed a check for your share of the settlement fund.</u>**  The Final Approval Hearing on the adequacy, reasonableness, and fairness of the Settlement will be held at _:00 _.m. on _____, 2021 in Courtroom 10B of the United States District Court, Central District of California, located at 350 W. First Street, Los Angeles, California 90012. You are not required to attend the Hearing in order to receive your share of the settlement fund.

### Summary of the Litigation

Plaintiffs Christian Van Cleave and Nancy Schlieser, on their behalf and on behalf of other current and former non-exempt employees, allege that Sunrise Senior Living Management Inc. ("Sunrise") violated California state labor laws as a result of its alleged failure to, among other  things: (1) pay minimum and overtime wages to employees for all hours worked; (2) include bonuses and commissions in the regular rate of pay used to calculate overtime pay; (3) provide employees with meal and rest breaks; (4) timely pay all wages owed to employees during each pay period and upon termination of their employment; and (5) provide employees with accurate, itemized wage statements.

After the exchange of relevant information and evidence, the parties participated in a Mandatory Settlement Conference before the Hon. Paul L. Abrams on August 12, 2019 and a mediation with Lisa Klerman, Esq. on February 20, 2020. With their guidance, the parties were able to negotiate a complete settlement of Plaintiffs' claims.

Counsel for Plaintiffs, and the attorneys appointed by the Court to represent the class, Sommers Schwartz, P.C., JCL Law Firm, A.P.C., Zakay Law Group, APL, and Matern Law Group, PC ("Class Counsel"), have investigated and researched the facts and circumstances underlying the issues raised in the case and the applicable law. While Class Counsel believe that the claims alleged in this lawsuit have merit, Class Counsel also recognize that the risk and expense of continued litigation justify settlement. Based on the foregoing, Class Counsel believe the proposed settlement is fair, adequate, reasonable, and in the best interests of the Class Members.

Sunrise denies that it violated any wage and hour laws and believes it has strong defenses to all of Plaintiffs' claims. By agreeing to settle, Sunrise is not admitting liability or wrongdoing as to any of the factual allegations or claims in the case. Sunrise has agreed to settle the case as part of a compromise with Plaintiffs and to avoid the time and expense of further litigation.

### Summary of The Proposed Settlement Terms

Plaintiffs and Sunrise have agreed to settle the underlying class claims in exchange for a Class Settlement Amount of

$2,450,000.00. This amount includes: (1) individual settlement payments to all participating Class Members; (2) Class Representative Enhancement Payments of $7,500 each to Plaintiffs for their services on behalf of the class and for general releases of all claims arising out of their employment with Sunrise; (3) up to $816,666.00 in Class Counsel's attorneys' fees and Class Counsel's litigation costs and expenses; (4) a $40,000 payment to the California Labor and Workforce Development Agency ("LWDA") in connection and accordance with the Labor Code Private Attorneys General Act of 2004 ("PAGA"); and (5) reasonable Settlement Administrator's fees and expenses currently estimated at

$55,000. If the Court approves these amounts, after deducting the Class Representative Enhancement Payments, attorneys' fees and costs, the payment to the LWDA, and the Settlement Administrator's fees and expenses, a total of approximately $_____ ("Net Settlement Amount") will be allocated to Class Members who do not opt out of the settlement ("Participating Class Members").

The formula for calculating settlement payments is as follows:

1. <u>Awards to Commissioned Employees:</u> First, Sunrise will calculate individual amounts of under-payment of wages to Participating Class Members who held the positions of Director of Sales and Assistant Director of Sales during the Class Period in connection with a programming error that resulted in those individuals' commissions being temporarily inadvertently excluded from their regular rate of pay. Each of these individuals will receive the full calculated amount of their previously inadvertently unpaid wages.

2. <u>Individual Settlement Awards:</u> Once the awards to Commissioned Employees are calculated and deducted from the Net Settlement Amount, the Settlement Administrator will apportion the remainder of the Net Settlement Amount between Participating Class Members (including those who held the positions of Director of Sales and Assistant Director of Sales) based upon each individual's total number of points awarded. For this portion of the Settlement Awards, Sunrise will calculate the total number of shifts worked by each Participating Class Member during the Class Period. "Shifts" means any day or partial day worked by Class Members at Sunrise's California communities during the Class Period. This portion of the Settlement Awards will be calculated as follows:

   a. Individuals who are currently employed by Sunrise will receive 2 points per Shift.

   b. Individuals who are former employees of Sunrise will receive 3 points per Shift.

   c. Individuals who are classified as part-time according to Sunrise's records will have their point totals for (i) and (ii) reduced by ½ to account for their part-time status for the time period where they were classified as part-time.

   d. Individuals (excluding Directors of Sales and Assistant Directors of Sales who received payment under paragraph 1) who worked overtime hours during a pay period in which they also received any bonus payment will receive 5 points for each instance.

   e. All individuals will receive 10 points for each wage statement they received during the Class Period.

   f. The value of each individual point will be determined by dividing the Net Settlement Amount by the total number of points awarded, resulting in the individual "Point Value." Each Participating Class Member's Individual Settlement Payment will be calculated by multiplying that Participating Class Member's total number of points by the Point Value.

According to Sunrise's records, you worked a total of ___ shifts during the Class Period, worked overtime hours during a pay period in which you received a bonus payment on ___ occasions, and received a total of ___ wage statements. Your estimated point total is _____.

If you believe the information provided above is **incorrect**, you must send a letter to the Settlement Administrator at the address listed above stating the reasons why you dispute the calculation of your total points. If you dispute the information stated above, Sunrise's records will control unless you are able to provide documentation that establishes otherwise.

IRS Forms W-2 and 1099 will be distributed to Participating Class Members and the appropriate taxing authorities reflecting the payments they receive under the settlement. Class Members should consult their tax advisors concerning the tax consequences of the payments they receive under the Settlement. For purposes of this settlement, 25% of each Individual Settlement Payment will be allocated as wages for which IRS Forms W-2 will be issued, and 75% will be allocated as non-wages, *i.e.*, interest and penalties, for which IRS Forms 1099-MISC will be issued.

## Your Options Under the Settlement

### Option 1 – *Automatically Receive a Payment from the Settlement*

If want to receive your payment from the settlement, no further action is required on your part. You will automatically receive your settlement payment from the Settlement Administrator after the settlement receives final approval by the Court.

### Option 2 – *Opt Out of the Settlement*

If you do not wish to participate in the settlement, you may exclude yourself by submitting a written request to the Settlement Administrator expressly and clearly indicating that you have received this Notice of Class Action Settlement and desire to be excluded from the settlement. The written request for exclusion must include your name, signature, address, telephone number, and last four digits of your Social Security Number. Sign, date, and mail the request for exclusion by First Class U.S. Mail or equivalent, to the address below.

Settlement Administrator
c/o _____

_____

The written request to be excluded must be postmarked or faxed no later than_____, 2021. If you submit a request for exclusion which is not postmarked or faxed by_____, 2021 your request for exclusion will be rejected, and you will be included in the settlement class.

### Option 3 – *Object to the Settlement*

If you wish to object to the settlement because you find it unfair or unreasonable, you may submit an objection to the Court stating why you object to the settlement. Your objection must provide: (1) your full name, signature, address, and telephone number, (2) a written statement of all grounds for your objection accompanied by any legal support for such objection; (3) copies of any papers, briefs, or other documents upon which the objection is based; and (4) a statement about whether you intend to appear at the Final Fairness Hearing.

The objection must be filed with the Clerk of the Court, United States District Court, Central District of California located at 350 W. 1st Street, Los Angeles, California 90012 and must include the case numbers referenced at the top of this notice. Late objections will not be considered. By submitting an objection, you are not excluding yourself from the settlement. To exclude yourself from the settlement, you must follow the directions described above under Option 2. Please note that you cannot both object to the settlement and exclude yourself.  You must choose one option only.

If you file an objection, you may also, if you wish, appear at the Final Approval Hearing set for

_____ at__ _.m. in Courtroom 10B of the of the United States District Court, Central District of California located at 350 W. 1st Street, Los Angeles, California 90012, and discuss your objection with the Court and the Parties at your own expense.  You may also retain an attorney to represent you at the hearing.  You may not speak at the hearing unless you file a timely objection.

If you choose **Option 1**, and if the Court grants final approval of the settlement, you will be mailed a check for your share of the settlement funds. In addition, you will be deemed to have released or waived the following claims ("Released Claims) during the Class Period:

> All claims, judgments, liens, losses, debts, liabilities, demands, obligations, guarantees, penalties (including but not limited to PAGA penalties, waiting time penalties and all other penalties available under the California Labor Code), costs, expenses, attorneys' fees, damages, indemnities, actions, causes of action, and obligations of every kind and nature in law, equity or otherwise, known or unknown, suspected or unsuspected, disclosed or undisclosed, contingent or accrued, arising out of or relating to the causes of action asserted or which could have been asserted based on the allegations in each of the operative complaints in the Actions, including, and notwithstanding the theory on which

such causes of action were, or could be, based: (a) all claims for failure to pay overtime wages in violation of the Fair Labor Standards Act (29 U.S.C. Section 201, et seq.); (b) all claims for failure to pay minimum wages in violation of the Fair Labor Standards Act (29 U.S.C. Section 201, et seq.); (c) all claims for unpaid overtime (Labor Code §§ 510, 1194, 1198, and IWC Wage Order 4, and IWC Wage Order 5-2001, § 3); (d) all claims for meal and rest period violations (Labor Code §§ 226.7, 510, 512, 1194, 1197, IWC Wage Order No. 5-2001, §§ 11, 12); (e) all claims for unpaid minimum wages (Labor Code §§ 1194, 1197, 1197.1, IWC Wage Order No. 5-2001, § 4); (f) all claims for the failure to timely pay wages upon termination, failure to pay waiting time violations, and failure to pay all wages due to discharged and quitting employees (Labor Code §§ 201, 202 and 203); (g) all claims for the failure to timely pay wages during employment (Labor Code § 204); (h) all claims for wage statement violations (Labor Code §§ 226, 1174, IWC Wage Order No. 5-2001, § 7); (i) all claims for the failure to maintain records (Labor Code §§ 226, 1174, and IWC Wage Order No. 5-2001, § 7); (j) all claims for failure to indemnify employees for necessary expenditures incurred in discharge of duties (Labor Code § 2802); (k) all claims asserted through California Labor Code sections 2698 et seq. (the Private Attorneys General Act of 2004 ("PAGA")) arising out of the aforementioned claims; (l) all claims asserted through California Business & Professions Code § 17200 et seq. arising out of the aforementioned claims; and (m) all claims for breach of the covenant of good faith and fair dealing arising out of the aforementioned claims.

Solely with respect to the Released Claims, Participating Class Members will also waive all rights and benefits afforded by Section 1542 of the California Civil Code as to any Released Claims. Section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

If you choose **Option 2**, you will no longer be a Class Member, and you will (1) be barred from participating in the settlement, but you will not be deemed to have released the Released Claims, (2) be barred from filing an objection to the settlement, and (3) not receive a payment from the settlement.

If you choose **Option 3**, you will still be entitled to money from the settlement. If the Court overrules your objection, you will be deemed to have released the Released Claims.

### **Additional Information**

This Notice of Class Action Settlement is only a summary of the case and the settlement. For a more detailed statement of the matters involved in the case and the settlement, you may refer to the pleadings, the settlement agreement, and other papers filed in the case.

All inquiries by Class Members regarding this Class Notice and/or the settlement should be directed to the Settlement Administrator [insert contact information] or Class Counsel:

| | |
|---|---|
| Jason Thompson | Matthew J. Matern |
| Sommers Schwartz PC | Matern Law Group, PC |
| 402 W Broadway, Suite 1760 | 1230 Rosecrans Ave., Suite 200 |
| San Diego, CA 92101 | Manhattan Beach, CA 90266 |
| Phone: 1 (866) 942-0101 | Phone: 1 (855) 888-2577 |

PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, SUNRISE, OR SUNRISE'S ATTORNEYS WITH INQUIRIES.

*-****

| MLG ATTORNEYS' FEES SUMMARY CHART | | | |
|---|---|---|---|
| **TABLE 1** | | | |
| General Motion Practice | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Matthew J. Matern Attorney | $950.00 | 2.10 | $1,995.00 |
| Scott Brooks Attorney | $850.00 | 16.70 | $14,195.00 |
| **Fees Request for General Motion Practice** | | **18.80** | **$16,190.00** |
| Pre-Litigation Investigation | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Scott Brooks Attorney | $850.00 | 19.70 | $16,745.00 |
| **Fees Request for Pre-Litigation Investigation** | | **19.70** | **$16,745.00** |
| Pleadings | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Scott Brooks Attorney | $850.00 | 6.40 | $5,440.00 |
| **Fees Request for Pleadings (Complaints and Amended Complaints)** | | **6.40** | **$5,440.00** |
| Stipulations, Notices, Reports, Case Management | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Scott Brooks Attorney | $850.00 | 4.40 | $3,740.00 |
| **Fees Request for Stipulation, Notices, Reports, Case Management** | | **4.40** | **$3,740.00** |
| General Communications with Plaintiffs and Class Members | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |

| Scott Brooks Attorney | $850.00 | 21.40 | $18,190.00 |
|---|---|---|---|
| **Fees Request for General Communications with Plaintiffs and Class Members** | | **21.40** | **$18,190.00** |

| Discovery & Depositions | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Scott Brooks Attorney | $850.00 | 57.30 | $48,705.00 |
| **Fees Request for Discovery & Depositions** | | **57.30** | **$48,705.00** |

| Motion for Class Certification | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Scott Brooks Attorney | $850.00 | 34.10 | $28,985.00 |
| Matthew J. Matern Attorney | $950.00 | 10.70 | $10,165.00 |
| **Fees Request for Motion for Class Certification** | | **44.80** | **$39,150.00** |

| Mediation, Settlement and Settlement Approval | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Debra Tauger Attorney | $875.00 | 58.70 | $51,362.50 |
| Matthew W. Gordon Attorney | $725.00 | 12.20 | $8,845.00 |
| Matthew J. Matern Attorney | $950.00 | 23.50 | $22,325.00 |
| Scott Brooks Attorney | $850.00 | 97.80 | $83,130.00 |
| **Fees Request for Mediation, Settlement and Settlement Approval** | | **192.20** | **$165,662.50** |

| MLG ATTORNEYS' FEES SUMMARY CHART | | | | |
|---|---|---|---|---|
| TABLE 2 | | | | |
| **Attorney** | **Rate** | **HOURS BY TASKS** | | **TOTALS** |
| Debra Tauger | $875.00 | Mediation, Settlement and Settlement Approval | 58.70 | **Hours: 58.70 Amount:$51,362.50** |
| Matthew W. Gordon | $725.00 | Mediation, Settlement and Settlement Approval | 12.20 | **Hours: 12.20 Amount:$8,845.00** |
| Matthew J. Matern | $950.00 | Mediation, Settlement and Settlement Approval | 23.50 | **Hours: 36.30 Amount:$34,485.00** |
| | $950.00 | Motion for Class Certification | 10.70 | |
| | | General Motion Practice | 2.10 | |
| Scott Brooks | $850.00 | Discovery & Depositions | 57.30 | **Hours: 257.80 Amount:$219,130.00** |
| | | Stipulations, Notices, Reports, Case Management | 4.40 | |
| | | General Communications with Plaintiff and Class Members | 21.40 | |
| | | General Motion Practice | 16.70 | |
| | | Pleadings (Complaint and Amended Complaint) | 6.40 | |
| | | Pre-Litigation Investigation | 19.70 | |

| | | Motion for Class Certification | 34.10 | |
| | | Mediation, Settlement and Settlement Approval | 97.80 | |
| **TOTAL** | | | | **Hours:  365.00**<br>**Amount: $313,822.50** |

| Date | Profession | Description | Task | Hour | Rate | Total |
|------|-----------|-------------|------|------|------|-------|
| 04/10/2020 | DJT | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Drafted SA | S/M | 3.60 | $875.00 | $3,150.00 |
| 04/10/2020 | DJT | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Discussed drafting SA with SAB | S/M | 0.40 | $875.00 | $350.00 |
| 04/14/2020 | DJT | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Drafted class notice for MPA | S/M | 3.50 | $875.00 | $3,062.50 |
| 04/14/2020 | DJT | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Starting wokring on MPA | S/M | 1.50 | $875.00 | $1,312.50 |
| 04/15/2020 | DJT | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Worked on MPA | S/M | 4.30 | $875.00 | $3,762.50 |
| 04/16/2020 | DJT | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Worked on MPA | S/M | 6.20 | $875.00 | $5,425.00 |
| 04/17/2020 | DJT | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Worked on MPA | S/M | 3.00 | $875.00 | $2,625.00 |
| 04/29/2020 | DJT | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Discussed MPA with SAB | S/M | 0.30 | $875.00 | $262.50 |
| 04/29/2020 | DJT | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Worked on MPA | S/M | 2.10 | $875.00 | $1,837.50 |
| 04/30/2020 | DJT | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Worked on MPA | S/M | 6.80 | $875.00 | $5,950.00 |
| 05/01/2020 | DJT | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Worked on MJM dec for MPA | S/M | 8.00 | $875.00 | $7,000.00 |
| 05/05/2020 | DJT | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Finished preliminary draft of MJM's dec ISO MPA | S/M | 6.70 | $875.00 | $5,862.50 |
| 05/05/2020 | DJT | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Drafted proposed order for MPA | S/M | 0.20 | $875.00 | $175.00 |
| 05/05/2020 | DJT | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Email to SAB regarding draft of MPA | S/M | 0.10 | $875.00 | $87.50 |
| 05/13/2020 | DJT | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Reviewed and revised MOU | S/M | 1.00 | $875.00 | $875.00 |
| 05/14/2020 | DJT | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Reviewed SAB's revision to SA; made recommendation | S/M | 0.20 | $875.00 | $175.00 |
| 05/22/2020 | DJT | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Discussed MOU and SA with SAB | S/M | 0.30 | $875.00 | $262.50 |
| 05/26/2020 | DJT | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Revised SA per revised MOU | S/M | 2.70 | $875.00 | $2,362.50 |
| 06/04/2020 | DJT | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Discussed MPA with SB | S/M | 0.50 | $875.00 | $437.50 |

**EXHIBIT 6, Page 65**

| 06/04/2020 | DJT | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Revised motion for preliminary approval | S/M | 4.20 | $875.00 | $3,675.00 |
| 06/04/2020 | DJT | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Revised MJM's dec ISO MPA | S/M | 2.70 | $875.00 | $2,362.50 |
| 06/04/2020 | DJT | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Revised proposed order for MPA | S/M | 0.40 | $875.00 | $350.00 |

**EXHIBIT 6, Page 66**

| Date | Professional | Description | Task | Hour | Rate | Total |
|------|------|------|------|------|------|------|
| 02/20/2020 | MWG | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Communicate with SB regarding case | S/M | 0.70 | $725.00 | $507.50 |
| 02/20/2020 | MWG | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Reviewed mediation brief; reviewed file | S/M | 1.00 | $725.00 | $725.00 |
| 02/24/2020 | MWG | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Attended mediation in Irvine, CA | S/M | 8.00 | $725.00 | $5,800.00 |
| 02/24/2020 | MWG | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Traveled to/from mediation in Irvine, CA | S/M | 2.00 | $725.00 | $1,450.00 |
| 02/27/2020 | MWG | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Call with co-counsel regarding settlement | S/M | 0.20 | $725.00 | $145.00 |
| 04/16/2020 | MWG | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Telephone call with Lisa Klerman regarding settlement | S/M | 0.30 | $725.00 | $217.50 |

| Date | Professional | Description | Task | Hour | Rate | Total |
|------|------------|-------------|------|------|------|-------|
| 08/03/2019 | MJM | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Discussion re settlement conference statement | S/M | 0.40 | $950.00 | $380.00 |
| 08/04/2019 | MJM | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Review and revise settlement conference statement | S/M | 1.40 | $950.00 | $1,330.00 |
| 08/05/2019 | MJM | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Review and revise settlement conference statement | S/M | 0.60 | $950.00 | $570.00 |
| 08/10/2019 | MJM | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Prepare for Settlement Conference | S/M | 1.00 | $950.00 | $950.00 |
| 08/11/2019 | MJM | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. E-mails to/from DK re: settlement conference | S/M | 0.30 | $950.00 | $285.00 |
| 08/11/2019 | MJM | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Prepare for Settlement Conference | S/M | 1.80 | $950.00 | $1,710.00 |
| 08/12/2019 | MJM | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Attend Settlement Conference | S/M | 3.70 | $950.00 | $3,515.00 |
| 09/19/2019 | MJM | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Review Mtn to Dismiss and supporting documents | GM | 0.70 | 950.00 | $665.00 |
| 10/21/2019 | MJM | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Review and confer w/ SB re Opp to Ex Parte | GM | 1.40 | 950.00 | $1,330.00 |
| 12/03/2019 | MJM | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Strategy discussion re mtn for MCC; review | MCC | 4.10 | 950.00 | $3,895.00 |
| 12/07/2019 | MJM | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Review and revise mtn for MCC; review data; review research | MCC | 2.30 | 950.00 | $2,185.00 |

| 12/08/2019 | MJM | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Review and  mtn for MCC; decl ISO MCC and supporting docs | MCC | 3.60 | 950.00 | $3,420.00 |
|---|---|---|---|---|---|---|
| 12/09/2019 | MJM | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Review and revise mtn for MCC; decl ISO MCC and supporting docs; confer re same | MCC | 0.70 | 950.00 | $665.00 |
| 02/18/2020 | MJM | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Review and revise mediation brief and data | S/M | 0.80 | $950.00 | $760.00 |
| 02/19/2020 | MJM | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Confer with DK re: mediation, e-mails to/from DK re: mediation | S/M | 0.20 | $950.00 | $190.00 |
| 02/24/2020 | MJM | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Discussion re mediation | S/M | 0.90 | $950.00 | $855.00 |
| 03/27/2020 | MJM | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Review and revise MOU; discussions re same | S/M | 0.50 | $950.00 | $475.00 |
| 04/30/2020 | MJM | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Strategy re MPA | S/M | 0.80 | $950.00 | $760.00 |
| 05/19/2020 | MJM | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Review and revise MPA and decl; confer re same | S/M | 1.80 | $950.00 | $1,710.00 |
| 05/22/2020 | MJM | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Review and revise MPA, decl and supporting documents | S/M | 1.10 | $950.00 | $1,045.00 |
| 06/01/2020 | MJM | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Review and revise MPA, decl and supporting documents | S/M | 0.90 | $950.00 | $855.00 |

| 06/15/2020 | MJM | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Review and revise MPA, decl and supporting documents | S/M | 1.00 | $950.00 | $950.00 |
|---|---|---|---|---|---|---|
| 07/05/2020 | MJM | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Review draft declaration, and send comments to SAB for revisions | S/M | 0.8 | $950.00 | $760.00 |
| 07/06/2020 | MJM | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Review draft of MPA and send comments to SAB for revisions | S/M | 0.5 | $950.00 | $475.00 |
| 09/14/2021 | MJM | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Review and revise MFA and supporting declarations | S/M | 2.2 | $950.00 | $2,090.00 |
| 09/16/2021 | MJM | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Review and revise MFA and supporting declarations | S/M | 1.5 | $950.00 | $1,425.00 |
| 09/24/2021 | MJM | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Review and revise MFA and supporting declarations | S/M | 0.8 | $950.00 | $760.00 |
| 09/24/2021 | MJM | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Review MFA and supporting declarations | S/M | 0.5 | $950.00 | $475.00 |

**EXHIBIT 6, Page 70**

| Date | Professional | Description | Task | Hour | Rate | Total |
|------|-------------|-------------|------|------|------|-------|
| 09/13/2018 | SB | 1529-002/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Confer with client re ██████ | Comm | 0.10 | $850.00 | $85.00 |
| 07/26/2018 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Review client records | PLI | 3.20 | $850.00 | $2,720.00 |
| 07/28/2018 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Continue reviewing and analyzing client records | PLI | 2.60 | $850.00 | $2,210.00 |
| 08/25/2018 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Review file and prepare fact outline | PLI | 2.70 | $850.00 | $2,295.00 |
| 08/28/2018 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Confer with client regarding ██████ | Comm | 1.50 | $850.00 | $1,275.00 |
| 09/03/2018 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Confer with client for drafting complaint | Comm | 1.30 | $850.00 | $1,105.00 |
| 09/04/2018 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Draft PAGA letter | PLI | 0.40 | $850.00 | $340.00 |
| 09/04/2018 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Draft complaint | PL | 0.50 | $850.00 | $425.00 |
| 09/04/2018 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Confer with client regarding ██████ ██████ | Comm | 0.70 | $850.00 | $595.00 |
| 09/13/2018 | SB | 1529-002/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Review and analyze payroll records to determine if pay calculated properly; Legal Research regarding ██████ ██████ | PLI | 4.00 | $850.00 | $3,400.00 |
| 09/13/2018 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Draft letter requesting client records | PLI | 0.10 | $850.00 | $85.00 |

31

**EXHIBIT 6, Page 71**

| Date | | Description | | Hours | Rate | Amount |
|------|----|-----|----|-------|------|--------|
| 09/14/2018 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Research into prior lawsuits | PLI | 1.50 | $850.00 | $1,275.00 |
| 09/21/2018 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Review return receipt regarding record request | PLI | 0.10 | $850.00 | $85.00 |
| 10/01/2018 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Review return receipt regarding PAGA and catalyst letters | PLI | 0.10 | $850.00 | $85.00 |
| 10/04/2018 | SB | 1529-002/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Review letter from defense counsel regarding extension to comply with record request and sent response | PLI | 0.20 | $850.00 | $170.00 |
| 10/09/2018 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Draft catalyst letter | PLI | 0.20 | $850.00 | $170.00 |
| 10/09/2018 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Draft cover letter to LWDA | PLI | 0.20 | $850.00 | $170.00 |
| 10/23/2018 | SB | 1529-002/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Respond to email from defense counsel J. Schwartz | PLI | 0.20 | $850.00 | $170.00 |
| 01/15/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Revise complaint | D | 1.00 | $850.00 | $850.00 |
| 01/16/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Confer with client regarding ████████ ███████ | Comm | 0.40 | $850.00 | $340.00 |
| 02/12/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Review order regarding CMC and calendar | CM | 0.10 | $850.00 | $85.00 |

**EXHIBIT 6, Page 72**

| 02/19/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Review proof of service of summons and complaint | PL | 0.10 | $850.00 | $85.00 |
|---|---|---|---|---|---|---|
| 03/06/2019 | SB | 1529-002/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Draft notice of Status Conference | CM | 0.20 | $850.00 | $170.00 |
| 03/06/2019 | SB | 1529-002/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Finalize initial round of discovery to Sunrise, for service | D | 0.30 | $850.00 | $255.00 |
| 03/06/2019 | SB | 1529-002/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Research regarding other actions against defendant | PLI | 0.10 | $850.00 | $85.00 |
| 03/06/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Draft notice of order regarding status conference and calendar | CM | 0.20 | $850.00 | $170.00 |
| 03/08/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Review notice of removal and supporting documents and prepare memorandum | D | 0.60 | $850.00 | $510.00 |
| 03/08/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Review notice of assignment | PL | 0.10 | $850.00 | $85.00 |
| 03/09/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Confer with client regarding ~~removal~~ ~~and related issues~~ | Comm | 0.50 | $850.00 | $425.00 |
| 03/11/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Review pro hac vice application | PL | 0.10 | $850.00 | $85.00 |
| 03/11/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Review notice of notice of removal | PL | 0.10 | $850.00 | $85.00 |
| 03/11/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Review transfer order | PL | 0.10 | $850.00 | $85.00 |

31

**EXHIBIT 6, Page 73**

| 03/12/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior<br>Living Management, Inc.<br>Review order setting rule 16(b) and 26(f)<br>conference; send note to calendar | D | 0.30 | $850.00 | $255.00 |
| 03/12/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior<br>Living Management, Inc.<br>Review court's standing order | PL | 0.80 | $850.00 | $680.00 |
| 03/12/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior<br>Living Management, Inc.<br>Review order regarding transfer (Dkt.12) | PL | 0.10 | $850.00 | $85.00 |
| 03/13/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior<br>Living Management, Inc.<br>Review and execute stipulation to extend<br>time to respond to complaint | D | 0.20 | $850.00 | $170.00 |
| 03/18/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior<br>Living Management, Inc.<br>Review application for non-resident<br>attorney | PL | 0.10 | $850.00 | $85.00 |
| 03/19/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living<br>Management, Inc.<br>Confer with counsel in San Diego action<br>regarding ▓▓▓▓▓▓▓▓▓▓▓▓ | S/M | 0.40 | $850.00 | $340.00 |
| 03/22/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior<br>Living Management, Inc.<br>Review order regarding non-resident<br>attorney | PL | 0.10 | $850.00 | $85.00 |
| 03/25/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living<br>Management, Inc.<br>Continue preparing draft amended<br>complaint (confer with client .4; research | PL | 4.00 | $850.00 | $3,400.00 |
| 03/25/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living<br>Management, Inc.<br>Conference call with counsel for plaintiffs<br>in companion case to discuss status of | S/M | 0.30 | $850.00 | $255.00 |
| 03/25/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior<br>Living Management, Inc.<br>Review minute order | CM | 0.10 | $850.00 | $85.00 |

**EXHIBIT 6, Page 74**

| 04/02/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Review notice of amended standing order and amended order | CM | 0.40 | $850.00 | $340.00 |
|---|---|---|---|---|---|---|
| 04/02/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Review order regarding copies of complaint | PL | 0.10 | $850.00 | $85.00 |
| 04/03/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Confer with J. Thompson regarding ▓▓▓▓▓▓ | S/M | 0.40 | $850.00 | $340.00 |
| 04/03/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Review and revise proposed stipulation regarding mediation and transmit to defense | S/M | 0.10 | $850.00 | $85.00 |
| 04/12/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Review order regarding deadline for responsive pleading; calendar same | CM | 0.20 | $850.00 | $170.00 |
| 04/21/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Research regarding other class case and confer with cocounsel regarding same | PLI | 0.40 | $850.00 | $340.00 |
| 04/30/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Review court order regarding mediation and related dates and calendar same | S/M | 0.30 | $850.00 | $255.00 |
| 05/03/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Review court's tentative order on motion to dismiss/stay; confer with defense counsel regarding proceeding with argument | GM | 0.50 | $850.00 | $425.00 |
| 05/03/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Conference call regarding mediation preparation (all counsel) | S/M | 0.20 | $850.00 | $170.00 |
| 05/08/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Conference with call with counsel in Van Cleave to discuss mediation and pre-mediation discovery | S/M | 0.20 | $850.00 | $170.00 |

31

**EXHIBIT 6, Page 75**

| Date | | | | | | |
|---|---|---|---|---|---|---|
| 05/08/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Leave message with defense counsel regarding mediation | S/M | 0.20 | $850.00 | $170.00 |
| 05/08/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Research regarding additional locations for records request for pre-mediation discovery | S/M | 0.10 | $850.00 | $85.00 |
| 05/09/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Confer with Van Cleave counsel regarding | S/M | 0.60 | $850.00 | $510.00 |
| 05/09/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Draft email to A. Allen regarding additional data necessary for mediation preparation of | S/M | 0.40 | $850.00 | $340.00 |
| 05/16/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Revise proposed stipulation and joint motion regarding continuing mediation | S/M | 0.40 | $850.00 | $340.00 |
| 05/28/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Review email from defense counsel with attached documents and respond; send email to [redacted] | S/M | 0.30 | $850.00 | $255.00 |
| 05/31/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Confer with clerk to Mag. Judge Abrams regarding continuing settlement conference | S/M | 0.30 | $850.00 | $255.00 |
| 05/31/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Draft stipulation to continue Settlement Conference with  and proposed order | S/M | 0.20 | $850.00 | $170.00 |
| 05/31/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Confer with defense counsel regarding stipulation to continue settlement | S/M | 0.60 | $850.00 | $510.00 |
| 06/04/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Confer with clerk to Magistrate Judge Abrams regarding mediation | S/M | 0.10 | $850.00 | $85.00 |

31

**EXHIBIT 6, Page 76**

| 06/05/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Review order regarding mediation and confer with defense counsel regarding same | S/M | 0.10 | $850.00 | $85.00 |
| 06/10/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Confer with client regarding ▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓ | S/M | 0.20 | $850.00 | $170.00 |
| 06/12/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Review documents produced by defendant (for preparation of for settlement | CM | 0.50 | $850.00 | $425.00 |
| 06/12/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Confer with counsel in Van Cleave regarding Preparation for settlement conference | S/M | 0.40 | $850.00 | $340.00 |
| 06/12/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Confer with J. Gorelick regarding data analysis and evaluation of for settlement | S/M | 0.40 | $850.00 | $340.00 |
| 06/27/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Confer with Van Cleave counsel regarding | S/M | 0.20 | $850.00 | $170.00 |
| 06/27/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Confer with J. Gorlick regarding damage | S/M | 0.20 | $850.00 | $170.00 |
| 06/27/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Confer with client regarding ▓▓▓▓▓ and ▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓ | S/M | 0.20 | $850.00 | $170.00 |
| 06/28/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Confer with Van Cleave counsel regarding ▓▓▓▓▓▓▓▓▓▓▓ | S/M | 0.20 | $850.00 | $170.00 |
| 06/28/2019 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Draft settlement demand and transmit to defense counsel | S/M | 0.30 | $850.00 | $255.00 |

**EXHIBIT 6, Page 77**

| 07/05/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Confer with Van Cleave counsel regarding ██████████ (multiple emails) | S/M | 0.30 | $850.00 | $255.00 |
| 07/09/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Confer with Van Cleave counsel regarding | D | 1.10 | $850.00 | $935.00 |
| 07/09/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Prepare joint stipulation to continue MSC and draft proposed order | S/M | 0.30 | $850.00 | $255.00 |
| 07/30/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Confer with J. Gorlick regarding damage modeling | S/M | 0.40 | $850.00 | $340.00 |
| 07/31/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Conference call regarding preparation of | S/M | 0.30 | $850.00 | $255.00 |
| 08/03/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Revise draft Settlement Conference Statement | S/M | 2.00 | $850.00 | $1,700.00 |
| 08/04/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Revise draft Settlement Conference | S/M | 3.80 | $850.00 | $3,230.00 |
| 08/05/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Continue revising and drafting settlement conference statement | S/M | 4.00 | $850.00 | $3,400.00 |
| 08/06/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Confer with J. Gorlick regarding damages analysis | S/M | 0.30 | $850.00 | $255.00 |
| 08/06/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Confer with S. Zakay regarding damages Analysis and evaluation of (for Preparation | S/M | 0.30 | $850.00 | $255.00 |
| 08/12/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Respond to email from A. Allyn regarding | CM | 0.10 | $850.00 | $85.00 |

**EXHIBIT 6, Page 78**

| 08/12/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Appear in court for Settlement Conference with Judge Abrams | S/M | 3.30 | $850.00 | $2,805.00 |
|---|---|---|---|---|---|---|
| 08/19/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Work up litigation schedule per court's order for inclusion in Joint Rule 16/26 Report and transmit to defense counsel | CM | 0.80 | $850.00 | $680.00 |
| 08/19/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Confer with defense counsel regarding revisions to Joint Report and schedule; | CM | 1.20 | $850.00 | $1,020.00 |
| 08/23/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Draft interrogatories | D | 0.40 | $850.00 | $340.00 |
| 08/28/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Begin drafting initial disclosures, including review file | D | 1.80 | $850.00 | $1,530.00 |
| 8/31/2019 | | 1529-002.001/ Schlieser, NancyT Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Confer with client ▮▮▮▮▮▮ | Comm | 2.00 | $850.00 | $1,700.00 |
| 09/06/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Continue drafting motion for class certification | MCC | 5.00 | $850.00 | $4,250.00 |
| 09/19/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Initial review of motion to dismiss, request for judicial notice and supporting | GM | 0.50 | $850.00 | $425.00 |
| 09/24/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Review response to interrogatories, set one, and draft meet and confer letter | D | 1.80 | $850.00 | $1,530.00 |
| 09/24/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Legal research for meet and confer letter regarding discovery responses; Revise | PLI | 1.70 | $850.00 | $1,445.00 |

**EXHIBIT 6, Page 79**

| 09/24/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Draft subpoena | D | 0.50 | $850.00 | $425.00 |
| 09/25/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Revise draft subpoena for documents and draft Rule 45(a)(4) notice | D | 0.60 | $850.00 | $510.00 |
| 09/26/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Revise Notice of PMK Deposition | D | 1.30 | $850.00 | $1,105.00 |
| 10/09/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Draft email to defense counsel regarding class list, data, and PMK depositions | D | 0.20 | $850.00 | $170.00 |
| 10/16/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Write and transmit meet and confer email to defense counsel | D | 0.50 | $850.00 | $425.00 |
| 10/16/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Review and analyze documents produced in response to subpoena | D | 3.00 | $850.00 | $2,550.00 |
| 10/16/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Review notice of non-opposition; draft notice of intent to file opposition | GM | 0.40 | $850.00 | $340.00 |
| 10/17/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Begin drafting opposition to motion to | GM | 3.00 | $850.00 | $2,550.00 |
| 10/19/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Draft ex parte application for leave to file opposition to motion to dismiss and | GM | 3.80 | $850.00 | $3,230.00 |
| 10/20/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Finalize ex parte application for leave to file opposition and prepare for filing | GM | 1.50 | $850.00 | $1,275.00 |
| 10/20/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Continue drafting opposition to motion to | GM | 2.50 | $850.00 | $2,125.00 |

**EXHIBIT 6, Page 80**

| Date | | | | | | |
|---|---|---|---|---|---|---|
| 10/21/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Finalize opposition to motion to dismiss and prepare for filing | GM | 4.50 | $850.00 | $3,825.00 |
| 11/13/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Confer with client regarding status | Comm | 0.40 | $850.00 | $340.00 |
| 11/14/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Begin drafting motion for class | MCC | 5.50 | $850.00 | $4,675.00 |
| 11/19/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Confer with client (for motion for class | Comm | 0.80 | $850.00 | $680.00 |
| 11/19/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Review employment data and documents | D | 3.50 | $850.00 | $2,975.00 |
| 11/21/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Review interrogatories, requests for | D | 0.40 | $850.00 | $340.00 |
| 11/27/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Review declaration of J. Costa and attachments; research regarding additional | Comm | 2.80 | $850.00 | $2,380.00 |
| 11/28/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Review and analyze depositions and class certification documents in related Shiferaw | D | 4.00 | $850.00 | $3,400.00 |
| 11/29/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Continuing review Shiferaw file (for drafting motion for class certification) | MCC | 3.40 | $850.00 | $2,890.00 |
| 11/30/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Prepare outline of evidence for each claim | D | 1.80 | $850.00 | $1,530.00 |
| 12/01/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Legal Research regarding recent case law | PLI | 2.00 | $850.00 | $1,700.00 |
| 12/02/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Conference call with co-counsel regarding | S/M | 0.40 | $850.00 | $340.00 |

**EXHIBIT 6, Page 81**

| | | | | | | |
|---|---|---|---|---|---|---|
| 12/02/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Continue drafting motion for class certification and supporting documents | MCC | 3.20 | $850.00 | $2,720.00 |
| 12/03/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Research and draft stipulation to class certification | MCC | 0.80 | $850.00 | $680.00 |
| 12/03/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Continue drafting motion for class certification | MCC | 2.50 | $850.00 | $2,125.00 |
| 12/07/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Continue drafting memorandum of points | MCC | 6.50 | $850.00 | $5,525.00 |
| 12/09/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Continue drafting motion for class | MCC | 7.20 | $850.00 | $6,120.00 |
| 12/13/2019 | | 1529-002.001/ Schlieser, NancyT Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Confer with client re discovery and preparation for deposition | Comm | 2.50 | $850.00 | $2,125.00 |
| 12/16/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Confer with J. Johnson regarding status and discovery extension | D | 0.20 | $850.00 | $170.00 |
| 12/19/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Draft responses to interrogatories | D | 2.00 | $850.00 | $1,700.00 |
| 12/19/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Draft responses to requests for production | D | 2.50 | $850.00 | $2,125.00 |
| 12/22/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Confer with client regarding discovery responses; review client records for | D | 4.10 | $850.00 | $3,485.00 |
| 12/30/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Continue drafting responses to requests for production and interrogatories and finalize | D | 5.00 | $850.00 | $4,250.00 |

**EXHIBIT 6, Page 82**

| Date | | Description | | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 12/30/2019 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Confer with client ████████████ ████████ | D | 3.50 | $850.00 | $2,975.00 |
| 01/04/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Respond to email from defense counsel | D | 0.10 | $850.00 | $85.00 |
| 01/04/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Review documents produced by Sunrise | D | 4.30 | $850.00 | $3,655.00 |
| 1/4/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Confer with client ████████ █████████ | Comm | 3.50 | $850.00 | $2,975.00 |
| 01/07/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Attend Deposition of plaintiff Schlieser | D | 12.30 | $850.00 | $10,455.00 |
| 01/15/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Respond to client inquiry ████████ ████████ and send letter ████████ | S/M | 0.20 | $850.00 | $170.00 |
| 02/12/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Confer with client regarding ████████ | Comm | 0.20 | $850.00 | $170.00 |
| 02/12/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Confer with client regarding preparation ████ ████████ | Comm | 3.30 | $850.00 | $2,805.00 |
| 02/13/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Conference call with Van Cleave counsel to | S/M | 0.30 | $850.00 | $255.00 |
| 02/18/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Continue revising mediation statement | S/M | 2.00 | $850.00 | $1,700.00 |
| 02/19/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Review and edit revised draft confidential mediation statement | S/M | 0.40 | $850.00 | $340.00 |

**EXHIBIT 6, Page 83**

| 02/19/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Confer with J. Gorlick regarding damage | S/M | 0.30 | $850.00 | $255.00 |
| 02/24/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Attend mediation | S/M | 11.50 | $850.00 | $9,775.00 |
| 02/25/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Conference call with all counsel regarding ███████████████ | S/M | 0.20 | $850.00 | $170.00 |
| 02/25/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Confer with mediator | S/M | 0.20 | $850.00 | $170.00 |
| 02/27/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Call with co-counsel regarding ████████ | S/M | 0.20 | $850.00 | $170.00 |
| 03/02/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Review email from co-counsel regarding ██████████████ | S/M | 0.10 | $850.00 | $85.00 |
| 03/06/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Review draft joint status report, confer with co-counsel, and respond to defense counsel | CM | 0.40 | $850.00 | $340.00 |
| 03/09/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Confer with defense counsel regarding joint | CM | 0.10 | $850.00 | $85.00 |
| 03/09/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Review joint report filing | CM | 0.10 | $850.00 | $85.00 |
| 03/14/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Confer with co-counsel regarding status ████ ███████████████████████ | S/M | 0.20 | $850.00 | $170.00 |
| 03/16/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Confer with mediator and co-counsel regarding status ████████████████ | S/M | 0.40 | $850.00 | $340.00 |

**EXHIBIT 6, Page 84**

| Date | | Matter | | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 03/27/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Confer with co-counsel regarding status ▓▓▓ | S/M | 0.20 | $850.00 | $170.00 |
| 04/28/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Transmit revised MOU to defense counsel | S/M | 0.10 | $850.00 | $85.00 |
| 05/04/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Confer with D. Tauger regarding drafting settlement agreement | S/M | 0.20 | $850.00 | $170.00 |
| 05/13/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Review and edit draft MOU | S/M | 0.40 | $850.00 | $340.00 |
| 05/13/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Confer with co-counsel regarding MOU (multiple calls and emails) | S/M | 0.80 | $850.00 | $680.00 |
| 05/15/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Review email regarding stipulation to continue mediation and data analysis | PL | 0.20 | $850.00 | $170.00 |
| 05/20/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Conference call with mediator L. Klerman | S/M | 0.60 | $850.00 | $510.00 |
| 05/20/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Confer with J. Thompson regarding ▓▓▓▓ ▓▓▓▓▓▓▓▓▓ | S/M | 0.20 | $850.00 | $170.00 |
| 05/20/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Review and revise MOU including review of file regarding settlement discussions and | S/M | 2.20 | $850.00 | $1,870.00 |
| 05/20/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Confer with J. Thompson regarding ▓▓▓▓ ▓▓▓▓▓▓ | S/M | 0.40 | $850.00 | $340.00 |
| 06/06/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Continue revising draft motion for preliminary approval | S/M | 3.50 | $850.00 | $2,975.00 |

**EXHIBIT 6, Page 85**

| Date | | Description | | | | |
|---|---|---|---|---|---|---|
| 06/07/2020 | SB | Continue revising draft motion for preliminary approval (sections regarding estimated damage analyses; review of Shiferaw file) | S/M | 5.00 | $850.00 | $4,250.00 |
| 06/09/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Send email to clerk to Judge Abrams regarding motion hearings | S/M | 0.10 | $850.00 | $85.00 |
| 06/09/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Confer with co-counsel regarding obtaining earlier settlement approval hearing dates | S/M | 0.20 | $850.00 | $170.00 |
| 06/11/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Confer with MJM re status and strategy for settlement negotiations | S/M | 0.30 | $850.00 | $255.00 |
| 06/15/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Review revised settlement agreement | S/M | 1.00 | $850.00 | $850.00 |
| 06/26/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Confer with counsel regarding further revisions to motion for preliminary approval; review further edits and transmit draft to defense counsel | S/M | 0.80 | $850.00 | $680.00 |
| 06/30/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Confer with client regarding settlement agreement and status | S/M | 0.20 | $850.00 | $170.00 |
| 07/06/2020 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Draft class notice | S/M | 1.30 | $850.00 | $1,105.00 |
| 07/09/2021 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Confer with settlement administrator | Comm | 0.10 | $850.00 | $85.00 |
| 07/14/2021 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Send notice template to settlement administrator and confer regarding same | Comm | 0.20 | $850.00 | $170.00 |

**EXHIBIT 6, Page 86**

| Date | | Matter | | | | |
|---|---|---|---|---|---|---|
| 07/19/2021 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Review formatted mailing document; confer with counsel and settlement administrator regarding approval | Comm | 0.40 | $850.00 | $340.00 |
| 07/21/2021 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Confer with co-counsel regarding notice and mailing | Comm | 0.10 | $850.00 | $85.00 |
| 07/22/2021 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Send revision to notice to settlement administrator and confer with counsel regarding same | Comm | 0.20 | $850.00 | $170.00 |
| 08/05/2021 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Review communications with counsel and settlement administrator regarding confirming notice mailing | Comm | 0.10 | $850.00 | $85.00 |
| 08/20/2021 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Review weekly report | S/M | 0.10 | $850.00 | $85.00 |
| 08/27/2021 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Review weekly report from settlement administrator | S/M | 0.10 | $850.00 | $85.00 |
| 09/03/2021 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Review weekly report from settlement administrator | S/M | 0.10 | $850.00 | $85.00 |
| 09/09/2021 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Review draft declaration of M. Brunner | S/M | 0.20 | $850.00 | $170.00 |
| 09/07/2021 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Begin drafting motion for final approval and supporting declaration | S/M | 2.30 | $850.00 | $1,955.00 |
| 09/10/2021 | SB | 1529-002.001/ Schlieser, Nancy Schlieser, Nancy vs. Sunrise Senior Living Management, Inc. Review weekly report from settlement administrator | S/M | 0.10 | $850.00 | $85.00 |

31

**EXHIBIT 6, Page 87**

| 09/11/2021 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Review deficiency of opt out | S/M | 0.10 | $850.00 | $85.00 |
| 09/12/2021 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Advise settlement administrator regarding acceptance of deficient opt out | Comm | 0.10 | $850.00 | $85.00 |
| 09/08/2021 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Continue drafting motion for final approval | S/M | 1.50 | $850.00 | $1,275.00 |
| 09/14/2021 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Confer with class member ▓▓▓▓▓ regarding query | Comm | 0.20 | $850.00 | $170.00 |
| 09/10/2021 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Continue drafting motion for final approval and supporting declaration | S/M | 2.50 | $850.00 | $2,125.00 |
| 09/13/2021 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Continue drafting motion for final approval; circulate draft to co-counsel for review and comment | S/M | 1.50 | $850.00 | $1,275.00 |
| 09/23/2021 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Continue preparing motion for fees and costs (review time records) | S/M | 1.30 | $850.00 | $1,105.00 |
| 09/22/2021 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Continue drafting fee motion | S/M | 3.30 | $850.00 | $2,805.00 |
| 09/12/2021 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Continue drafting motion for final approval and supporting declarations | S/M | 4.00 | $850.00 | $3,400.00 |
| 09/14/2021 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Review comments to draft motion for final approval and revise | S/M | 0.80 | $850.00 | $680.00 |

**EXHIBIT 6, Page 88**

| 09/16/2021 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Continue revising motion and supporting declarations | S/M | 1.00 | $850.00 | $850.00 |
|---|---|---|---|---|---|---|
| 09/15/2021 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Continue drafting fee motion and supporting documents | S/M | 1.50 | $850.00 | $1,275.00 |
| 09/19/2021 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Continue drafting motion for fees and costs and supporting documents | S/M | 1.50 | $850.00 | $1,275.00 |
| 09/21/2021 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Continue drafting motion for fees and costs and supporting documents | S/M | 2.00 | $850.00 | $1,700.00 |
| 09/20/2021 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Continue revising motion for final approval and supporting declarations | S/M | 2.00 | $850.00 | $1,700.00 |
| 09/22/2021 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Continue drafting motion for attorneys fees and costs and supporting declaration | S/M | 4.60 | $850.00 | $3,910.00 |
| 09/22/2021 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Continue drafting fee motion | S/M | 3.30 | $850.00 | $2,805.00 |
| 09/23/2021 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Continue preparing motion for fees and costs (review time records) | S/M | 1.30 | $850.00 | $1,105.00 |
| 09/27/2021 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Continue drafting motion for fees and costs and revising MJM declaration | S/M | 3.50 | $850.00 | $2,975.00 |
| 09/27/2021 | SB | 1529-002.001/ Schlieser, Nancy<br>Schlieser, Nancy vs. Sunrise Senior Living Management, Inc.<br>Continue drafting motion for final approval and revising MJM declaration | S/M | 3.00 | $850.00 | $2,550.00 |

**EXHIBIT 6, Page 89**

| Basis of Service Enhancement Award | Estimated Hours |
|---|---|
| Searched for and provided documents to counsel regarding employment at Sunrise including payroll and commission documents. | 3 |
| Conferences with counsel re facts, claims, overview of complex class and representative litigation, the litigation process generally, role and my obligations as the representative plaintiff. | 8 |
| Prepared for the settlement conference with Magistrate Judge Abrams and attended August 12, 2019 Settlement Conference including discussing facilities operations, the jobs of the employees, sales, commissions, bonuses, payroll, and timekeeping. | 6 |
| Provided information for the initial disclosure, helping to prepare for the mandatory settlement conference, and formal discovery including responding to interrogatories and requests for production. | 8 |
| Prepared for and appear for January 7, 2020 deposition. | 20 |
| Prepared for and attend February 24, 2019 mediation. | 15 |
| Assisting in preparation of motion for class certification, and providing  declaration in support of the motion. | 3 |
| Reviewed proposed settlement and conferring with counsel re evaluating the settlement and related documents. | 3 |

**EXHIBIT 6, Page 90**

| Anticipated Activities | Estimated Hours | Average Hourly Rate |
|---|---|---|
| Preparing for and attending the approval hearings leading up to final approval | 10 | $ 850.00 |
| Drafting the final approval motion papers | 25 | $ 850.00 |
| Interfacing with the Claims Administrator, monitoring the processand payments made to the Participating Settlement Class Members and responding to post-approval inquiries from them | 20 | $ 850.00 |

**EXHIBIT 6, Page 91**

---

**TABLE 1**

---

| Task 1: Case Management & Administration. | | | | |
|---|---|---|---|---|
| **Timekeepers** | **Position** | **Rate** | **Hours** | **Fee** |
| Thompson, Jason J. | Sr. Partner | $ 685.00 | 1.4 | $ 959.00 |
| Stoops, Kevin J. | Sr. Partner | $ 615.00 | 0.0 | $ - |
| Parker, David R | Sr. Partner | $ 500.00 | 0.0 | $ - |
| Kashima, Trent R | Jr. Partner | $ 475.00 | 0.1 | $ 47.50 |
| Johnston, Rod | Sr. Associate | $ 315.00 | 0.0 | $ - |
| Ash, Rob | Sr. Associate | $ 375.00 | 0.0 | $ - |
| Bailey, Elaina S | Jr. Associate | $ 280.00 | 0.0 | $ - |
| Vaughn, Wendy E | Paralegal | $ 125.00 | 0.0 | $ - |
| Stewart, Veronica L. | Paralegal | $ 175.00 | 0.8 | $ 140.00 |
| Nichols, Debbie A. | Paralegal | $ 150.00 | 0.0 | $ - |
| **Fee Request for Task 1** | | | **2.3** | **$ 1,146.50** |

| Task 2: Communications with Clients and Class Members. | | | | |
|---|---|---|---|---|
| **Timekeepers** | **Position** | **Rate** | **Hours** | **Amount** |
| Thompson, Jason J. | Sr. Partner | $ 685.00 | 0.2 | $ 137.00 |
| Stoops, Kevin J. | Sr. Partner | $ 615.00 | 0.0 | $ - |
| Parker, David R | Sr. Partner | $ 500.00 | 0.0 | $ - |
| Kashima, Trent R | Jr. Partner | $ 475.00 | 0.0 | $ - |
| Johnston, Rod | Sr. Associate | $ 315.00 | 0.0 | $ - |
| Ash, Rob | Sr. Associate | $ 375.00 | 1.4 | $ 525.00 |
| Bailey, Elaina S | Jr. Associate | $ 280.00 | 0.0 | $ - |
| Vaughn, Wendy E | Paralegal | $ 125.00 | 0.0 | $ - |
| Stewart, Veronica L. | Paralegal | $ 175.00 | 0.9 | $ 157.50 |
| Nichols, Debbie A. | Paralegal | $ 150.00 | 0.0 | $ - |
| **Fee Request for Task 2** | | | **2.5** | **$ 819.50** |

| Task 3: Discovery. | | | | |
|---|---|---|---|---|
| **Timekeepers** | **Position** | **Rate** | **Hours** | **Amount** |
| Thompson, Jason J. | Sr. Partner | $ 685.00 | 4.0 | $ 2,740.00 |
| Stoops, Kevin J. | Sr. Partner | $ 615.00 | 0.0 | $ - |
| Parker, David R | Sr. Partner | $ 500.00 | 0.0 | $ - |
| Kashima, Trent R | Jr. Partner | $ 475.00 | 16.1 | $ 7,652.25 |
| Johnston, Rod | Sr. Associate | $ 315.00 | 0.0 | $ - |
| Ash, Rob | Sr. Associate | $ 375.00 | 0.0 | $ - |
| Bailey, Elaina S | Jr. Associate | $ 280.00 | 0.0 | $ - |
| Vaughn, Wendy E | Paralegal | $ 125.00 | 4.8 | $ 600.00 |
| Stewart, Veronica L. | Paralegal | $ 175.00 | 0.0 | $ - |
| Nichols, Debbie A. | Paralegal | $ 150.00 | 0.2 | $ 30.00 |
| **Fee Request for Task 3** | | | **25.1** | **$ 11,022.25** |

| Task 4: Factual Investigation | | | | | |
|---|---|---|---|---|---|
| Timekeepers | Position | Rate | | Hours | Amount |
| Thompson, Jason J. | Sr. Partner | $ | 685.00 | 1.0 | $ 685.00 |
| Stoops, Kevin J. | Sr. Partner | $ | 615.00 | 0.0 | $ - |
| Parker, David R | Sr. Partner | $ | 500.00 | 0.0 | $ - |
| Kashima, Trent R | Jr. Partner | $ | 475.00 | 0.1 | $ 47.50 |
| Johnston, Rod | Sr. Associate | $ | 315.00 | 0.0 | $ |
| Ash, Rob | Sr. Associate | $ | 375.00 | 0.0 | $ - |
| Bailey, Elaina S | Jr. Associate | $ | 280.00 | 0.0 | $ - |
| Vaughn, Wendy E | Paralegal | $ | 125.00 | 0.0 | $ - |
| Stewart, Veronica L. | Paralegal | $ | 175.00 | 0.0 | $ - |
| Nichols, Debbie A. | Paralegal | $ | 150.00 | 0.0 | $ - |
| **Fee Request for Task 4** | | | | **1.1** | **$ 732.50** |

| Task 5: Legal Research | | | | | |
|---|---|---|---|---|---|
| Timekeepers | Position | Rate | | Hours | Amount |
| Thompson, Jason J. | Sr. Partner | $ | 685.00 | 3.5 | $ 2,397.50 |
| Stoops, Kevin J. | Sr. Partner | $ | 615.00 | 0.0 | $ - |
| Parker, David R | Sr. Partner | $ | 500.00 | 2.0 | $ 1,000.00 |
| Kashima, Trent R | Jr. Partner | $ | 475.00 | 0.6 | $ 285.00 |
| Johnston, Rod | Sr. Associate | $ | 315.00 | 6.0 | $ 1,890.00 |
| Ash, Rob | Sr. Associate | $ | 375.00 | 0.0 | $ - |
| Bailey, Elaina S | Jr. Associate | $ | 280.00 | 0.0 | $ - |
| Vaughn, Wendy E | Paralegal | $ | 125.00 | 0.0 | $ - |
| Stewart, Veronica L. | Paralegal | $ | 175.00 | 0.0 | $ - |
| Nichols, Debbie A. | Paralegal | $ | 150.00 | 0.0 | $ - |
| **Fee Request for Task 5** | | | | **12.1** | **$ 5,572.50** |

| Task 6: Litigation Strategy and Case Analysis | | | | | |
|---|---|---|---|---|---|
| Timekeepers | Position | Rate | | Hours | Amount |
| Thompson, Jason J. | Sr. Partner | $ | 685.00 | 3.4 | $ 2,329.00 |
| Stoops, Kevin J. | Sr. Partner | $ | 615.00 | 0.0 | $ - |
| Parker, David R | Sr. Partner | $ | 500.00 | 0.0 | $ - |
| Kashima, Trent R | Jr. Partner | $ | 475.00 | 0.0 | $ - |
| Johnston, Rod | Sr. Associate | $ | 315.00 | 0.0 | $ - |
| Ash, Rob | Sr. Associate | $ | 375.00 | 0.0 | $ - |
| Bailey, Elaina S | Jr. Associate | $ | 280.00 | 0.0 | $ - |
| Vaughn, Wendy E | Paralegal | $ | 125.00 | 0.0 | $ - |
| Stewart, Veronica L. | Paralegal | $ | 175.00 | 0.2 | $ 35.00 |
| Nichols, Debbie A. | Paralegal | $ | 150.00 | 0.0 | $ - |
| **Fee Request for Task 6** | | | | **3.6** | **$ 2,364.00** |

| Task 7: Pleading |
|---|

**EXHIBIT 7, Page 93**

| Timekeepers | Position | Rate | | Hours | Amount | |
|---|---|---|---|---|---|---|
| Thompson, Jason J. | Sr. Partner | $ | 685.00 | 1.1 | $ | 753.50 |
| Stoops, Kevin J. | Sr. Partner | $ | 615.00 | 0.5 | $ | 307.50 |
| Parker, David R | Sr. Partner | $ | 500.00 | 0.0 | $ | - |
| Kashima, Trent R | Jr. Partner | $ | 475.00 | 0.1 | $ | 47.50 |
| Johnston, Rod | Sr. Associate | $ | 315.00 | 2.3 | $ | 724.50 |
| Ash, Rob | Sr. Associate | $ | 375.00 | 0.0 | $ | - |
| Bailey, Elaina S | Jr. Associate | $ | 280.00 | 0.0 | $ | - |
| Vaughn, Wendy E | Paralegal | $ | 125.00 | 1.1 | $ | 137.50 |
| Stewart, Veronica L. | Paralegal | $ | 175.00 | 0.2 | $ | 35.00 |
| Nichols, Debbie A. | Paralegal | $ | 150.00 | 0.0 | $ | - |
| **Fee Request for Task 7** | | | | **5.3** | **$** | **2,005.50** |

| Task 8: Motion to Dismiss | | | | | | |
|---|---|---|---|---|---|---|
| Timekeepers | Position | Rate | | Hours | Amount | |
| Thompson, Jason J. | Sr. Partner | $ | 685.00 | 0.3 | $ | 205.50 |
| Stoops, Kevin J. | Sr. Partner | $ | 615.00 | 0.0 | $ | - |
| Parker, David R | Sr. Partner | $ | 500.00 | 0.0 | $ | - |
| Kashima, Trent R | Jr. Partner | $ | 475.00 | 0.0 | $ | - |
| Johnston, Rod | Sr. Associate | $ | 315.00 | 0.0 | $ | - |
| Ash, Rob | Sr. Associate | $ | 375.00 | 0.0 | $ | - |
| Bailey, Elaina S | Jr. Associate | $ | 280.00 | 0.0 | $ | - |
| Vaughn, Wendy E | Paralegal | $ | 125.00 | 0.7 | $ | 87.50 |
| Stewart, Veronica L. | Paralegal | $ | 175.00 | 0.0 | $ | - |
| Nichols, Debbie A. | Paralegal | $ | 150.00 | 0.0 | $ | - |
| **Fee Request for Task 8** | | | | **1.0** | **$** | **293.00** |

| Task 9: Motion to Transfer | | | | | | |
|---|---|---|---|---|---|---|
| Timekeepers | Position | Rate | | Hours | Amount | |
| Thompson, Jason J. | Sr. Partner | $ | 685.00 | 0.0 | $ | - |
| Stoops, Kevin J. | Sr. Partner | $ | 615.00 | 0.8 | $ | 492.00 |
| Parker, David R | Sr. Partner | $ | 500.00 | 20.0 | $ | 10,000.00 |
| Kashima, Trent R | Jr. Partner | $ | 475.00 | 1.8 | $ | 855.00 |
| Johnston, Rod | Sr. Associate | $ | 315.00 | 0.0 | $ | - |
| Ash, Rob | Sr. Associate | $ | 375.00 | 0.0 | $ | - |
| Bailey, Elaina S | Jr. Associate | $ | 280.00 | 0.0 | $ | - |
| Vaughn, Wendy E | Paralegal | $ | 125.00 | 0.0 | $ | - |
| Stewart, Veronica L. | Paralegal | $ | 175.00 | 0.0 | $ | - |
| Nichols, Debbie A. | Paralegal | $ | 150.00 | 0.0 | $ | - |
| **Fee Request for Task 9** | | | | **22.6** | **$** | **11,347.00** |

| Task 10: Motion for Preliminary Approval | | | | | | |
|---|---|---|---|---|---|---|
| Timekeepers | Position | Rate | | Hours | Amount | |
| Thompson, Jason J. | Sr. Partner | $ | 685.00 | 20.8 | $ | 14,248.00 |

**EXHIBIT 7, Page 94**

| Timekeepers | Position | Rate | | Hours | Amount | |
|---|---|---|---|---|---|---|
| Stoops, Kevin J. | Sr. Partner | $ | 615.00 | 0.0 | $ | - |
| Parker, David R | Sr. Partner | $ | 500.00 | 0.0 | $ | - |
| Kashima, Trent R | Jr. Partner | $ | 475.00 | 0.3 | $ | 142.50 |
| Johnston, Rod | Sr. Associate | $ | 315.00 | 0.0 | $ | - |
| Ash, Rob | Sr. Associate | $ | 375.00 | 0.0 | $ | - |
| Bailey, Elaina S | Jr. Associate | $ | 280.00 | 0.0 | $ | - |
| Vaughn, Wendy E | Paralegal | $ | 125.00 | 1.0 | $ | 125.00 |
| Stewart, Veronica L. | Paralegal | $ | 175.00 | 0.0 | $ | - |
| Nichols, Debbie A. | Paralegal | $ | 150.00 | 0.0 | $ | - |
| | | **Fee Request for Task 10** | | **22.1** | **$** | **14,515.50** |

| Task 11: Misc. Motion for Final Approval | | | | | | |
|---|---|---|---|---|---|---|
| **Timekeepers** | **Position** | **Rate** | | **Hours** | **Amount** | |
| Thompson, Jason J. | Sr. Partner | $ | 725.00 | 18.4 | $ | 13,340.00 |
| Stoops, Kevin J. | Sr. Partner | $ | 615.00 | 0.0 | $ | - |
| Parker, David R | Sr. Partner | $ | 500.00 | 0.0 | $ | - |
| Kashima, Trent R | Jr. Partner | $ | 475.00 | 11.5 | $ | 5,462.50 |
| Johnston, Rod | Sr. Associate | $ | 315.00 | 0.0 | $ | - |
| Ash, Rob | Sr. Associate | $ | 375.00 | 0.0 | $ | - |
| Bailey, Elaina S | Jr. Associate | $ | 280.00 | 0.0 | $ | - |
| Vaughn, Wendy E | Paralegal | $ | 125.00 | 0.3 | $ | 37.50 |
| Stewart, Veronica L. | Paralegal | $ | 175.00 | 0.0 | $ | - |
| Nichols, Debbie A. | Paralegal | $ | 150.00 | 0.0 | $ | - |
| | | **Fee Request for Task 11** | | **30.2** | **$** | **18,840.00** |

| Task 12: Misc. Motions and Court Filings | | | | | | |
|---|---|---|---|---|---|---|
| **Timekeepers** | **Position** | **Rate** | | **Hours** | **Amount** | |
| Thompson, Jason J. | Sr. Partner | $ | 685.00 | 2.9 | $ | 1,986.50 |
| Stoops, Kevin J. | Sr. Partner | $ | 615.00 | 0.0 | $ | - |
| Parker, David R | Sr. Partner | $ | 500.00 | 1.0 | $ | 500.00 |
| Kashima, Trent R | Jr. Partner | $ | 475.00 | 12.1 | $ | 5,747.50 |
| Johnston, Rod | Sr. Associate | $ | 315.00 | 0.1 | $ | 31.50 |
| Ash, Rob | Sr. Associate | $ | 375.00 | 0.0 | $ | - |
| Bailey, Elaina S | Jr. Associate | $ | 280.00 | 0.0 | $ | - |
| Vaughn, Wendy E | Paralegal | $ | 125.00 | 0.3 | $ | 37.50 |
| Stewart, Veronica L. | Paralegal | $ | 175.00 | 0.0 | $ | - |
| Nichols, Debbie A. | Paralegal | $ | 150.00 | 0.0 | $ | - |
| | | **Fee Request for Task 12** | | **16.4** | **$** | **8,303.00** |

| Task 13: Mediation and Settlement Negotiations | | | | | | |
|---|---|---|---|---|---|---|
| **Timekeepers** | **Position** | **Rate** | | **Hours** | **Amount** | |
| Thompson, Jason J. | Sr. Partner | $ | 685.00 | 97.3 | $ | 66,650.50 |
| Stoops, Kevin J. | Sr. Partner | $ | 615.00 | 0.0 | $ | - |
| Parker, David R | Sr. Partner | $ | 500.00 | 0.0 | $ | - |

| Kashima, Trent R | Jr. Partner | $ | 475.00 | 50.5 | $ | 23,987.50 |
|---|---|---|---|---|---|---|
| Johnston, Rod | Sr. Associate | $ | 315.00 | 0.0 | $ | - |
| Ash, Rob | Sr. Associate | $ | 375.00 | 0.0 | $ | - |
| Bailey, Elaina S | Jr. Associate | $ | 280.00 | 3.6 | $ | 1,008.00 |
| Vaughn, Wendy E | Paralegal | $ | 125.00 | 0.1 | $ | 12.50 |
| Stewart, Veronica L. | Paralegal | $ | 175.00 | 0.0 | $ | - |
| Nichols, Debbie A. | Paralegal | $ | 150.00 | 0.0 | $ | - |
| **Fee Request for Task 13** | | | | **151.5** | **$** | **91,658.50** |

**TABLE 2**

| TIMEKEEPER | RATE | HOURS BY TASK | | TOTALS |
|---|---|---|---|---|
| | | Task | Total Hours Spent by Attorney on Task | |
| **Thompson, Jason J.** **(Sr. Partner)** | $ 685-725* | Task 1: Case Management & Administration | 1.4 | **Hours: 154.3** **Amount: $106,431.50** |
| | | Task 2: Communications with Clients and Class Members | 0.2 | |
| | | Task 3: Discovery | 4.0 | |
| | | Task 4: Factual Investigation | 1.0 | |
| | | Task 5: Legal Research | 3.5 | |
| | | Task 6: Litigation Strategy and Case Analysis | 3.4 | |
| | | Task 7: Pleading | 1.1 | |
| | | Task 8: Motion to Dismiss | 0.3 | |
| | | Task 9: Motion to Transfer | 0.0 | |
| | | Task 10: Motion for Preliminary Approval | 20.8 | |
| | | Approval | 18.4 | |
| | | Task 12: Misc. Motions and Court Filings | 2.9 | |
| | | Task 13: Mediation and Settlement Negotiations | 97.3 | |
| *Please note that Mr. Thompson's hourly billing rate changed in 2021, to $725. This increased rate is only applied to Task 11: Motion for Final Approval.  All other tasks are billed at Mr. Thompon's prior rate of $685. | | | | |
| **Stoops, Kevin J.** **(Sr. Partner)** | $ 615.00 | Task 1: Case Management & Administration | 0.0 | **Hours: 1.3** **Amount: $799.50** |
| | | Task 2: Communications with Clients and Class Members | 0.0 | |
| | | Task 3: Discovery | 0.0 | |
| | | Task 4: Factual Investigation | 0.0 | |
| | | Task 5: Legal Research | 0.0 | |
| | | Task 6: Litigation Strategy and Case Analysis | 0.0 | |
| | | Task 7: Pleading | 0.5 | |
| | | Task 8: Motion to Dismiss | 0.0 | |
| | | Task 9: Motion to Transfer | 0.8 | |
| | | Approval | 0.0 | |
| | | Task 11: Motion for Final Approval | 0.0 | |
| | | Task 12: Misc. Motions and Court Filings | 0.0 | |
| | | Task 13: Mediation and Settlement Negotiations | 0.0 | |
| **Parker, David R** **(Sr. Partner)** | $ 500.00 | Task 1: Case Management & Administration | 0.0 | **Hours: 23.0** **Amount: $11,500.00** |
| | | Task 2: Communications with Clients and Class Members | 0.0 | |
| | | Task 3: Discovery | 0.0 | |
| | | Task 4: Factual Investigation | 0.0 | |
| | | Task 5: Legal Research | 2.0 | |
| | | Task 6: Litigation Strategy and Case Analysis | 0.0 | |
| | | Task 7: Pleading | 0.0 | |
| | | Task 8: Motion to Dismiss | 0.0 | |
| | | Task 9: Motion to Transfer | 20.0 | |
| | | Approval | 0.0 | |
| | | Task 11: Motion for Final Approval | 0.0 | |
| | | Task 12: Misc. Motions and Court Filings | 1.0 | |
| | | Task 13: Mediation and Settlement Negotiations | 0.0 | |
| **Kashima, Trent R** | $ 475.00 | Task 1: Case Management & Administration | 0.1 | **Hours: 93.2** |

| | | | | |
|---|---|---|---|---|
| **(Jr. Partner)** | | Task 2: Communications with Clients and Class Members | 0.0 | **Amount: $44,274.75** |
| | | Task 3: Discovery | 16.1 | |
| | | Task 4: Factual Investigation | 0.1 | |
| | | Task 5: Legal Research | 0.6 | |
| | | Task 6: Litigation Strategy and Case Analysis | 0.0 | |
| | | Task 7: Pleading | 0.1 | |
| | | Task 8: Motion to Dismiss | 0.0 | |
| | | Task 9: Motion to Transfer | 1.8 | |
| | | Approval | 0.3 | |
| | | Task 11: Motion for Final Approval | 11.5 | |
| | | Task 12: Misc. Motions and Court Filings | 12.1 | |
| | | Task 13: Mediation and Settlement Negotiations | 50.5 | |
| **Johnston, Rod (Sr. Associate)** | $ 315.00 | Task 1: Case Management & Administration | 0.0 | **Hours: 8.4** **Amount: $2,646.00** |
| | | Task 2: Communications with Clients and Class Members | 0.0 | |
| | | Task 3: Discovery | 0.0 | |
| | | Task 4: Factual Investigation | 0.0 | |
| | | Task 5: Legal Research | 6.0 | |
| | | Task 6: Litigation Strategy and Case Analysis | 0.0 | |
| | | Task 7: Pleading | 2.3 | |
| | | Task 8: Motion to Dismiss | 0.0 | |
| | | Task 9: Motion to Transfer | 0.0 | |
| | | Approval | 0.0 | |
| | | Task 11: Motion for Final Approval | 0.0 | |
| | | Task 12: Misc. Motions and Court Filings | 0.1 | |
| | | Task 13: Mediation and Settlement Negotiations | 0.0 | |
| **Ash, Rob (Sr. Associate)** | $ 375.00 | Task 1: Case Management & Administration | 0.0 | **Hours: 1.4** **Amount: $525.00** |
| | | Task 2: Communications with Clients and Class Members | 1.4 | |
| | | Task 3: Discovery | 0.0 | |
| | | Task 4: Factual Investigation | 0.0 | |
| | | Task 5: Legal Research | 0.0 | |
| | | Task 6: Litigation Strategy and Case Analysis | 0.0 | |
| | | Task 7: Pleading | 0.0 | |
| | | Task 8: Motion to Dismiss | 0.0 | |
| | | Task 9: Motion to Transfer | 0.0 | |
| | | Approval | 0.0 | |
| | | Task 11: Motion for Final Approval | 0.0 | |
| | | Task 12: Misc. Motions and Court Filings | 0.0 | |
| | | Task 13: Mediation and Settlement Negotiations | 0.0 | |
| **Bailey, Elaina S (Jr. Associate)** | $ 280.00 | Task 1: Case Management & Administration | 0.0 | **Hours: 3.6** **Amount: $1,008.00** |
| | | Task 2: Communications with Clients and Class Members | 0.0 | |
| | | Task 3: Discovery | 0.0 | |
| | | Task 4: Factual Investigation | 0.0 | |
| | | Task 5: Legal Research | 0.0 | |
| | | Task 6: Litigation Strategy and Case Analysis | 0.0 | |
| | | Task 7: Pleading | 0.0 | |
| | | Task 8: Motion to Dismiss | 0.0 | |
| | | Task 9: Motion to Transfer | 0.0 | |
| | | Approval | 0.0 | |

| | | | | |
|---|---|---|---|---|
| | | Task 11 Motion for Final Approval | 0.0 | |
| | | Task 12: Misc. Motions and Court Filings | 0.0 | |
| | | Task 13: Mediation and Settlement Negotiations | 3.6 | |
| **Stewart, Veronica L. (Paralegal)** | $ 175.00 | Task 1: Case Management & Administration | 0.8 | **Hours: 2.1 Amount: $367.50** |
| | | Task 2: Communications with Clients and Class Members | 0.9 | |
| | | Task 3: Discovery | 0.0 | |
| | | Task 4: Factual Investigation | 0.0 | |
| | | Task 5: Legal Research | 0.0 | |
| | | Task 6: Litigation Strategy and Case Analysis | 0.2 | |
| | | Task 7: Pleading | 0.2 | |
| | | Task 8: Motion to Dismiss | 0.0 | |
| | | Task 9: Motion to Transfer | 0.0 | |
| | | Approval | 0.0 | |
| | | Task 11 Motion for Final Approval | 0.0 | |
| | | Task 12: Misc. Motions and Court Filings | 0.0 | |
| | | Task 13: Mediation and Settlement Negotiations | 0.0 | |
| **Vaughn, Wendy E (Paralegal)** | $ 125.00 | Task 1: Case Management & Administration | 0.0 | **Hours: 8.3 Amount: $1,037.50** |
| | | Task 2: Communications with Clients and Class Members | 0.0 | |
| | | Task 3: Discovery | 4.8 | |
| | | Task 4: Factual Investigation | 0.0 | |
| | | Task 5: Legal Research | 0.0 | |
| | | Task 6: Litigation Strategy and Case Analysis | 0.0 | |
| | | Task 7: Pleading | 1.1 | |
| | | Task 8: Motion to Dismiss | 0.7 | |
| | | Task 9: Motion to Transfer | 0.0 | |
| | | Approval | 1.0 | |
| | | Task 11 Motion for Final Approval | 0.3 | |
| | | Task 12: Misc. Motions and Court Filings | 0.3 | |
| | | Task 13: Mediation and Settlement Negotiations | 0.1 | |
| **Nichols, Debbie A. (Paralegal)** | $ 150.00 | Task 1: Case Management & Administration | 0.0 | **Hours: 0.2 Amount: $30.00** |
| | | Task 2: Communications with Clients and Class Members | 0.0 | |
| | | Task 3: Discovery | 0.2 | |
| | | Task 4: Factual Investigation | 0.0 | |
| | | Task 5: Legal Research | 0.0 | |
| | | Task 6: Litigation Strategy and Case Analysis | 0.0 | |
| | | Task 7: Pleading | 0.0 | |
| | | Task 8: Motion to Dismiss | 0.0 | |
| | | Task 9: Motion to Transfer | 0.0 | |
| | | Approval | 0.0 | |
| | | Task 11 Motion for Final Approval | 0.0 | |
| | | Task 12: Misc. Motions and Court Filings | 0.0 | |
| | | Task 13: Mediation and Settlement Negotiations | 0.0 | |
| **TOTAL** | | | | **Hours: 295.8 Amount: $168,619.75** |

**EXPENSES**

| Date | ExpCode | Amount | Narrative |
|------|---------|--------|-----------|
| 4/1/2019 | Local travel | $18.01 | Cab - 3.29.19, CA - Jason J. Thompson |
| 4/1/2019 | Local travel | $24.48 | Cab - 3.29.19, CA - Jason J. Thompson |
| 4/15/2019 | Lodging | $120.29 | Lodging [Meeting w/Trent and Jean-Claude 3.28-29.2019]Jason J. Thompson |
| 4/16/2019 | Air fare | $631.97 | Air fare [Meeting w/Claude Lapuyade 3.28.19]Jason J. Thompson |
| 4/17/2019 | Local travel | $43.98 | JJT Mileage & Parking Romulus 03-31-19 |
| 4/29/2019 | Legal Research | $8.80 | Research - Pacer |
| 8/13/2019 | Local travel | $47.02 | Local travel [8/11-12/2019]Jason J. Thompson |
| 8/27/2019 | Lodging | $207.69 | Lodging [CA Mediation 8/11-12/2019]Jason J. Thompson |
| 8/27/2019 | Meals | $40.53 | Meals  [CA Mediation 8/11-12/2019]Jason J. Thompson |
| 8/27/2019 | Air fare | $801.00 | Air fare [CA Mediation 8/11-12/2019]Jason J. Thompson |
| 10/22/2019 | Legal Research | $1.10 | Research - Pacer |
| 11/8/2019 | Postage | $2.00 | Postage |
| 12/13/2019 | Postage | $9.30 | Postage |
| 12/18/2019 | Filing Fees | $9.95 | Court filing fee |
| 12/18/2019 | Filing Fees | $9.95 | Court filing fee |
| 1/14/2020 | Postage | $9.30 | Postage |
| 1/20/2020 | Facilitation | $1,500.00 | Facilitation fee/Mediation Lisa Klerman,777 Silver Spur Road, Suites 233 / 234, Rollings Hills Estates, CA  90274 |
| 1/21/2020 | Postage | $0.50 | Postage |
| 2/4/2020 | Legal Research | $1.40 | Research - Pacer |
| 2/4/2020 | Legal Research | $19.03 | Research - Pacer |
| 2/25/2020 | Air fare | $1,918.40 | Air fare to LAX re Mediation 2.23-25.2020Jason J. Thompson |
| 3/12/2020 | Local travel | $75.97 | Local travel [Mediation 2.23-24.2020]Jason Thompson |
| 3/12/2020 | Meals | $193.15 | Lodging [Mediation 2.23-24.2020]Jason Thompson |
| 3/12/2020 | Local travel | $20.00 | Parking - Mediation 2.25.2020Jason J. Thompson |
| 3/12/2020 | Meals | $41.31 | Meals [mediation 2.23.2020]Jason J. Thompson |
| 3/12/2020 | Meals | $89.30 | Meals [Mediation meeting w/Counsel 3.24.2020]Jason J. Thompson |
| | **Total** | $5,844.43 | |

TABLE 2

| Attorney | Rate | Hours by Task | | Totals: |
|---|---|---|---|---|
| | | | | Total Hours |
| Shani O. | | | | Spent on |
| Zakay, Partner | $500/hr | Task | | Task |
| | | Complaint (Preparing, Filing, Service) | | 7.8 |
| | | PAGA Notice and Complaint (Preparing, Filing, Service) | | 5.3 |
| | | Removal and Remand | | 2.7 |
| | | Motion to Dismiss (12b(6)) and Opposition | | 6.8 |
| | | First Amended Complaint (Motion for Leave, Preparing, Filing, Service) | | 10.1 |
| | | Joint Motion to Extend Time to Respond to Complaint | | 2.6 |
| | | Settlement Conference with Judge Abrams (Coordination, Preparation, | | 48.1 |
| | | Written Discovery to Defendant | | 4.6 |
| | | Joint Motion to Lift Stay / Extend Stay | | 3.5 |
| | | Stipulation to Continue CMC / Stay PAGA Action | | 1.5 |
| | | Motion to Transfer (Review and Oppose) | | 7.1 |
| | | Answers to Complaint (Review) | | 2.5 |
| | | Early Neutral Evaluation (Preparation and Attendance) | | 10.9 |
| | | Case Management Conference and Trial Setting Conference (PAGA Case) | | 3.4 |
| | | Motion to Stay PAGA Action (Review and Research) | | 1.6 |
| | | Scheduling Conference Statement and Initial Disclosures | | 4.5 |
| | | Joint Prosecution Agreement (Negotiation and Drafting) | | 4 |
| | | Defendant's Discovery (Review and Respond) | | 2.2 |
| | | Mediation (Preparation and Attendance) | | 23.7 |
| | | Joint Motion to Stay Pending Mediation | | 3.5 |
| | | Mediation Status Report and Notice of Settlement | | 6.8 |
| | | Memorandum of Understanding and Settlement Agreement | | 12 |
| | | Motion for Preliminary Approval | | 11 |
| | | Misc. Document Review, Legal Research, Conferences with Co-Counsel | | 5.2 |
| | | Notice Administration and Motion for Final Approval | | 9.7 |
| Total | | | | Hours: 201.1 |
| | | | | Amount: $100,550 |

TASK 1:
Complaint
(Preparing,
Filing, Service)

| | | |
|---|---|---|
| 0.2 | 100 | Emails with co-counsel regarding call yesterday. |
| 0.2 | 100 | Emails and telephone conversation with co-counsel regarding additional |
| 0.1 | 50 | Emails with co-counsel to schedule conference call. |
| | | Review the filed Complaint and related documents and upload to CLIO. |
| | | Calendar CMC and related dates. Research judge and discuss with co- |
| 1.5 | 750 | counsel. Email co-counsel regarding filed documents. Review invoice for |
| 0.1 | 50 | Review filed POS from OneLegal. |
| 0.2 | 100 | Review invoice and update expenses in CLIO. Upload to CLIO. |
| 0.2 | 100 | Review filed POS and calendar deadline to answer. Upload to CLIO and |

TASK 2: PAGA
Notice and
Complaint
(Preparing,
Filing, Service)

| | | |
|---|---|---|
| 1.5 | 750 | Draft PAGA letter and PAGA fee letter |
| 2.5 | 1250 | Draft new PAGA only complaint. |
| 0.3 | 150 | Work on PAGA only complaint and email to co-counsel for review. |
| 0.1 | 50 | Discussion with co-counsel regarding follow up on PAGA only action filing. |
| 0.8 | 400 | Prepare Civil Case Cover Sheet and Summons |
| 0.4 | 200 | Review the summons and civil cover sheet for the PAGA only complaint. |
| 0.7 | 350 | Review filed PAGA only complaint and related documents.  Calendar |

TASK 3:
Removal and
Remand

| | | |
|---|---|---|
| 1.5 | 750 | Review Notice of Removal and related documents.  Discuss with co- |
| 0.5 | 250 | Multiple discussions with co-counsel regarding removal and necessary |
| 0.2 | 100 | Review Notice of Removal filed in state court and upload to CLIO. |
| 0.5 | 250 | Meeting with co-counsel to discuss necessary work on motion to remand. |

TASK 4:
Motion to
Dismiss
(12b(6)) and
Opposition

| | | |
|---|---|---|
| 1.5 | 750 | Review portions of defendant's motion to dismiss.  Legal research |
| 1 | 500 | Begin work on opposition to motion to dismiss and motion to strike - draft |
| 1.5 | 750 | Continue work on opposition to 12(b)(6) motion.  Draft standard of review |
| 2 | 1000 | Review Defendant's motion to strike class allegations.  Conference with co- |
| 0.8 | 400 | Telephone conference with co-counsel to discuss strategy responding to |

TASK 5: First
Amended
Complaint
(Motion for
Leave,
Preparing,
Filing, Service)

| | | |
|---|---|---|
| 5 | 2500 | Draft the First Amended Complaint. |
| 1 | 500 | Multiple emails with co-counsel and further revisions to the FAC.  Emails  Telephone conversation with the client to discuss various matters.  Prepare |
| 1.5 | 750 | FLSA consent form for signature.  Prepare new fee agreement.  Discussion |
| 0.5 | 250 | Review related case motion and order on certification and email co- |
| 0.5 | 250 | Telephone conference with co-counsel to discuss stipulation and motion |
| 0.4 | 200 | Review revised motion and joint stip regarding filing of FAC.  Emails with |
| 0.2 | 100 | Download and review signed order.  Email to co-counsel.  Upload to CLIO. |
| 0.5 | 250 | Work with staff to file FAC.  Review filed FAC.  Review email from co- |
| 0.5 | 250 | Review the revised FAC and PAGA action and discuss with staff. |

**EXHIBIT 8, Page 102**

TASK 6: Joint
Motion to
Extend Time
to Respond to
Complaint

| | | |
|---|---|---|
| 0.3 | 150 | Review stipulation and order extending time to respond to the FAC. |
| 0.2 | 100 | Review filed motion to extend time to respond to the Complaint and |
| 0.1 | 50 | Review order granting extension to respond to the complaint and upload |
| | | Emails and telephone conversation with OPC regarding stipulation to |
| 0.8 | 400 | extend time to respond to the complaint.  Review proposed joint |
| 1 | 500 | Prepare for and attend two telephone conferences with co-counsel. |
| 0.2 | 100 | Review filed order granting extension to answer and upload to CLIO. |

TASK 7:
Settlement
Conference
with Judge
Abrams
(Coordination,
Preparation,
Attendance)

| | | |
|---|---|---|
| 0.5 | 250 | Prepare for and attend conference call with co-counsel regarding |
| 0.1 | 50 | Emails with co-counsel regarding mediation negotiations and meeting to |
| 0.5 | 250 | Review stipulation for stay pending mediation and emails with OPC and co- |
| 0.3 | 150 | Review stipulation and proposed order submitted for filing.  Review notice |
| 0.4 | 200 | Review signed order granting stay pending mediation.  Calendar all related |
| 1 | 500 | Prepare for and attend conference call with co-counsel and OPC to discuss |
| 0.3 | 150 | Review email from OPC with client's file and discuss with co-counsel. |
| | | Emails and discussions with co-counsel regarding sampling and mediation |
| 1 | 500 | timing.  Call court to inquire about new mediation date. Review email from |
| 0.7 | 350 | Prepare for and attend conference call with OPC and co-counsel to discuss |
| 0.4 | 200 | Review email from OPC and order regarding settlement conference. |
| 0.2 | 100 | Emails with co-counsel regarding telephone conference to discuss |
| 0.7 | 350 | Draft joint report regarding status of mediation for co-counsel's review. |
| 0.8 | 400 | Draft notice of consent to order re settlement conference and emails with |
| 0.2 | 100 | Emails with co-counsel and review notice of consent. |
| 0.5 | 250 | Emails and telephone conversation with co-counsel regarding sample data |
| 0.3 | 150 | Review emails regarding various locations to be used for sample data. |
| 1 | 500 | Multiple emails and conversations with OPC and co-counsel regarding joint |
| 0.2 | 100 | Emails with co-counsel regarding status of mediation and |
| 0.8 | 400 | Draft stipulation and proposed order to continue settlement conference. |
| 0.3 | 150 | Review revisions to stipulation to continue settlement conference and |
| 0.1 | 50 | Review email from co-counsel and docket entry regarding stipulation and |
| 0.5 | 250 | Review new stipulation and order and emails with co-counsel regarding the |
| 0.2 | 100 | Review email from co-counsel with signed order continuing status |
| 0.2 | 100 | Review new order regarding settlement conference and calendar date |
| 0.2 | 100 | Emails with counsel to set up a call to discuss workflow in preparation for |
| 0.2 | 100 | Emails regarding data production. |
| 3 | 1500 | Review documents produced for mediation. |

**EXHIBIT 8, Page 103**

| | | |
|---|---|---|
| 0.2 | 100 | Emails and calls with OPC regarding joint motion to excuse Van Cleave |
| 0.5 | 250 | Review email from OPC and proposed report re: mediation to be submitted |
| 0.2 | 100 | Review filed status report regarding mediation. |
| 0.2 | 100 | Emails with co-counsel to set up conference call. |
| 0.2 | 100 | Multiple emails regarding conference call with co-counsel today. |
| 0.1 | 50 | Emails with OPC regarding stipulation to permit Van Cleave to appear at |
| 0.7 | 350 | Prepare for and attend conference call with co-counsel in preparation for Conference with co-counsel to discuss plans for mediation, client's |
| 0.7 | 350 | attendance, and travel arrangements.  Emails with OPC regarding Telephone conversation with the client to provide an update and to discuss |
| 0.6 | 300 | transportation to mediation.  Coordinate travel arrangements for client for |
| 0.3 | 150 | Begin work on the mediation brief - draft title page. |
| 1.5 | 750 | Continue work on mediation brief - draft introduction and background Continue work on the mediation brief - draft discussion section.  Discussion |
| 2.5 | 1250 | with co-counsel regarding the various claims and review documents |
| 1 | 500 | Review expert report for the mediation and discuss with co-counsel. |
| 0.4 | 200 | Prepare for call with co-counsel.  Telephone conference with co-counsel to |
| 0.3 | 150 | Review pay code produced by OPC and upload to CLIO. |
| 0.5 | 250 | Multiple emails with co-counsel regarding missing information for |
| 0.4 | 200 | Review settlement offer letter from OPC.  Discuss with co-counsel.  Emails |
| 0.4 | 200 | Review and approve joint mediation report and emails with OPC regarding |
| 0.3 | 150 | Emails with co-counsel and Matern regarding mediation dates and issues |
| 0.3 | 150 | Review new mediation report and emails with OPC regarding the same. |
| 0.1 | 50 | Review filed report and upload to CLIO. |
| 0.2 | 100 | Emails with co-counsel regarding mediation dates. |
| 0.2 | 100 | Meeting with staff to discuss necessary research in preparation for |
| 0.1 | 50 | Emails with co-counsel to follow up on new dates for mediation. |
| 0.3 | 150 | Emails and discussion with co-counsel regarding new mediation dates. |
| 0.2 | 100 | Coordinate new transportation for client to the settlement conference. |
| 0.7 | 350 | Review legal research on discretionary v. non-discretionary bonuses and |
| 0.7 | 350 | Review research on 203 penalties for meal premium payment violations |
| 0.3 | 150 | Review additional research and findings on the Stewart case in preparation Review additions to the mediation brief regarding 203 for meal break |
| 0.7 | 350 | penalties and discretionary v. non-discretionary bonuses.  Finalize and |
| 0.2 | 100 | Discussion with co-counsel and emails to set up a call to discuss issues for |
| 0.5 | 250 | Prepare for and attend conference call with co-counsel to discuss |
| 0.5 | 250 | Prepare status report per court's order. |
| 0.1 | 50 | Follow up with Matern on mediation brief and numbers from expert. |
| 0.7 | 350 | Review the revised mediation brief and emails with co-counsel regarding |
| 0.3 | 150 | Emails regarding joint mediation report.  Review final report and filed |
| 0.3 | 150 | Review file and emails with Scott Brooks regarding client's position and |
| 0.3 | 150 | Multiple telephone conversations and emails with co-counsel regarding Review the final mediation brief.  Multiple emails regarding the same and |
| 1 | 500 | regarding total fees incurred.  Discussion with co-counsel regarding travel |
| 0.2 | 100 | Discussion with co-counsel regarding travel and lodging for mediation. |
| 1 | 500 | Review final mediation brief and damage analysis. Emails regarding the |
| 1 | 500 | Prepare for and attend meeting with client in preparation for mediation. |
| 0.1 | 50 | Review order of transfer.  Upload to CLIO. |
| 3 | 1500 | Travel to LA for the settlement conference. |
| 8 | 4000 | Attend settlement conference.  Travel back to San Diego, |
| 1.5 | 750 | Multiple meetings with co-counsel to prepare for mediation. |

**EXHIBIT 8, Page 104**

TASK 8:
Written
Discovery to
Defendant

| | | |
|---|---|---|
| 1 | 500 | Work on the special interrogatories for the PAGA case. |
| 1 | 500 | Work on the RFPs for the PAGA only case. |
| 1.5 | 750 | Review and revise written discovery to defendant in both the class case |
| 0.1 | 50 | Review email from co-counsel regarding discovery and final versions of |

TASK 9: Joint
Motion to Lift
Stay / Extend
Stay

| | | |
|---|---|---|
| 1.5 | 750 | Draft stipulation and joint motion to lift stay and proposed order and |
| 0.3 | 150 | Review the report drafted by defense and emails regarding the same. |
| 0.6 | 300 | Review email from OPC regarding lifting the stay.  Call with co-counsel to |
| 0.2 | 100 | Emails and calls with co-counsel regarding OPC's proposed stipulation to |
| 0.6 | 300 | Review proposed stipulation and order to extend stay. Emails regarding |
| 0.1 | 50 | Review signed order extending stay and upload to CLIO. |
| 0.2 | 100 | Discuss upcoming lift of stay and email counsel in related matter to set call. |

TASK 10:
Stipulation to
Continue CMC
/ Stay PAGA
Action

| | | |
|---|---|---|
| 0.4 | 200 | Review stipulation to stay PAGA action and emails regarding the same. |
| 0.2 | 100 | Review fully executed stipulation to continue the CMC in the PAGA only |
| 0.2 | 100 | Emails with OPC and co-counsel regarding conference call scheduling. |
| 0.1 | 50 | Emails with OPC and co-counsel to set up conference call. |
| 0.2 | 100 | Review fully executed stipulation to stay PAGA action received via mail. |
| 0.2 | 100 | Conference with co-counsel to discuss various matters in preparation for |
| 0.2 | 100 | Review docket and confirm CMC is off calendar and continued.  Calendar |

TASK 11:
Motion to
Transfer
(Review and
Oppose)

| | | |
|---|---|---|
| 0.7 | 350 | Legal research on motion to transfer and MDL and discuss consolidation of |
| 0.2 | 100 | Discuss status with co-counsel and emails with Matern accordingly. |
| 0.2 | 100 | Review notice of filing of motion to transfer venue and upload to CLIO. |
| 0.1 | 50 | Review proposed order on motion for transfer venue and upload to CLIO. |
| 1.3 | 650 | Review opposition to motion to transfer and revise.  Legal research on |
| 0.2 | 100 | Review and finalize opposition to motion to transfer and email to staff for |
| 0.2 | 100 | Review Trent's notice of appearance and upload to CLIO. |
| 1 | 500 | Review Defendant's Reply on the Motion to Transfer and discuss with co- |
| 1 | 500 | Multiple conversations with co-counsel regarding strategy in transferring |
| 1 | 500 | Prepare for and attend call with counsel in related case and with co- |
| 0.3 | 150 | Review joint motion to transfer and proposed order.  Review filed joint |

**EXHIBIT 8, Page 105**

| | | |
|---|---|---|
| 0.3 | 150 | Review order regarding transfer. Review standing order for new judge. |
| 0.3 | 150 | Review notice of receipt of transferred case, notice of assignment, and |
| 0.1 | 50 | Review order regarding transfer of case to Abrams. |
| 0.2 | 100 | Review consolidation order and email to co-counsel accordingly. |

**TASK 12:
Answers to
Complaint
(Review)**

| | | |
|---|---|---|
| 0.2 | 100 | Review calendar and deadline to answer complaint in PAGA only matter. |
| 0.6 | 300 | Review answer to the complaint in the PAGA only state case. |
| 0.7 | 350 | Review Answer to the PAGA only complaint and upload to CLIO. |
| 0.6 | 300 | Review Defendant's Answer and upload to CLIO. |
| 0.4 | 200 | Call and email to OPC to discuss extension to respond to the PAGA only |

**TASK 13: Early
Neutral
Evaluation
(Preparation
and
Attendance)**

| | | |
|---|---|---|
| | | Review ENE order and insure all relevant dates and deadlines are |
| 0.6 | 300 | calendared. Review notice of consent to magistrate and emails with co- |
| 0.5 | 250 | Meeting with co-counsel to discuss necessary data for a settlement |
| 0.1 | 50 | Emails with staff to follow up on client's attendance at the ENE. |
| 0.2 | 100 | Review multiple emails regarding letter to defendant and stipulation to |
| 0.6 | 300 | Review joint motion to continue ENE and scheduling conference and |
| | | Review email from OPC regarding joint report and stipulation to continue |
| 0.3 | 150 | conference and ENE. Review revised stipulation and review emails |
| 0.3 | 150 | Review the filed joint motion to continue the ENE and the proposed order. |
| 0.5 | 250 | Review order denying joint motion to continue ENE and discuss with co- |
| | | Review the draft ENE statement and emails with co-counsel regarding the |
| 0.8 | 400 | same. Locate meal break damage analysis and email to co-counsel for the |
| 0.8 | 400 | Further review and revisions to the ENE statement and emails with co- |
| 0.4 | 200 | More work on the ENE statement and emails with co-counsel and staff |
| 4.5 | 2250 | Prepare for, travel to/from and attend ENE and scheduling conference. |
| 0.2 | 100 | Review Order setting follow-up calls and upload to CLIO. Calendar dates |
| 0.5 | 250 | Prepare for and attend call with Magistrate post-ENE. |
| 0.1 | 50 | Review email from magistrate regarding update on post-ENE |
| 0.5 | 250 | Review email from OPC with data. Discuss with co-counsel. Emails with co- |

**TASK 14: Case
Management
Conference
and Trial
Setting
Conference
(PAGA Case)**

| | | |
|---|---|---|
| 0.3 | 150 | Review proposed CMC statement and discuss changes and issues with co- |
| 0.4 | 200 | Review the CMC statement and 2 attachments for the CMC in the PAGA |
| 0.1 | 50 | Review filed CMC statement and upload to CLIO. |

**EXHIBIT 8, Page 106**

| | | |
|---|---|---|
| 0.2 | 100 | Emails with co-counsel to schedule a call. |
| 0.4 | 200 | Review multiple emails from co-counsel regarding update on case and |
| 0.5 | 250 | Review outcome of CMC in PAGA action and review motion to stay. |
| 0.5 | 250 | Review notice of trial and notice of TRC and calendar dates accordingly. |
| 0.2 | 100 | Review notice of status conference and calendar and discuss with co- |
| 0.2 | 100 | Review status report from OPC.  Emails with co-counsel regarding the |
| 0.1 | 50 | Review filed joint report and upload to CLIO. |
| 0.2 | 100 | Review joint report for the PAGA action and emails with co-counsel |
| 0.3 | 150 | Review and revise the CMS for the CMC in state court. |
| 1 | 150 | Drafting CMS & Submitting it |
| 0.3 | 150 | Call with co-counsel and emails with OPC regarding upcoming CMC in the |
| 0.2 | 100 | Call with co-counsel regarding CMC and motion for approval. |
| 0.3 | 150 | Review and approve joint status report for the state court action. |

**TASK 15: Motion to Stay PAGA Action (Review and Research)**

| | | |
|---|---|---|
| 0.2 | 100 | Review notice of served motion to stay PAGA action.  Download the |
| 0.2 | 100 | Review more emails between OPC and co-counsel regarding ex parte |
| 0.2 | 100 | Review more emails with OPC and co-counsel regarding ex parte |
| 0.2 | 100 | Review emails about new ex parte date.  Calendar accordingly and review |
| 0.2 | 100 | Emails with co-counsel and OPC regarding stipulation for an order |
| | | Emails with OPC regarding stipulation to move motion to stay up.  Review |
| 0.4 | 200 | revised stipulation and discuss with co-counsel.  Revise and sign and email |
| 0.2 | 100 | Review order granting stipulation.  Emails with co-counsel regarding filing |

**TASK 16: Scheduling Conference Statement and Initial Disclosures**

| | | |
|---|---|---|
| 0.2 | 100 | Review multiple emails between co-counsel and OPC regarding 26(f) |
| 0.1 | 50 | Emails regarding joint scheduling conference report. |
| 2 | 1000 | Review filed scheduling conference statement.  Draft Initial Disclosures and |
| 0.2 | 100 | Emails with co-counsel and staff regarding initial disclosures.  Email to OPC. |
| 0.6 | 300 | Review defendant's initial disclosures and upload to CLIO.  Discuss with co- |
| 0.5 | 250 | Review and revise OPC's changes/additions to the joint statement and |
| 0.7 | 350 | Review the scheduling order and calendar all relevant dates and discuss |
| 0.2 | 100 | Review order regarding Rule 26 conference.  Emails with co-counsel |

**TASK 17: Joint Prosecution Agreement (Negotiation and Drafting)**

| | | |
|---|---|---|
| | | Draft JPA agreement.  Multiple discussions with co-counsel regarding the |
| 2 | 1000 | same.  Emails with new co-counsel regarding the same.  Review changes |

**EXHIBIT 8, Page 107**

| 0.5 | 250 | Multiple emails with co-counsel regarding JPA and strategy moving |
| 0.1 | 50 | Emails with co-counsel regarding fee split. |
| 0.4 | 200 | Multiple emails with co-counsel regarding JPA and negotiation of the same. |
| 0.5 | 250 | Work on the JPA |
| 0.5 | 250 | Conference call with Mattern's office regarding JPA and strategy. |

**TASK 18: Defendant's Discovery (Review and Respond)**

| 0.2 | 100 | Review written discovery from defendant and calendar deadline to |
| 1.5 | 750 | Review responses to Defendant's discovery and emails with co-counsel |
| 0.2 | 100 | Review emails regarding extensions for deadline to respond to discovery by |
| 0.3 | 150 | Review final responses to discovery and emails regarding the same. |

**TASK 19: Mediation (Preparation and Attendance)**

| 0.4 | 200 | Telephone conference with co-counsel to discuss necessary work towards |
| 0.3 | 150 | Meeting with co-counsel to review data and discuss information needed to |
| 0.3 | 150 | Telephone conference with co-counsel regarding data analysis and |
| | | Review order regarding mediation and calendar deadline to file report post- |
| 0.3 | 150 | mediation and deadline to file joint motion to lift stay.  Discuss with co- |
| 0.2 | 100 | Emails with co-counsel regarding call with OPC and scheduling of the same. |
| 0.2 | 100 | Multiple emails with co-counsel regarding rescheduling of call with OPC. |
| 0.7 | 350 | Conference call with OPC and co-counsel to discuss possible mediation. |
| 0.8 | 400 | Multiple telephone conversations with co-counsel regarding mediation and |
| 0.2 | 100 | Emails with co-counsel regarding deadline to amend the complaint and |
| | | Review all documents from the mediator and calendar relevant dates |
| 1 | 500 | accordingly.  Discuss with co-counsel and instruct staff on necessary work |
| 0.2 | 100 | Emails and discussions with co-counsel regarding payment of mediation |
| 0.2 | 100 | Process payment for mediation. |
| 0.2 | 100 | Emails with co-counsel and staff regarding division of fees for mediation. |
| 0.1 | 50 | Emails with mediator regarding split in costs of mediation. |
| 0.5 | 250 | Call with co-counsel to discuss necessary discovery for mediation. |
| 0.2 | 100 | Emails with co-counsel regarding the mediation brief. |
| 0.2 | 100 | Emails and discussion with co-counsel regarding necessary work on the |
| 0.1 | 50 | Emails with co-counsel to schedule conference call pre-mediation. |
| 0.3 | 150 | Telephone conference with co-counsel regarding data and damage analysis |
| 1.5 | 750 | Review and revise the mediation brief. |
| 0.5 | 250 | Review multiple versions of the mediation brief and emails regarding the |
| 0.3 | 150 | More emails with co-counsel regarding the mediation brief. |
| 12 | 6000 | Travel to/from and attend mediation. |
| 0.3 | 150 | Conference call with co-counsel following up on mediation. |
| 0.6 | 300 | Multiple telephone calls and discussions with co-counsel and OPC |
| 0.2 | 100 | Meeting with co-counsel to discuss strategy moving forward assuming the |
| 1 | 500 | Review payroll and time records and notate in preparation for call with |
| 0.2 | 100 | Review VM and email from OPC and respond. |

**EXHIBIT 8, Page 108**

| | | |
|---|---|---|
| 0.3 | 150 | Multiple emails with co-counsel and OPC regarding setup of call to discuss |
| 0.2 | 100 | Review the joint mediation plan and upload to CLIO. |
| 0.2 | 100 | Review order setting follow up call with magistrate regarding mediation |

**TASK 20: Joint Motion to Stay Pending Mediation**

| | | |
|---|---|---|
| 1 | 500 | Telephone conversation with the Magistrate regarding the mediation and the joint motion.  Draft stipulation and joint motion to stay discovery per |
| 0.3 | 150 | Review the proposed stipulation and order in the related matter staying |
| 0.3 | 150 | Review and approve stipulation to stay and proposed order per mediation. |
| 0.3 | 150 | Emails with co-counsel and OPC regarding stipulation to stay. |
| 0.4 | 200 | Emails with co-counsel and OPC regarding stipulation to stay discovery |
| 0.5 | 250 | Review emails and stipulations regarding stay and respond accordingly. |
| 0.3 | 150 | Review filed stipulation to stay action pending mediation (PAGA action) |
| 0.4 | 200 | Review signed order granting joint motion to stay pending mediation. |

**TASK 21: Mediation Status Report and Notice of Settlement**

| | | |
|---|---|---|
| 0.1 | 50 | Emails with co-counsel to discuss upcoming call with Magistrate. |
| 0.4 | 200 | Prepare for and attend call with OPC to discuss possible mediation and call |
| 0.4 | 200 | Numerous emails with co-counsel regarding all with OPC on Friday and in |
| 0.2 | 100 | Emails with co-counsel regarding response to the mediator and regarding |
| 0.2 | 100 | Emails with co-counsel regarding continued deadlines and status report to |
| 0.3 | 150 | Review proposed joint status report and emails with co-counsel regarding |
| 0.3 | 150 | Review joint status report for the PAGA action and emails with co-counsel |
| 0.4 | 200 | Prepare for and attend call with the magistrate. |
| 0.6 | 300 | Review joint report in the related matter and emails regarding the same. |
| 0.3 | 150 | More emails regarding the notice of settlement and the terms in the same. |
| 0.3 | 150 | More emails and telephone conversations with co-counsel regarding the |
| 0.2 | 100 | Review more emails between co-counsel regarding the notice of |
| 0.2 | 100 | More emails regarding notice of settlement to be filed in SD case. |
| 0.8 | 400 | Draft joint status report post-mediation and email to co-counsel for |
| 0.5 | 250 | Prepare for and attend conference call with OPC and co-counsel.  Follow |
| 0.2 | 100 | Emails with co-counsel and OPC regarding joint report regarding |
| 0.3 | 150 | Review email from OPC.  Review notice of settlement.  Emails with OPC |
| 0.3 | 150 | Review and revise joint status report regarding mediation. |
| 0.3 | 150 | Emails with co-counsel and OPC regarding the joint report. |
| 0.3 | 150 | Review order continuing call with the judge.  Upload to CLIO.  Calendar |
| 0.1 | 50 | Review status report and email to co-counsel approving. |
| 0.1 | 50 | Emails with OPC regarding status report. |

TASK 22:
Memorandum
of
Understandin
g and
Settlement
Agreement

| | | |
|---|---|---|
| 0.2 | 100 | Emails with co-counsel and discussion regarding acceptance of mediator's |
| 0.2 | 100 | Emails with co-counsel regarding issues with OPC regarding venue for |
| 0.5 | 250 | Emails with co-counsel regarding issues with venue for settlement |
| 0.3 | 150 | Attend call with co-counsel regarding negotiation with mediator regarding |
| 0.4 | 200 | Emails and conversation with co-counsel regarding email from mediator |
| 0.5 | 250 | Emails with co-counsel to set up call to discuss.  Conference call with co- |
| 0.5 | 250 | Review proposed report regarding status of settlement.  Multiple emails |
| 0.5 | 250 | Prepare for and attend conference call with the mediator regarding the |
| 0.3 | 150 | Multiple emails regarding the venue for the settlement approval. |
| 0.8 | 400 | Review and revise the MOU. Email to co-counsel accordingly. |
| 0.2 | 100 | Review further revisions to the MOU. Emails with co-counsel accordingly. |
| 0.1 | 50 | Review final revised MOU sent to OPC and upload to CLIO. |
| 1 | 500 | Review numerous emails from OPC and co-counsel regarding revisions and |
| 0.8 | 400 | Conference call with co-counsel to go over the terms of the settlement |
| 0.3 | 150 | Review multiple emails between OPC and co-counsel regarding the MOU, |
| 0.1 | 50 | More emails with co-counsel and Lisa regarding call today. |
| 0.1 | 50 | More emails regarding call with co-counsel. |
| 1 | 500 | Call with co-counsel before call with OPC.  Conference call with OPC and |
| 0.5 | 250 | Review the MOU and more emails regarding the MOU with co-counsel and |
| 0.2 | 100 | Review more emails from OPC and co-counsel regarding the MOU and the |
| 0.2 | 100 | More emails and correspondence with co-counsel regarding the MOU and |
| | | More emails with co-counsel and OPC regarding the MOU.  Emails with |
| 0.8 | 400 | client regarding the settlement and MOU.  Coordinate execution of the |
| 1 | 500 | Review the settlement agreement.  Comment and revise and email to co- |
| 0.2 | 100 | Review order setting telephonic hearing regarding dismissal and |
| 0.3 | 150 | Review quotes for settlement administration and emails regarding the |
| 0.4 | 200 | Review the final version of the settlement agreement and execute.  Emails |
| 0.1 | 50 | Emails with staff regarding status of client signature. |
| 0.2 | 100 | Obtain signed agreement and review client's signature.  Emails with staff |
| 0.3 | 150 | Review notice of class settlement and emails with co-counsel regarding the |

TASK 23:
Motion for
Preliminary
Approval

| | | |
|---|---|---|
| 1.2 | 600 | Review and revise Plaintiffs' motion for preliminary approval. |
| | | Review final version of the MPA and emails regarding the same.  Review |
| 0.5 | 250 | settlement agreement with more revisions from defense and emails |
| | | Review email from co-counsel and email from court regarding court order |
| 0.2 | 100 | on MPA.  Calendar deadline to file accordingly  Emails with staff regarding |
| 0.1 | 50 | Review emails between counsel and revise MPA for circulation.  Upload to |
| | | Review joint stipulation and order and proposed order to transfer case to |
| 0.5 | 250 | central district.  Review stipulation to stay PAGA action.  Emails with co- |
| 0.1 | 50 | Emails with co-counsel regarding new filing deadline for MPA. |

**EXHIBIT 8, Page 110**

| | | |
|---|---|---|
| 4 | 2000 | More work on the MPA |
| 1.5 | 750 | Draft declaration in support of MPA |
| 0.6 | 300 | More work on the motion for preliminary approval.  Emails regarding the |
| 0.1 | 50 | Emails with co-counsel regarding appearance on Monday. |
| 1 | 500 | Prepare for and attend MPA hearing.  Follow up call with co-counsel. |
| 0.2 | 100 | Review Court Order regarding MPA and upload to CLIO. |
| 0.3 | 45 | Left message with District Court Clerk Re Status of the Order filed in |
| 0.1 | 50 | Review and approve joint request for ruling. |
| 0.1 | 50 | Review and approve the joint request for ruling. |
| 0.5 | 250 | Review preliminary approval order and discuss with co-counsel.  Provide |

**TASK 24:**
**Notice Administration and Motion for Final Approval**

| Attorney | Rate | Hours | | Fee |
|---|---|---|---|---|
| Shani O. Zakay | $500/hr | | 5.2 | $2,700 |

| | | |
|---|---|---|
| 0.4 | 200 | Review draft notice and timeline from Simpluris.  Emails with co-counsel regarding the notice, timeline and regarding possibility of moving the MFA |
| 0.1 | 50 | Emails with simpluris regarding status of mailing. |
| 0.2 | 100 | Emails and discussion with co-counsel regarding class member's request |
| 0.1 | 50 | Review weekly report from Admin. |
| 0.2 | 100 | Review weekly report from Admin. |
| 0.3 | 150 | Review admin's declaration for MFA. |
| 0.2 | 100 | Review weekly report from admin.  Emails regarding validity of opt-out. |
| 1.5 | 750 | Review and revise the motion for final approval and emails with co-counsel |
| 0.2 | 100 | Emails regarding work on the MFA |
| 2 | 1000 | More work on the MFA |

**TASK 25:**
**Misc. Document Review, Legal Research, Conferences with Co-Counsel**

| | | |
|---|---|---|
| 0.5 | 250 | Review Dart decision and review 2014 certification order in preparation for |
| 0.5 | 250 | Multiple emails and conference call with co-counsel to discuss claims in |
| 1.2 | 600 | Attend conference call with OPC.  Review various documents following up |
| 0.2 | 100 | Emails with co-counsel regarding call yesterday. |
| 0.2 | 100 | Emails and telephone conversation with co-counsel regarding additional |
| 0.1 | 50 | Emails with co-counsel to schedule conference call. |
| 0.4 | 200 | Conference call with co-counsel to discuss status and claims and strategy |
| 0.5 | 250 | Prepare for and hold conference call with OPC. |
| 0.4 | 200 | Conference call with co-counsel regarding strategy of coordinating cases. |
| 0.3 | 150 | Review multiple emails regarding call with OPC, motion to stay, discovery, |
| 0.8 | 400 | Prepare for and attend conference call with co-counsel and Matern |

**EXHIBIT 8, Page 111**

| | | |
|---|---|---|
| 0.6 | 300 | Prepare for and attend call with co-counsel to discuss status of the case, mediation, and JPA.  Discussion with JCL regarding the same and strategy |
| 1 | 500 | Telephone conversation with co-counsel to discuss strategy moving |
| 0.2 | 100 | More emails with co-counsel regarding scheduling of a call. |
| 0.2 | 100 | Multiple emails with co-counsel regarding scheduling of conference call |
| 0.5 | 250 | Prepare for and attend conference call with co-counsel and Matern. |

TABLE 1

TASK 1: Complaint (Preparing, Filing, Service)

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Shani O. | $500/hr | 7.8 | $3,900 |
| Zakay | | | |

0.2 100 Emails with co-counsel regarding call yesterday.
0.2 100 Emails and telephone conversation with co-counsel regarding additional class reps.
0.1 50 Emails with co-counsel to schedule conference call.
1.5 750 Review the filed Complaint and related documents and upload to CLIO. Calendar CMC and related dates. Research judge and discuss with co-counsel. Email co-counsel regarding filed documents. Review invoice for filing fee and update expenses. Upload to CLIO. Emails with co-counsel regarding ser
0.2 100 Review filed POS from OneLegal.
0.2 100 Review invoice and update expenses in CLIO. Upload to CLIO.
0.2 100 Review filed POS and calendar deadline to answer. Upload to CLIO and discuss filing the POS with staff.

TASK 2: PAGA Notice and Complaint (Preparing, Filing, Service)

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Shani O. | $500/hr | 5.3 | $2,650 |
| Zakay | | | |

1.5 750 Draft PAGA letter and PAGA fee letter
2.5 1250 Draft new PAGA only complaint.
0.3 150 Work on PAGA only complaint and email to co-counsel for review.
0.1 50 Discussion with co-counsel regarding follow up on PAGA only action filing.
0.8 400 Prepare Civil Case Cover Sheet and Summons
0.4 200 Review the summons and civil cover sheet for the PAGA only complaint. Revise and emails with co-counsel accordingly.
0.7 350 Review filed PAGA only complaint and related documents. Calendar relevant dates. Upload to CLIO.

TASK 3: Removal and Remand

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Shani O. | $500/hr | 2.7 | $1,350 |
| Zakay | | | |

1.5 750 Review Notice of Removal and related documents. Discuss with co-counsel. Calendar deadline to file Motion to Remand. Upload documents to CLIO.
0.5 250 Multiple discussions with co-counsel regarding removal and necessary work for motion to remand.
0.2 100 Review Notice of Removal filed in state court and upload to CLIO.
0.5 250 Meeting with co-counsel to discuss necessary work on motion to remand.

TASK 4: Motion to Dismiss (12b(6)) and Opposition

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Shani O. | $500/hr | 6.8 | $3,400 |
| Zakay | | | |

0.5 750 Review portions of defendant's motion to dismiss. Legal research regarding the same. Email co-counsel with strategy accordingly.
1 500 Begin work on opposition to motion to dismiss and motion to strike - draft introduction and skeleton.
0.5 750 Continue work on opposition to 12(b)(6) motion. Draft standard of review and argument in opposition to motion to dismiss.
2 1000 Review Defendant's motion to strike class allegations. Conference with co-counsel to review cited authorities and discuss.
0.8 400 Telephone conference with co-counsel to discuss strategy responding to the MTS and 12(b)(6).

TASK 5: First Amended Complaint (Motion for Leave, Preparing, Filing, Service)

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Shani O. | $500/hr | 10.1 | $5,050 |
| Zakay | | | |

5 2500 Draft the First Amended Complaint.
1 500 Multiple emails with co-counsel and further revisions to the FAC. Emails regarding consent form and conversation with client.
1.5 750 Telephone conversation with the client to discuss various matters. Prepare FLSA consent form for signature. Review fee agreement. Discussion with co-counsel and emails to co-counsel with update.
0.5 250 Review status of motion for leave on certification and email co-counsel regarding the same.
0.5 250 Telephone conference with co-counsel to discuss stipulation and motion for leave to file FAC and strategy moving forward with the FAC.
0.4 200 Review revised motion and joint stip regarding filing of FAC. Emails with OPC and instructions to staff regarding filing.
0.2 100 Download and review signed order. Email to co-counsel. Upload to CLIO.
0.5 250 Work with staff to file FAC. Review filed FAC. Review email from co-counsel regarding OPC's claim that bonuses were discretionary.
0.5 250 Review the revised FAC and PAGA action and discuss with staff.

TASK 6: Joint Motion to Extend Time to Respond to Complaint

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Shani O. | $500/hr | 2.6 | $1,300 |
| Zakay | | | |

0.3 150 Review stipulation and order extending time to respond to the FAC. Discuss with co-counsel.
0.2 100 Review filed motion to extend time to respond to the Complaint and proposed order and upload to CLIO.
0.2 100 Review granting extension to respond to the complaint and upload to CLIO.
0.8 400 Emails and telephone conversation with OPC regarding stipulation to extend time to respond to the complaint. Review proposed joint stipulation and order and approve. Review submitted documents and proposed order. Upload all documents to CLIO.
1 500 Prepare for and attend two telephone conferences with co-counsel.
0.2 100 Review filed order granting extension to respond and upload to CLIO.

TASK 7: Settlement Conference with Judge Abrams (Coordination, Preparation, Attendance)

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Shani O. | $500/hr | 48.1 | $24,050 |
| Zakay | | | |

0.5 250 Prepare for and attend conference call with co-counsel regarding mediation.
0.1 50 Emails with co-counsel regarding mediation negotiations and meeting to discuss.
0.3 150 Prepare stipulation for stay pending mediation and emails with OPC and co-counsel regarding the same.
0.3 150 Review stipulation and proposed order submitted for filing. Review notice of related case. Email to co-counsel regarding the same.
0.4 200 Review signed order granting stay pending mediation. Calendar all related deadlines and dates ordered by the Court. Upload to CLIO.
1 500 Prepare for and attend conference call with OPC and co-counsel to discuss mediation and scheduling. Follow up call with co-counsel.
0.3 150 Review email from OPC with client's file and discuss with co-counsel.
1 500 Emails and discussions with co-counsel regarding sampling and mediation timing. Call court to inquire about new mediation date. Review email from OPC regarding sampling.
0.7 350 Prepare for and attend conference call with OPC and co-counsel to discuss mediation and sampling.
0.7 350 Review email from OPC and order regarding settlement conference. Discuss with co-counsel.
0.2 100 Emails with co-counsel regarding telephone conference to discuss mediation scheduling.
0.7 350 Draft joint report regarding status of mediation for co-counsel's review.
0.8 400 Draft notice of consent to order re settlement conference and emails with co-counsel regarding the same.
0.3 150 Emails with co-counsel and review notice of consent.
0.5 250 Email and telephone conversation with co-counsel regarding sample data for mediation and notice of consent to mediation.
0.3 150 Review emails regarding various locations to be used for sample data.
1 500 Multiple emails and conversations with OPC and co-counsel regarding joint report regarding status of mediation. Process filing electronically.
0.2 100 Emails with co-counsel regarding status of mediation and stipulation/request to continue the mediation.
0.8 400 Draft stipulation and proposed order to continue settlement conference.
0.3 150 Review revisions to stipulation to continue settlement conference and emails regarding the same
0.1 50 Review email from co-counsel and docket entry regarding stipulation and order to continue the mediation.
0.5 250 Review new stipulation and order and emails with co-counsel regarding the same.
0.2 100 Review email from co-counsel with signed order continuing status conference and possible mediation. Emails regarding the same.
0.2 100 Review new order regarding settlement conference and calendar date accordingly.
0.2 100 Emails with counsel to set up a call to discuss workflow in preparation for mediation.
0.2 100 Emails regarding data production.
3 1500 Review documents produced for mediation.
0.2 100 Emails and calls with OPC regarding joint motion to excuse Van Cleave from attending the conference.
0.5 250 Review email from OPC and proposed report re: mediation to be submitted to court. Emails regarding the same.
0.2 100 Review filed status report regarding mediation.
0.2 100 Emails with co-counsel to set up conference call.
0.2 100 Multiple emails regarding conference call with co-counsel today.
0.1 50 Emails with OPC regarding stipulation to permit Van Cleave to appear at the mediation telephonically.
0.7 350 Prepare for and attend conference call with co-counsel in preparation for mediation.
0.7 350 Conference with co-counsel to discuss plans for mediation, client's attendance, and travel arrangements. Emails with OPC regarding attendance by client at mediation. Discussion with co-counsel and emails regarding the same. Discuss meeting with client before the mediation.
0.6 300 Telephone conversation with the client to provide an update and to discuss transportation to mediation. Coordinate travel arrangements for client for mediation. Emails and telephone call to schedule a pre-mediation meeting.
0.3 150 Begin work on the mediation brief - draft title page.
1.5 750 Continue work on mediation brief - draft introduction and background sections.
2.5 1250 Continue work on the mediation brief - draft discussion section. Discussion with co-counsel regarding the various claims and review documents produced by defendant.
1 500 Review expert report for the mediation and discuss with co-counsel.
0.4 200 Prepare for call with co-counsel. Telephone conference with co-counsel to discuss necessary information for mediation and the report from the expert.
0.3 150 Review pay code produced by OPC and upload to CLIO.
0.5 250 Multiple emails with co-counsel regarding missing information for mediation and regarding opening demand.
0.4 200 Review settlement offer letter from OPC. Discuss with co-counsel. Emails with co-counsel accordingly. Upload to CLIO.
0.3 150 Emails with co-counsel and approve joint mediation report and emails with OPC regarding the same.
0.3 150 Review new mediation report and emails with OPC regarding the same.
0.1 50 Review filed report and upload to CLIO.
0.2 100 Emails with co-counsel regarding mediation dates.
0.2 100 Meeting with staff to discuss necessary research in preparation for mediation.
0.1 50 Emails with co-counsel to follow up on new dates for mediation.
0.3 150 Emails and discussion with co-counsel regarding new mediation dates.
0.2 100 Coordinate new transportation for client to the settlement conference.
0.7 350 Review legal research on discretionary v. non-discretionary bonuses and discuss with co-counsel.
0.7 350 Review research on 203 penalties for meal premium payment violations and discuss with co-counsel.
0.3 150 Review additional research and findings on the Stewart case in preparation for mediation and discuss with co-counsel.
0.7 350 Review additions to the mediation brief regarding 203 for meal break penalties and discretionary v. non-discretionary bonuses. Finalize and email to co-counsel for review.
0.2 100 Discussion with co-counsel and emails to set up a call to discuss issues for the upcoming mediation.
0.5 250 Prepare for and attend conference call with co-counsel to discuss necessary work in preparation for the mediation.
0.5 250 Prepare status report per court's order.
0.1 50 Follow up with Matern on mediation brief and numbers from expert.
0.3 150 Review the revised mediation brief and emails with co-counsel regarding the same.
0.3 150 Emails regarding joint mediation report. Review final report and filed report and emails regarding the same.
0.3 150 Review file and emails with Scott Brooks regarding client's position and facility and necessary changes to the mediation brief.

| | | | |
|---|---|---|---|
| 0.3 | 150 | Multiple telephone conversations and emails with co-counsel regarding time and billing status for the mediation brief. |
| 1 | 500 | Review the final mediation brief. Multiple emails regarding the same and regarding total fees incurred. Discussion with co-counsel regarding travel arrangements for the mediation. |
| 0.2 | 100 | Discussion with co-counsel regarding travel and lodging for mediation. Review invoice and process payment. |
| 1 | 500 | Review final mediation brief and damage analysis. Emails regarding the same. |
| 1 | 500 | Prepare for and attend meeting with client in preparation for mediation. |
| 0.1 | 50 | Review order of transfer.  Upload to CLIO. |
| 3 | 1500 | Travel to LA for the settlement conference. |
| 8 | 4000 | Attend settlement conference.  Travel back to San Diego. |
| 1.5 | 750 | Multiple meetings with co-counsel to prepare for mediation. |

### TASK 8: Written Discovery to Defendant

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Shani O. | $500/hr | 4.6 | $2,300 |
| Zakay | | | |

| | | |
|---|---|---|
| 1 | 500 | Work on the special interrogatories for the PAGA case. |
| 1 | 500 | Work on the RFPs for the PAGA only case. |
| 1.5 | 750 | Review and revise written discovery to defendant in both the class case and the PAGA only case.  Emails with co-counsel accordingly. |
| 0.1 | 50 | Review email from co-counsel regarding discovery and final versions of discovery.  Upload to CLIO. |

### TASK 9: Joint Motion to Lift Stay / Extend Stay

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Shani O. | $500/hr | 3.5 | $1,750 |
| Zakay | | | |

| | | |
|---|---|---|
| 1.5 | 750 | Draft stipulation and joint motion to lift stay and proposed order and emails with co-counsel regarding the same. |
| 0.3 | 150 | Review the report drafted by defense and emails regarding the same. |
| 0.6 | 300 | Review email from OPC regarding lifting the stay.  Call with co-counsel to discuss.  Call OPC accordingly. |
| 0.2 | 100 | Emails and calls with co-counsel regarding OPC's proposed stipulation to extend stay. |
| 0.6 | 300 | Review proposed stipulation and order to extend stay. Emails regarding them same and approve. |
| 0.1 | 50 | Review signed order extending stay and upload to CLIO. |
| 0.2 | 100 | Discuss upcoming lift of stay and email counsel in related matter to set call. |

### TASK 10: Stipulation to Continue CMC / Stay PAGA Action

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Shani O. | $500/hr | 1.5 | $750 |
| Zakay | | | |

| | | |
|---|---|---|
| 0.4 | 200 | Review stipulation to stay PAGA action and emails regarding the same. |
| 0.2 | 100 | Review fully executed stipulation to continue the CMC in the PAGA only case and upload to CLIO. |
| 0.2 | 100 | Emails with OPC and co-counsel regarding conference call scheduling. |
| 0.1 | 50 | Emails with OPC and co-counsel to set up conference call. |
| 0.2 | 100 | Review fully executed stipulation to stay PAGA action received via mail. |
| 0.2 | 100 | Conference with co-counsel to discuss various matters in preparation for call with OPC tomorrow. |
| 0.2 | 100 | Review docket and confirm CMC is off calendar and continued.  Calendar new CMC date and deadline to submit CMC statement and discuss staff. |

### TASK 11: Motion to Transfer (Review and Oppose)

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Shani O. | $500/hr | 7.1 | $3,550 |
| Zakay | | | |

| | | |
|---|---|---|
| 0.7 | 350 | Legal research on motion to transfer and MDL and discuss consolidation of case with related matter. |
| 0.2 | 100 | Discuss status with co-counsel and emails with Matern accordingly. |
| 0.2 | 100 | Review notice of filing of motion to transfer venue and upload to CLIO. |
| 0.1 | 50 | Review proposed order on motion for transfer venue and upload to CLIO. |
| 1.3 | 650 | Review opposition to motion to transfer and revise.  Legal research on burden of proof and add language accordingly.  Email to co-counsel with changes. |
| 0.2 | 100 | Review and finalize opposition to motion to transfer and email to staff for filing. |
| 0.2 | 100 | Review Trent's notice of appearance and upload to CLIO. |
| 1 | 500 | Review Defendant's Reply on the Motion to Transfer and discuss with co-counsel. |
| 1 | 500 | Multiple conversations with co-counsel regarding strategy in transferring the cases. |
| 1 | 500 | Prepare for and attend call with counsel in related case and with co-counsel to discuss strategy moving forward. |
| 0.3 | 150 | Review joint motion to transfer and proposed order.  Review filed joint motion and filed order and upload all documents to CLIO. |
| 0.3 | 150 | Review order regarding transfer.  Review standing order for new judge.  Emails with co-counsel regarding the same and upload to CLIO. |
| 0.3 | 150 | Review notice of receipt of transferred case, notice of assignment, and notice Re ADR and upload to CLIO. |
| 0.1 | 50 | Review consolidation order and email to co-counsel accordingly. |
| 0.2 | 100 | Review consolidation order and email to co-counsel accordingly. |

### TASK 12: Answers to Complaint (Review)

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Shani O. | $500/hr | 2.5 | $1,250 |
| Zakay | | | |

| | | |
|---|---|---|
| 0.2 | 100 | Review calendar and deadline to answer complaint in PAGA only matter.  Emails with co-counsel regarding the same and regarding extension. |
| 0.6 | 300 | Review answer to the complaint in the PAGA only case.  Emails with co-counsel regarding the same. |
| 0.7 | 350 | Review Answer to the PAGA only complaint and upload to CLIO. |
| 0.6 | 300 | Review Defendant's Answer and upload to CLIO. |
| 0.4 | 200 | Call and email to OPC to discuss extension to respond to the PAGA complaint.  More emails with co-counsel and OPC regarding the same. |

### TASK 13: Early Neutral Evaluation (Preparation and Attendance)

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Shani O. | $500/hr | 10.9 | $5,450 |
| Zakay | | | |

| | | |
|---|---|---|
| 0.6 | 300 | Review ENE order and insure all relevant dates and deadlines are calendared. Review notice of consent to magistrate and emails with co-counsel regarding the same. |
| 0.5 | 250 | Meeting with co-counsel to discuss necessary data for a settlement position.  Email co-counsel accordingly. |
| 0.1 | 50 | Emails with staff to follow up on client's attendance at the ENE. |
| 0.2 | 100 | Review multiple emails regarding letter to defendant and stipulation to continue ENE.  Discuss with co-counsel. |
| 0.6 | 300 | Review joint motion to continue ENE and scheduling conference and review emails regarding the same. |
| 0.6 | 300 | Review email from OPC regarding joint report and stipulation to continue conference and ENE.  Review revised stipulation and review emails regarding the same. |
| 0.3 | 150 | Review the filed joint motion to continue the ENE and the proposed order.  Upload to CLIO. |
| 0.5 | 250 | Review order denying joint motion to continue ENE and discuss with co-counsel. |
| 0.8 | 400 | Review the draft ENE statement and emails with co-counsel regarding the same.  Locate meal break damage analysis and email to co-counsel for the ENE statement. |
| 0.4 | 200 | More work on the ENE statement and emails with co-counsel and staff regarding the same. |
| 4.5 | 2250 | Prepare for, travel to/from and attend ENE and scheduling conference.  Meeting with co-counsel post ENE to discuss strategy moving forward. |
| 0.2 | 100 | Review Order setting follow-up calls and upload to CLIO.  Calendar dates accordingly. |
| 0.5 | 250 | Prepare for and attend call with Magistrate post-ENE. |
| 0.1 | 50 | Review email from magistrate regarding update on post-ENE conversations. |
| 0.5 | 250 | Review email from OPC with data.  Discuss with co-counsel.  Emails with co-counsel regarding the same. |

### TASK 14: Case Management Conference and Trial Setting Conference (PAGA Case)

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Shani O. | $500/hr | 3.4 | $1,700 |
| Zakay | | | |

| | | |
|---|---|---|
| 0.3 | 150 | Review proposed CMC statement and discuss changes and issues with co-counsel. |
| 0.4 | 200 | Review the CMC statement and 2 attachments for the CMC in the PAGA action.  Emails with co-counsel regarding the same. |
| 0.1 | 50 | Review filed CMC statement and upload to CLIO. |
| 0.2 | 100 | Emails with co-counsel to schedule a call. |
| 0.4 | 200 | Review multiple emails from co-counsel regarding update on case and outcome of the CMC and prospect of mediation. |
| 0.5 | 250 | Review outcome of CMC in PAGA action and review motion to stay.  Calendar numerous relevant dates. |
| 0.2 | 100 | Review notice of trial and notice of TRC and calendar dates accordingly. |
| 0.2 | 100 | Review notice of status conference and calendar and discuss with co-counsel. |
| 0.2 | 100 | Review status report from OPC.  Emails with co-counsel regarding the same. |
| 0.1 | 50 | Review filed joint report and upload to CLIO. |
| 0.2 | 100 | Review joint report for the PAGA case and emails with co-counsel regarding the same. |
| 0.3 | 150 | Review and revise the CMS for the CMC in state court. |
| 1 | 500 | Drafting CMS & Submitting it |
| 0.3 | 150 | Call with co-counsel and emails with OPC regarding upcoming CMC in the PAGA action and possible approval in state court. |
| 0.2 | 100 | Call with co-counsel regarding CMC and motion for approval. |
| 0.2 | 100 | Call with co-counsel and approve joint status report for the state court action. |

### TASK 15: Motion to Stay PAGA Action (Review and Research)

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Shani O. | $500/hr | 1.6 | $1,800 |
| Zakay | | | |

| | | |
|---|---|---|
| 0.2 | 100 | Review notice of served motion to stay PAGA action.  Download the motion documents. |
| 0.2 | 100 | Review more emails between OPC and co-counsel regarding ex parte application to stay.  application to shorten time. |
| 0.2 | 100 | Review more emails with OPC and co-counsel regarding ex parte application and purpose of the same. |
| 0.2 | 100 | Review emails about new ex parte date.  Calendar accordingly and review emails regarding availability. |
| 0.2 | 100 | Emails with co-counsel and OPC regarding stipulation for an order shortening time on the motion to stay. |
| 0.2 | 100 | Emails with OPC regarding stipulation to move motion to stay up.  Review revised stipulation and discuss with co-counsel.  Revise and sign and email back to OPC. |
| 0.4 | 200 | Emails with OPC regarding stipulation.  Emails with co-counsel regarding filing of SAC. |
| 0.2 | 100 | Review order granting stipulation.  Emails with co-counsel regarding the same. |

### TASK 16: Scheduling Conference Statement and Initial Disclosures

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Shani O. | $500/hr | 4.5 | $2,250 |
| Zakay | | | |

| | | |
|---|---|---|
| 0.2 | 100 | Review multiple emails between co-counsel and OPC regarding 26(f) conference. |
| 0.1 | 50 | Emails regarding joint scheduling conference report. |
| 2 | 1000 | Review filed scheduling conference statement.  Draft Initial Disclosures and emails with co-counsel regarding the same. |
| 0.2 | 100 | Emails with co-counsel and staff regarding Initial Disclosures.  Email to OPC. |
| 0.6 | 300 | Review defendant's initial disclosures and upload to CLIO.  Discuss with co-counsel. |
| 0.5 | 250 | Review and review OPC's changes/additions to the joint statement and email to OPC accordingly.  Discuss with co-counsel. |
| 0.7 | 350 | Review the scheduling order and calendar all relevant dates and discuss with co-counsel and staff. |
| 0.2 | 100 | Review order regarding Rule 26 conference.  Emails with co-counsel regarding the same and discuss calendaring issues.  Upload to CLIO. |

TASK 17: Joint Prosecution Agreement (Negotiation and Drafting)

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Shani O. | $500/hr | 4 | $2,000 |

Zakay
2   1000 Draft JPA agreement.  Multiple discussions with co-counsel regarding the same.  Emails with new co-counsel regarding the same.  Review changes and discuss with co-counsel.
0.5   250 Multiple emails with co-counsel regarding JPA and strategy moving forward.
0.1   50 Emails with co-counsel regarding fee split.
0.4   200 Multiple emails with co-counsel regarding JPA and negotiation of the same.
0.5   250 Work on the JPA
0.5   250 Conference call with Mattern's office regarding JPA and strategy.

TASK 18: Defendant's Discovery (Review and Respond)

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Shani O. | $500/hr | 2.2 | $1,100 |

Zakay
0.2   100 Review written discovery from defendant and calendar deadline to respond.
1.5   750 Review responses to Defendant's discovery and emails with co-counsel regarding changes to the same.
0.2   100 Review emails regarding extensions for deadline to respond to discovery by defendant and calendar new date.
0.3   150 Review final responses to discovery and emails regarding the same.  Upload to CLIO.

TASK 19: Mediation (Preparation and Attendance)

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Shani O. | $500/hr | 23.7 | $12,350 |

Zakay
0.4   200 Telephone conference with co-counsel to discuss necessary work towards settlement and upcoming calls and data review.
0.3   150 Meeting with co-counsel to review data and discuss information needed to engage in further settlement negotiations.
0.3   150 Telephone conference with co-counsel regarding data analysis and settlement negotiations and strategy in call with OPC.
0.3   150 Review order regarding mediation and calendar deadline to file report post-mediation and deadline to file joint motion to lift stay.  Discuss with co-counsel.
0.2   100 Emails with co-counsel regarding mediation brief.
0.2   100 Multiple emails with co-counsel regarding rescheduling of call with OPC.  Calendar accordingly.
0.7   350 Conference call with OPC and co-counsel to discuss possible mediation.  Discuss with co-counsel.
0.8   400 Multiple telephone conversations with co-counsel regarding mediation and mediation dates.
0.2   100 Emails with co-counsel regarding deadline to amend the complaint and joint motion to continue dates in light of the mediation.
1   500 Review all documents from the mediator and calendar relevant dates accordingly.  Discuss with co-counsel and instruct staff on necessary work accordingly.
0.2   100 Emails and discussions with co-counsel regarding payment of mediation fee.
0.2   100 Process payment for mediation.
0.2   100 Emails with co-counsel and staff regarding division of fees for mediation.
0.1   50 Emails with mediator regarding split in costs of mediation.
0.5   250 Call with co-counsel to discuss necessary discovery for mediation.
0.2   100 Emails with co-counsel regarding the mediation brief.
0.2   100 Emails and discussion with co-counsel regarding necessary work on the mediation brief.
0.3   150 Emails with co-counsel to schedule conference call pre-mediation.
0.3   150 Telephone conference with co-counsel regarding data and damage analysis in preparation for the mediation.
1.5   750 Review and revise the mediation brief.
0.5   250 Review multiple versions of the mediation brief and emails regarding the same.
0.3   150 More emails with co-counsel regarding the mediation brief.
12   6000 Travel to/from and attend mediation.
0.3   150 Conference call with co-counsel following up on mediation.
0.6   300 Multiple telephone calls and discussions with co-counsel and OPC regarding discovery and data exchange and settlement negotiations.
0.2   100 Meeting with co-counsel to discuss strategy moving forward assuming the case does not settle.
1   500 Review payroll and time records and notate in preparation for call with expert tomorrow.
0.2   100 Review VM and email from OPC and respond.
0.3   150 Multiple emails with co-counsel and OPC regarding setup of call to discuss settlement negotiations and PAGA action.
0.2   100 Review the joint mediation plan and upload to CLIO.
0.2   100 Review order setting follow up call with magistrate regarding mediation and calendar accordingly.  Discuss availability with co-counsel.  Upload to CLIO.

TASK 20: Joint Motion to Stay Pending Mediation

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Shani O. | $500/hr | 3.5 | $1,750 |

Zakay
1   500 Telephone conversation with the Magistrate regarding the mediation and the joint motion.  Draft stipulation and joint motion to stay discovery re the mediation.
0.3   150 Review the proposed stipulation and order in the related matter staying discovery.
0.3   150 Review and approve stipulation to stay and proposed order per mediation.
0.3   150 Emails with co-counsel and OPC regarding stipulation to stay discovery.
0.4   200 Emails with co-counsel and OPC regarding stipulation to stay discovery pending mediation and revise the stipulation.
0.5   250 Review emails and stipulations regarding stay and respond accordingly.
0.3   150 Review filed stipulation to stay action pending mediation (PAGA action) and joint motion to stay federal action and upload to CLIO.
0.4   200 Review signed order granting joint motion to stay pending mediation.  Calendar all relevant dates accordingly and discuss coverage with co-counsel.

TASK 21: Mediation Status Report and Notice of Settlement

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Shani O. | $500/hr | 6.8 | $3,400 |

Zakay
0.1   50 Emails with co-counsel to discuss upcoming call with Magistrate.
0.4   200 Prepare for and attend call with OPC to discuss possible mediation and call with magistrate.
0.4   200 Numerous emails with co-counsel regarding all with OPC on Friday and in preparation for call with magistrate on Monday.
0.3   150 Telephone conference regarding response to the mediator and regarding status report to the judge.
0.2   100 Emails with co-counsel regarding continued deadlines and status report to magistrate.  Calendar new dates accordingly.
0.3   150 Review proposed joint status report and emails with co-counsel regarding the same.
0.3   150 Review joint status report for the PAGA action and emails with co-counsel regarding the same.
0.4   200 Prepare for and attend call with the magistrate.
0.6   300 Review joint report in the related matter and emails regarding the same.  Review the notice of settlement and emails with co-counsel regarding the same.
0.3   150 More emails regarding the notice of settlement and the terms in the same.  Revise and emails with co-counsel accordingly.
0.3   150 More emails and telephone conversations with co-counsel regarding the notice of settlement and language regarding venue choice.
0.2   100 Review more emails between co-counsel regarding the notice of settlement to be filed in both courts.
0.2   100 More emails regarding notice of settlement to be filed in SD case.
0.8   400 Draft joint status report post-mediation and email to co-counsel for review.
0.5   250 Prepare for and attend conference call with OPC and co-counsel.  Follow up call with co-counsel.
0.2   100 Emails with co-counsel and OPC regarding joint report regarding mediation.
0.3   150 Review email from OPC.  Review notice of settlement.  Emails with OPC regarding the same.
0.3   150 Review and revise joint status report regarding mediation.
0.3   150 Emails with co-counsel and OPC regarding the joint report.
0.2   100 Review order continuing call with the judge.  Upload to CLIO.  Calendar new dates.
0.1   50 Review status report and email to co-counsel approving.
0.1   50 Emails with OPC regarding status report.

TASK 22: Memorandum of Understanding and Settlement Agreement

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Shani O. | $500/hr | 12 | $6,000 |

Zakay
0.2   100 Emails with co-counsel and discussion regarding acceptance of mediator's proposal.
0.2   100 Emails with co-counsel regarding issues with OPC regarding venue for settlement approval.
0.5   250 Emails with co-counsel regarding issues with venue for settlement approval.
0.3   150 Attend call with co-counsel regarding negotiation with mediator regarding venue of settlement approval and review emails accordingly.
0.4   200 Emails and conversation with co-counsel regarding email from mediator and venue for settlement approval.
0.5   250 Emails with co-counsel to set up call to discuss.  Conference call with co-counsel regarding the same.
0.5   250 Review proposed report regarding status of settlement.  Multiple emails with co-counsel regarding the same.
0.3   150 Prepare for and attend conference call with the mediator regarding the venue for settlement approval.
0.3   150 Multiple emails regarding the venue for the settlement approval.
0.8   400 Review and revise the MOU.  Email to co-counsel accordingly.
0.2   100 Review further revisions to the MOU.  Emails with co-counsel accordingly.
0.1   50 Review final revised MOU sent to OPC and upload to CLIO.
1   500 Review numerous emails from OPC and co-counsel regarding revisions and additions to the MOU.
0.8   400 Conference call with co-counsel to go over the terms of the settlement agreement.
0.3   150 Review multiple emails between OPC and co-counsel regarding the MOU, settlement, and call with Lisa.
0.1   50 More emails with co-counsel and Lisa regarding call today.
0.1   50 More emails regarding call today.
1   500 Call with co-counsel before call with OPC.  Conference call with OPC and mediator.  Follow up call with co-counsel.
0.5   250 Review the MOU and more emails regarding the MOU with co-counsel and OPC.
0.5   250 Review more emails from OPC and co-counsel regarding the MOU and the release language.
0.2   100 More emails and correspondence with co-counsel regarding the MOU and obtaining signatures.
0.8   400 More emails with co-counsel and OPC regarding the MOU.  Emails with client regarding the settlement and MOU.  Coordinate execution of the MOU by client.  Obtain signatures from other parties and upload to CLIO.
1   500 Review the settlement agreement.  Comment and revise and email to co-counsel.
0.2   100 Review order setting telephonic hearing regarding dismissal and settlement and calendar accordingly.
0.3   150 Review quotes for settlement administration and emails regarding the same.
0.4   200 Review the final version of the settlement agreement and execute.  Emails with co-counsel regarding the same and regarding obtaining client's signature.
0.1   50 Emails with staff regarding status of client signature.
0.2   100 Obtain signed agreement and review client's signature.  Emails with staff accordingly.  Email to co-counsel with signed agreement.
0.3   150 Review notice of class settlement and emails with co-counsel regarding the same and necessary revisions.

TASK 23: Motion for Preliminary Approval

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Shani O. | $500/hr | 11 | $5,500 |

Zakay
1.2   600 Review and revise Plaintiffs' motion for preliminary approval.
0.5   250 Review final version of the MPA and emails regarding the same.  Review settlement agreement with more revisions from defense and emails regarding the same.
0.2   100 Review email from co-counsel and email from court regarding court order on MPA.  Calendar deadline to file accordingly  Emails with staff regarding status of client's execution of settlement agreement.
0.1   50 Review emails between counsel and review MPA for circulation.  Upload to CLIO.

| | | | |
|---|---|---|---|
| 0.5 | 250 | | Review joint stipulation and order and proposed order to transfer case to central district.  Review stipulation to stay PAGA action.  Emails with co-counsel accordingly. |
| 0.1 | 50 | | Emails with co-counsel regarding new filing deadline for MPA. |
| 4 | 2000 | | More work on the MPA |
| 1.5 | 750 | | Draft declaration in support of MPA |
| 0.6 | 300 | | More work on the motion for preliminary approval.  Emails regarding the same. |
| 0.1 | 50 | | Emails with co-counsel regarding appearance on Monday. |
| 1 | 500 | | Prepare for and attend MPA hearing.  Follow up call with co-counsel. |
| 0.2 | 100 | | Review Court Order regarding MPA and upload to CLIO. |
| 0.3 | 45 | | Left message with District Court Clerk Re Status of the Order filed in December 2020 - T.D. |
| 0.1 | 50 | | Review and approve joint request for ruling. |
| 0.1 | 50 | | Review and approve the joint request for ruling. |
| 0.5 | 250 | | Review preliminary approval order and discuss with co-counsel.  Provide instructions to staff accordingly. |

TASK 25: Misc. Document Review, Legal Research, Conferences with Co-Counsel

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Shani O. | $500/hr | 9.7 | $4,850 |
| Zakay | | | |

| | | | |
|---|---|---|---|
| 0.5 | 250 | | Review Dart decision and review 2014 certification order in preparation for call today.  Email co-counsel with analysis. |
| 0.5 | 250 | | Multiple emails and conference call with co-counsel to discuss claims in preparation for call with OPC. |
| 1.2 | 600 | | Attend conference call with OPC.  Review various documents following up the phone call. |
| 0.2 | 100 | | Emails with co-counsel regarding call yesterday. |
| 0.2 | 100 | | Emails and telephone conversation with co-counsel regarding additional class reps. |
| 0.1 | 50 | | Emails with co-counsel to schedule conference call. |
| 0.4 | 200 | | Conference call with co-counsel to discuss status and claims and strategy moving forward. |
| 0.5 | 250 | | Prepare for and hold conference call with OPC. |
| 0.4 | 200 | | Conference call with co-counsel regarding strategy of coordinating cases. |
| 0.3 | 150 | | Review multiple emails regarding call with OPC, motion to stay, discovery, mediation, and other issues. |
| 0.8 | 400 | | Prepare for and attend conference call with co-counsel and Matern regarding strategy moving forward. |
| 0.6 | 300 | | Prepare for and attend call with co-counsel to discuss status of the case, mediation, and JPA.  Discussion with JCL regarding the same and strategy moving forward. |
| 1 | 500 | | Telephone conversation with co-counsel to discuss strategy moving forward and possible addition of ADP to the case.  Meeting with co-counsel to discuss. |
| 0.2 | 100 | | More emails with co-counsel regarding scheduling of a call. |
| 0.2 | 100 | | Multiple emails with co-counsel regarding scheduling of conference call today. |
| 0.5 | 250 | | Prepare for and attend conference call with co-counsel and Matern. |
| 0.5 | 250 | | Review newly filed case.  Emails to set up a call.  Emails with co-counsel regarding the same. |
| 1 | 500 | | Call with OPC and co-counsel. Review complaint in related matter.  Call with John Scheppach. |
| 0.4 | 200 | | Follow up call to discuss conversation with schepach with JCL.  Follow up call to discuss conversation with Schepach with Scott. |
| 0.2 | 100 | | Emails with Schepach with the Schlieser complaint regarding the 2802 claim. |

*vice.*

**JCL LAW FIRM**
**(002-058)** *Van Cleave v. Sunrise Senior Living Management, LLC*
**ALL TIME ENTRIES**

| TASK # 1 | | | | | |
|---|---|---|---|---|---|
| **PRE-FILING INVESTIGATION AND RESEARCH** | | | | | |
| **Date** | **Attorney** | **Description** | **Rate** | **Hours** | **Fee** |
| 11/16/2018 | Jean Claude Lapuyade | Fact Investigation - R&R Client File | $400.00 | 3.3 | $1,320.00 |
| 11/29/2018 | Jean Claude Lapuyade | Fact Investigation - Client Meeting | $400.00 | 3.4 | $1,360.00 |
| 12/03/2018 | Jean Claude Lapuyade | Fact Investigation - Claim Analysis | $400.00 | 7.9 | $3,160.00 |
| 12/03/2018 | Jean Claude Lapuyade | Legal Research - Dart, Regular Rate, Meal, Rest Non Discretionary Bonus | $400.00 | 7.7 | $3,080.00 |
| 12/04/2018 | Jean Claude Lapuyade | Draft, Read, Review, Revise and Edit Complaint | $400.00 | 3.7 | $1,480.00 |
| | | **SUMS for TASK #1** | | 26 | $10,400.00 |

| TASK # 2 | | | | | |
|---|---|---|---|---|---|
| **DRAFT, FILE, SERVE, COMPLAINT** | | | | | |
| **Date** | **Attorney** | **Description** | **Rate** | **Hours** | **Fee** |
| 12/05/2018 | Jean Claude Lapuyade | Draft and Edit Complaint | $400.00 | 5.1 | $2,040.00 |
| 12/05/2018 | Jean Claude Lapuyade | Draft, Read, Review, Revise and Edit Complaint | $400.00 | 3.3 | $1,320.00 |
| | | **SUMS for TASK # 2** | | 8.4 | $3,360.00 |

| TASK # 3 | | | | | |
|---|---|---|---|---|---|
| **MOTION FOR REMOVAL, REMAND, MOTION TO DISMISS AND MOTION TO AMEND** | | | | | |
| **Date** | **Attorney** | **Description** | **Rate** | **Hours** | **Fee** |
| 01/08/2019 | Jean Claude Lapuyade | Read, Review and Analyze Removal Motion | $400.00 | 6.5 | $2,600.00 |
| 01/10/2019 | Jean Claude Lapuyade | Read and Review Minute Order Re Recusal | $400.00 | 0.7 | $280.00 |
| 01/12/2019 | Jean Claude Lapuyade | Legal Research - Remand | $400.00 | 4.2 | $1,680.00 |
| 01/14/2019 | Jean Claude Lapuyade | Legal Research - Remand | $400.00 | 1.9 | $760.00 |
| 01/16/2019 | Jean Claude Lapuyade | Read, Review and Legal Reserch Motion to Dismiss | $400.00 | 5.5 | $2,200.00 |
| 02/11/2019 | Jean Claude Lapuyade | Draft, Revise and Review Remand Motion | $400.00 | 5.6 | $2,240.00 |
| 01/28/2019 | Jean Claude Lapuyade | Drafted JM to Amend | $400.00 | 1.5 | $600.00 |
| | | **SUMS for TASK # 3** | | 25.9 | $10,360.00 |

| TASK # 4 | | | | | |
|---|---|---|---|---|---|
| **JOINT MOTION TO CONTINUE RESPONSE DATES** | | | | | |
| **Date** | **Attorney** | **Description** | **Rate** | **Hours** | **Fee** |
| 02/24/2019 | Jean Claude Lapuyade | Draft Joint Stip to Extension to Respond | $400.00 | 1.2 | $480.00 |
| 03/17/2019 | Jean Claude Lapuyade | Draft Joint Stipulation for Extension of Time to Repond | $400.00 | 0.8 | $320.00 |
| 04/08/2019 | Jean Claude Lapuyade | Draft, Revise and Review Stip to Stay and Notice of Related Case | $400.00 | 1.1 | $440.00 |
| | | **SUMS for TASK # 4** | | 3.1 | $1,240.00 |

| TASK # 5 | | | | | |
|---|---|---|---|---|---|
| **RESEARCH, DRAFT, FILE AND SERVE PAGA COMPLAINT** | | | | | |
| Date | Attorney | Description | Rate | Hours | Fee |
| 04/22/2019 | Jean Claude Lapuyade | Legal Research PAGA Complaint | $400.00 | 5.9 | $2,360.00 |
| 04/25/2019 | Jean Claude Lapuyade | Drafted PAGA Complaint | $400.00 | 4.2 | $1,680.00 |
| 04/29/2019 | Jean Claude Lapuyade | Drafted PAGA Complaint | $400.00 | 2.1 | $840.00 |
| | | **SUMS for TASK # 5** | | 12.2 | $4,880.00 |

| TASK # 6 | | | | | |
|---|---|---|---|---|---|
| **PREPARATION FOR SETTLEMENT CONFERENCE** | | | | | |
| **Date** | **Attorney** | **Description** | **Rate** | **Hours** | **Fee** |
| 06/03/2019 | Jean Claude Lapuyade | Read, Review and Analyze Data for Mediation | $500.00 | 6.2 | $3,100.00 |
| 06/12/2019 | Jean Claude Lapuyade | TCW Counsel Re Data and Mediation | $500.00 | 1 | $500.00 |
| 06/14/2019 | Jean Claude Lapuyade | Legal Research - Mediation Brief Regular Rate | $500.00 | 4.7 | $2,350.00 |
| 06/14/2019 | Jean Claude Lapuyade | Read and Review Correspondence from OC Re Settlement Conference | $500.00 | 0.3 | $150.00 |
| 06/26/2019 | Jean Claude Lapuyade | Fact Investigation - R&R Payroll Codes | $500.00 | 1 | $500.00 |
| 07/09/2019 | Jean Claude Lapuyade | Read, Review and Analyze Memo and Case Law Re Bonus Codes | $500.00 | 3.2 | $1,600.00 |
| 07/09/2019 | Jean Claude Lapuyade | Researched - Discretionary Bonus Issue | $500.00 | 7.4 | $3,700.00 |
| 07/15/2019 | Jean Claude Lapuyade | Draft and Revise Section on ND Bonus | $500.00 | 4.1 | $2,050.00 |
| | | **SUMS for TASK # 6** | | 27.9 | $13,950.00 |

| TASK # 7 | | | | | |
|---|---|---|---|---|---|
| **ATTEND SETTLEMENT CONFERENCE** | | | | | |
| **Date** | **Attorney** | **Description** | **Rate** | **Hours** | **Fee** |
| 08/11/2019 | Jean Claude Lapuyade | Travel to Settlement Conference | $500.00 | 6.5 | $3,250.00 |
| 08/12/2019 | Jean Claude Lapuyade | Attended Settlement Conference | $500.00 | 7 | $3,500.00 |
| 08/12/2019 | Jean Claude Lapuyade | Travel Back from Settlement Conference | $500.00 | 5.2 | $2,600.00 |
| | | **SUMS for TASK # 7** | | 18.7 | $9,350.00 |

| TASK # 8 | | | | | |
|---|---|---|---|---|---|
| **MOTION TO TRANSFER VENUE** | | | | | |
| **Date** | **Attorney** | **Description** | **Rate** | **Hours** | **Fee** |
| 08/16/2019 | Jean Claude Lapuyade | Legal Research Re Transfer | $500.00 | 3.8 | $1,900.00 |
| 10/17/2019 | Jean Claude Lapuyade | Legal Research - Transfer of Venue Motion | $500.00 | 4.3 | $2,150.00 |
| 10/17/2019 | Jean Claude Lapuyade | TCW JT, TK, KS RE Change of Venue Motion | $500.00 | 0.6 | $300.00 |
| 10/25/2019 | Jean Claude Lapuyade | Edited and revised response to change of venue version 1 | $500.00 | 1.7 | $850.00 |
| 10/26/2019 | Jean Claude Lapuyade | Revised and Edited Response to Change of Venue | $500.00 | 1.5 | $750.00 |
| 10/28/2019 | Jean Claude Lapuyade | Revised and Edited Response to Change of Venue | $500.00 | 0.9 | $450.00 |
| 11/08/2019 | Jean Claude Lapuyade | Motions R&R Motion to Transfer Reply | $500.00 | 1.8 | $900.00 |
| 11/10/2019 | Jean Claude Lapuyade | Legal Research - Reply Motion to Transfer | $500.00 | 0.9 | $450.00 |
| | | **SUMS for TASK # 8** | | 15.5 | $7,750.00 |

| TASK # 9 | | | | | |
|---|---|---|---|---|---|
| **STIPULATION TO STAY PAGA ACTION** | | | | | |
| **Date** | **Attorney** | **Description** | **Rate** | **Hours** | **Fee** |
| 09/13/2019 | Jean Claude Lapuyade | Read, Review and Edit Proposed Stip to Stay PAGA Action | $500.00 | 0.5 | $250.00 |
| 11/14/2019 | Jean Claude Lapuyade | Read, Review, Edit and Analyze Motion to Stay | $500.00 | 3.1 | $1,550.00 |
| | | **SUMS for TASK # 9** | | 3.6 | $1,800.00 |

**TASK # 10**

**PREPARE AND ATTEND ENE IN SOUTHERN DISTRICT**

| Date | Attorney | Description | Rate | Hours | Fee |
|---|---|---|---|---|---|
| 10/15/2019 | Jean Claude Lapuyade | Read, Review and Analyze Defendant Time and Payroll Data Produced Pursuant to Settlement Discuss | $500.00 | 6.7 | $3,350.00 |
| 10/15/2019 | Jean Claude Lapuyade | Read, Review and Analyze Defendant's Settlement Offer and Data | $500.00 | 7.3 | $3,650.00 |
| 11/05/2019 | Jean Claude Lapuyade | TCW Co- Counsel Re Claim Status | $500.00 | 1 | $500.00 |
| 11/08/2019 | Jean Claude Lapuyade | Read, Review, Edit Letter to OC Re Settlement Status | $500.00 | 1.5 | $750.00 |
| 11/15/2019 | Jean Claude Lapuyade | Drafted Email to Counsel Re Mediation | $500.00 | 1 | $500.00 |
| 11/26/2019 | Jean Claude Lapuyade | TCW S. Brooks Re Mediation | $500.00 | 0.7 | $350.00 |
| 12/02/2019 | Jean Claude Lapuyade | Drafted ENE Statement | $500.00 | 1.5 | $750.00 |
| 12/02/2019 | Jean Claude Lapuyade | TCW OC A. Allen Re ENE | $500.00 | 0.7 | $350.00 |
| 12/02/2019 | Jean Claude Lapuyade | TCW Co Counsel S Brooks Re ENE | $500.00 | 0.6 | $300.00 |
| 12/03/2019 | Jean Claude Lapuyade | TCW Co Counsel TK Re ENE Brief | $500.00 | 0.6 | $300.00 |
| 12/06/2019 | Jean Claude Lapuyade | Prepared for ENE Reviewed Pleadings, Drafted Brief, and Damage Reports | $500.00 | 3.5 | $1,750.00 |
| 12/10/2019 | Jean Claude Lapuyade | Attended ENE | $500.00 | 6 | $3,000.00 |
| 01/06/2020 | Jean Claude Lapuyade | Attended TCW Mag. Goddard Re ENE Follow Up | $500.00 | 0.4 | $200.00 |
| | | **SUMS for TASK # 10** | | 31.5 | $15,750.00 |

**TASK # 11**

**PAGA STATE COURT ACTION CMC**

| Date | Attorney | Description | Rate | Hours | Fee |
|---|---|---|---|---|---|
| 10/28/2019 | Jean Claude Lapuyade | Revised and Edited PAGA CMS | $500.00 | 0.5 | $250.00 |
| 11/15/2019 | Jean Claude Lapuyade | Attended CMC | $500.00 | 2.5 | $1,250.00 |
| 7/8/2021 | Jean Claude Lapuyade | Drafted Joint Status Report | $500.00 | 1.5 | $750.00 |
| 7/12/2021 | Jean Claude Lapuyade | Read, Review and Revised Joint Stipulation to Continue CMC | $500.00 | 2 | $1,000.00 |
| | | **SUMS FOR TASK # 11** | | 6.5 | $3,250.00 |

**TASK # 12**

**PLAINTIFF'S DISCOVERY RESPONSES (Southern District)**

| Date | Attorney | Description | Rate | Hours | Fee |
|---|---|---|---|---|---|
| 12/01/2019 | Jean Claude Lapuyade | Read, Review and Analyze Defendant's Discovery Requests | $500.00 | 1.3 | $650.00 |
| 12/10/2019 | Jean Claude Lapuyade | TCW Client Re Discovery Responses | $500.00 | 1.5 | $750.00 |
| 01/08/2020 | Jean Claude Lapuyade | Read, Review and Edit Plaintiffs Draft Discovery Responses | $500.00 | 2.2 | $1,100.00 |
| | | **SUMS FOR TASK #12** | | 5 | $2,500.00 |

**TASK # 13**

**FEBRUARY 2020 MEDIATION**

| Date | Attorney | Description | Rate | Hours | Fee |
|---|---|---|---|---|---|
| 01/03/2020 | Jean Claude Lapuyade | TCW OC Re Mediation | $500.00 | 0.5 | $250.00 |
| 02/07/2020 | Jean Claude Lapuyade | Fact Investigation - Data Analysis for Magadia Claim | $500.00 | 6.3 | $3,150.00 |
| 02/10/2020 | Jean Claude Lapuyade | Fact Investigation - Data Analysis Regular Rate Claim | $500.00 | 5.4 | $2,700.00 |
| 02/12/2020 | Jean Claude Lapuyade | Legal Research for Mediation Brief _ Magadia and Regular Rate | $500.00 | 4.2 | $2,100.00 |
| 02/20/2020 | Jean Claude Lapuyade | Mediation Prep. R&R Statements | $500.00 | 1.4 | $700.00 |
| 02/21/2020 | Jean Claude Lapuyade | Read, Review and Analyze Damages Model | $500.00 | 2.3 | $1,150.00 |
| 02/24/2020 | Jean Claude Lapuyade | Attended Mediation | $500.00 | 14 | $7,000.00 |
| 04/08/2020 | Jean Claude Lapuyade | TCW Co Counsel Re Proposal | $500.00 | 0.6 | $300.00 |
| 04/08/2020 | Jean Claude Lapuyade | TCW Mediator Klerman re Proposal | $500.00 | 0.5 | $250.00 |
| | | **SUMS FOR TASK #13** | | 35.2 | $17,600.00 |

**TASK # 14**

**DRAFTING, EDITING AND FINALIZING SETTLEMENT DOCUMENTS**

| Date | Attorney | Description | Rate | Hours | Fee |
|---|---|---|---|---|---|
| 04/13/2020 | Jean Claude Lapuyade | Drafted Status Letter to Client | $500.00 | 2.2 | $1,100.00 |
| 04/16/2020 | Jean Claude Lapuyade | TCW Client Re Settlement Status | $500.00 | 0.6 | $300.00 |
| 04/27/2020 | Jean Claude Lapuyade | Drafted Email to OC Re MOU | $500.00 | 0.3 | $150.00 |
| 04/27/2020 | Jean Claude Lapuyade | TCW Co-Counsel SB Re Settlement Status | $500.00 | 0.3 | $150.00 |
| 05/14/2020 | Jean Claude Lapuyade | Draft, Revise, Edit Settlement Agreement | $500.00 | 1.1 | $550.00 |
| 05/15/2020 | Jean Claude Lapuyade | TCW Co Counsel Re Settlement Agreement Edits | $500.00 | 1.3 | $650.00 |
| 06/22/2020 | Jean Claude Lapuyade | Read, Review and Edit Settlement Agreement and Executed SAR | $500.00 | 0.8 | $400.00 |
| | | **SUMS FOR TASK #14** | | 6.6 | $3,300.00 |

**TASK # 15**

**MOTION FOR CLASS CERTIFICATION**

| Date | Attorney | Description | Rate | Hours | Fee |
|---|---|---|---|---|---|
| 12/05/2019 | Jean Claude Lapuyade | TCW Counsel SB Re MCC and JPA | $500.00 | 0.5 | $250.00 |
| | | **SUMS FOR TASK #15** | | 0.5 | $250.00 |

**TASK # 16**

**PLAINTIFF'S DISCOVERY REQUESTS (PAGA ACTION)**

| Date | Attorney | Description | Rate | Hours | Fee |
|---|---|---|---|---|---|
| 12/07/2019 | Jean Claude Lapuyade | Drafted Edited, Revised SI to Defendant | $500.00 | 2.4 | $1,200.00 |
| 12/12/2019 | Jean Claude Lapuyade | Reviewed Edited, Revised Form Roggs to Defendant | $500.00 | 1.5 | $750.00 |
| 12/12/2019 | Jean Claude Lapuyade | Reviewed Edited, Revised RFP to Defendant | $500.00 | 0.7 | $350.00 |
| | | **SUMS FOR TASK #16** | | 4.6 | $2,300.00 |

**TASK # 17**

**MOTION FOR PRELIMINARY APPROVAL**

| Date | Attorney | Description | Rate | Hours | Fee |
|---|---|---|---|---|---|
| 06/05/2020 | Jean Claude Lapuyade | Read, Review and Revise Preliminary Approval Motion with Edits to JT | $500.00 | 2.7 | $1,350.00 |
| 06/08/2020 | Jean Claude Lapuyade | Review and Edit Motion for Preliminary Approval | $500.00 | 1.9 | $950.00 |
| 06/09/2020 | Jean Claude Lapuyade | Draft Correspondence to Counsel Re Preliminary Approval Hearing | $500.00 | 0.3 | $150.00 |
| 06/19/2020 | Jean Claude Lapuyade | TCW Co-Counsel Re Approval Hearing Date | $500.00 | 0.5 | $250.00 |
| 07/06/2020 | Jean Claude Lapuyade | Drafted Declaration for Preliminary Approval | $500.00 | 3 | $1,500.00 |
| 07/07/2020 | Jean Claude Lapuyade | Read, Review, Revise and Edit Class Notice | $500.00 | 0.4 | $200.00 |
| 07/08/2020 | Jean Claude Lapuyade | Drafted Fees Tables | $500.00 | 4.9 | $2,450.00 |
| 07/07/2021 | Jean Claude Lapuyade | Read and Reviewed Preliminary Approval Order | $500.00 | 1.5 | $750.00 |
| | | **SUMS FOR TASK #17** | | 15.2 | $7,600.00 |

**JCL LAW FIRM**

**(002-058) Van Cleave v. Sunrise Senior Living Management, LLC**

**TABLE #1**

| TASK # 1 | | | |
|---|---|---|---|
| **PRE-FILING INVESTIGATION AND RESEARCH** | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Jean-Claude Lapuyade | $400.00 | 26 | $10,400.00 |

| TASK # 2 | | | |
|---|---|---|---|
| **DRAFT, FILE, SERVE, COMPLAINT** | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Jean-Claude Lapuyade | $400.00 | 8.4 | $3,360.00 |

| TASK # 3 | | | |
|---|---|---|---|
| **OTION FOR REMOVAL, REMAND, MOTION TO DISMISS AND MOTION TO AMEN** | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Jean-Claude Lapuyade | $400.00 | 25.9 | $10,360.00 |

| TASK # 4 | | | |
|---|---|---|---|
| **JOINT MOTION TO CONTINUE RESPONSE DATES** | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Jean-Claude Lapuyade | $400.00 | 3.1 | $1,240.00 |

| TASK # 5 | | | |
|---|---|---|---|
| **RESEARCH, DRAFT, FILE AND SERVE PAGA COMPLAINT** | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Jean-Claude Lapuyade | $400.00 | 12.2 | $4,880.00 |

| TASK # 6 | | | |
|---|---|---|---|
| **PREPARATION FOR SETTLEMENT CONFERENCE** | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Jean-Claude Lapuyade | $500.00 | 27.9 | $13,950.00 |

| TASK # 7 | | | |
|---|---|---|---|
| **ATTEND SETTLEMENT CONFERENCE** | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Jean-Claude Lapuyade | $500.00 | 18.7 | $9,350.00 |

| TASK # 8 | | | |
|---|---|---|---|
| **MOTION TO TRANSFER VENUE** | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Jean-Claude Lapuyade | $500.00 | 15.5 | $7,750.00 |

| TASK # 9 | | | |
|---|---|---|---|
| **STIPULATION TO STAY PAGA ACTION** | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Jean-Claude Lapuyade | $500.00 | 3.6 | $1,800.00 |

| TASK # 10 | | | |
|---|---|---|---|
| **PREPARE AND ATTEND ENE IN SOUTHERN DISTRICT** | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Jean-Claude Lapuyade | $500.00 | 31.5 | $15,750.00 |

| TASK # 11 | | | |
|---|---|---|---|
| **PAGA STATE COURT ACTION CMC** | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Jean-Claude Lapuyade | $500.00 | 6.5 | $3,250.00 |

| TASK # 12 | | | |
|---|---|---|---|
| **PLAINTIFF'S DISCOVERY RESPONSES** | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Jean-Claude Lapuyade | $500.00 | 5 | $2,500.00 |

| TASK # 13 | | | |
|---|---|---|---|
| **FEBRUARY 2020 MEDIATION** | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Jean-Claude Lapuyade | $500.00 | 35.2 | $17,600.00 |

| TASK # 14 | | | |
|---|---|---|---|
| **DRAFTING, EDITING AND FINALIZING SETTLEMENT DOCUMENTS** | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Jean-Claude Lapuyade | $500.00 | 6.6 | $3,300.00 |

| TASK # 15 | | | |
|---|---|---|---|
| **MOTION FOR CLASS CERTIFICATION** | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Jean-Claude Lapuyade | $500.00 | 0.5 | $250.00 |

| TASK # 16 | | | |
|---|---|---|---|
| **PLAINTIFF'S DISCOVERY REQUESTS PAGA** | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Jean-Claude Lapuyade | $500.00 | 4.6 | $2,300.00 |

| TASK # 17 | | | |
|---|---|---|---|
| **MOTION FOR PRELIMINARY APPROVAL** | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Jean-Claude Lapuyade | $500.00 | 15.2 | $7,600.00 |

| TASK # 18 | |
|---|---|
| **SETTLEMENT ADMINISTRATION & FINAL APPROVAL** | |

**JCL LAW FIRM**

**(002-058) Van Cleave v. Sunrise Senior Living Management, LLC**

**TABLE #2 - HOURS BY TASK**

| Attorney | Rate | Hours by Task | | Total |
|---|---|---|---|---|
| Jean-Claude Lapuayde | $400 | **Task** | **Hours on Task** | Hours: 75.6 |
| | | #1 Pre-Filing Investigation | 26 | Amount: $30,240 |
| | | #2 Draft, File, Serve Complaint | 8.4 | |
| | | #3 Removal, Remand, MTD | 25.9 | |
| | | #4 JM to Continue Dates | 3.1 | |
| | | #5 Research, Draft, File, Serve PAGA Complaint | 12.2 | |
| Jean-Claude Lapuayde | $500 | **Task** | **Hours on Task** | Hours: 177.2 |
| | | #6 Preparation for Settlement Conference | 27.9 | Amount: $88,600 |
| | | #7 Attend Settlement Conference | 18.7 | |
| | | #8 Motion to Transfer Venue | 15.5 | |
| | | #9 Stipulation to Stay PAGA Action | 3.6 | |
| | | #10 Prepare and Attend ENE (Southern District) | 31.5 | |
| | | #11 PAGA State Court CMC | 6.5 | |
| | | #12 Plaintiff's Discovery Responses (S.D.) | 5 | |
| | | #13 February 2020 Mediation | 35.2 | |
| | | #14 Draft, Edit, Finalize Settlement Documents | 6.6 | |
| | | #15 Motion for Class Cert | 0.5 | |
| | | #16 Plaintiff's Discovery Requests | 4.6 | |
| | | #17 Motion for Preliminary Approval | 15.2 | |
| | | #18 Settlement Administration & Final Approval | 6.4 | |
| **Total** | | | | Hours: 252.8 Amount: $118,840 |