UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-00443 JAK (PLAx) | Date | May 16, 2022 |
|---|---|---|---|
| Title | Nancy Schlieser v. Sunrise Senior Living Management Inc., et a. | | |

Present: The Honorable    JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| T. Jackson-Terrell | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**    **(IN CHAMBERS) ORDER RE PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT (DKT. 89); AND**

**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS AND ENHANCEMENT AWARDS (DKT. 90)**

## I.    Introduction

On January 17, 2019, Nancy Schlieser ("Schlieser") brought this putative class action on behalf of herself and other similarly situated California-based "current and former non-exempt employees of [Defendant]" against her former employer, Sunrise Senior Living Management, Inc. ("Defendant" or "Sunrise"). Complaint, Dkt. 1-4 ¶ 4. For settlement purposes, this case was consolidated with the related case brought by Christian Van Cleave ("Van Cleave") (together with Schlieser, "Plaintiffs"). Dkt. 75.[1] The Second Amended Complaint (the "SAC" (Dkt. 83)), which is the operative one, advances the following causes of action:

1.    Failure to pay overtime wages, in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.*;
2.    Failure to pay wages for all hours worked, including unpaid overtime, in violation of California Labor Code §§ 510, 1194 and 1198 and Industrial Welfare Commission ("IWC") Wage Order 4;
3.    Failure to provide required meal periods, in violation of California Labor Code ("Cal. Lab. Code") §§ 226.7 and 512;
4.    Failure to provide accurate wage statements, in violation of Cal. Lab. Code §§ 226 and 1174;
5.    Waiting time violations of Cal. Lab. Code §§ 201, 202 and 203;
6.    Unfair, lawful, and/or fraudulent business practices, in violation of California Business and Professions Code ("Cal. Bus. & Prof. Code") §§ 17200 *et seq.* ("UCL");
7.    Breach of the covenant of good faith and fair dealing; and
8.    Representative action for civil penalties under Cal. Lab. Code §§ 2698–2699.5.

---

[1] *Christian Van Cleave v. Sunrise Senior Living Management, Inc.*, Case No. LA CV 20-06300 JAK (PLAx) (C.D. Cal. July 15, 2020).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-00443 JAK (PLAx) | Date | May 16, 2022 |
| Title | Nancy Schlieser v. Sunrise Senior Living Management Inc., et a. | | |

SAC ¶¶ 53–110. The alleged basis for these claims is that non-exempt hourly employees who are within the proposed class were expected to work more than 40 hours per week without receiving adequate overtime compensation or proper meal breaks. *See id.* ¶¶ 4-7.

On July 16, 2020, Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Motion" (Dkt. 74)). On July 6, 2021, the Preliminary Approval Motion was granted (the "Preliminary Approval Order" (Dkt. 88)). The Preliminary Approval Order is incorporated here by this reference.

On October 7, 2021, Plaintiffs filed a Motion for Final Approval of Class Action Settlement (the "Final Approval Motion" (Dkt. 89)). On the same date, Plaintiffs filed a Motion for Attorneys' Fees and Costs and Enhancement Awards (the "Attorneys' Fees Motion" (Dkt. 90)). No opposition to either of these motions was filed.

On April 11, 2022, a hearing was held on the Final Approval Motion and the Attorneys' Fees Motion. Dkt. 96. At the hearing, the parties were directed to file documents confirming that notice of settlement was provided to the appropriate federal and state officials in compliance with the Class Action Fairness Act. *Id.* Documentation of this notice was provided the same day, April 11, 2022. Dkt. 95.

For the reasons stated in this Order, the Final Approval Motion and the Attorneys' Fees Motion are **GRANTED**.

II.    **Summary of Settlement Agreement and Notice**

        A.    Class Definition

The Settlement Agreement defines the "Class" or "Class Members" as "all persons who were employed in non-exempt positions at [Defendant's] California communities at any time during the period from July 1, 2016 to June 15, 2020." Settlement Agreement (Dkt. 89-1 at 22-55) ¶ 27. This period of July 1, 2016 to June 15, 2020 is defined as the "Class Period." *Id.* ¶ 6.

The Class includes approximately 12,000 persons, and the Class Period includes approximately 769,345 workweeks. *Id.* ¶ 50.

        B.    Summary of the Settlement Agreement and Preliminary Approval Amount

The Preliminary Approval Order includes a detailed summary of the Settlement Agreement. Dkt. 88 at 3-8. The monetary terms of the Settlement Agreement are summarized in the following table:

| Description of Amount | Amount | Percent of Gross Settlement Amount |
|---|---|---|
| **Gross Settlement Amount** | **$2,450,000.00** | **100%** |
| Enhancement Awards to Class Representatives | ($15,000.00) | 0.61% |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | LA CV19-00443 JAK (PLAx) | | Date | May 16, 2022 |
| Title | Nancy Schlieser v. Sunrise Senior Living Management Inc., et a. | | | |

| | | |
|---|---|---|
| Attorneys' Fees Award to Class Counsel | ($816,666.00) | 33.33% |
| Litigation Costs and Expenses | ($22,722.86) | 0.93% |
| Third Party Administrator Costs | ($55,000.00) | 2.24% |
| Labor and Workforce Development Agency ("LWDA") Payment (75% of PAGA payments) | ($30,000.000) | 1.22% |
| **Net Settlement Amount (including 25% of PAGA Payments)** | **$1,510,611.14** | **61.66%** |

*Id.* at 4.

       C.      Settlement Administration and Final Requested Amounts

The Settlement Agreement provides for the allocation of up to $55,000 for the cost of settlement administration. Settlement Agreement ¶ 25. The Settlement Agreement identifies Simpluris, Inc. ("Simpluris") as the Third Party Administrator. *Id.* ¶ 26. The Preliminary Approval Order found that there was no evidence that an estimated cost of $55,000 was unreasonable, but noted that the parties did not submit evidence in support of the requested amount. Dkt. 88 at 32. Therefore, the Preliminary Approval Order stated that final review of this issue would be made *de novo* in connection with the anticipated motion for final approval. *Id.* Plaintiffs seek final approval of $55,000 to Simpluris for settlement administration expenses. Dkt. 89 at 16. *See also* October 5, 2021 Declaration of Meagan Brunner ("Brunner Decl."), Dkt. 91 ¶ 17.

The Settlement Agreement provides for enhancement awards for the two named Plaintiffs, Nancy Schlieser ("Schlieser") and Christian Van Cleave ("Van Cleave") of up to $7500 each. Settlement Agreement ¶ 34. An enhancement award of up to $7500 each was approved in the Preliminary Approval Order. Dkt. 88 at 21. In the Final Approval Motion and the Attorneys' Fees Motion, Plaintiffs request approval of that amount for each named Plaintiff. Dkt. 89 at 16; Dkt. 90 at 30-35.

A PAGA Payment of $40,000 was deemed reasonable in the Preliminary Approval Order, with $30,000 allocated to the Labor and Workforce Development Agency ("LDWA") and $10,000 divided among Class Members who do not opt out ("Participating Class Members"). Dkt. 88 at 20. Plaintiffs request approval of those amounts. Dkt. 89 at 16.

An award of attorney's fees to Plaintiffs' counsel of $816,666 was deemed reasonable in the Preliminary Approval Order. Dkt. 88 at 32. Plaintiffs' counsel request approval of that amount. Dkt. 89 at 16; Dkt. 90 at 12, 16, 26, 30, 36.

An award of litigation costs in the amount of $22,722.86 was deemed appropriate and reasonable in the Preliminary Approval Order. Dkt. 88 at 32. Plaintiffs' counsel again request approval of that amount. Dkt. 89 at 16; Dkt. 90 at 12, 30, 36.

The proposed deductions from the Gross Settlement Amount requested in the Final Approval and Attorneys' Fees Motions are summarized in the following table:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-00443 JAK (PLAx) | Date | May 16, 2022 |
|---|---|---|---|
| Title | Nancy Schlieser v. Sunrise Senior Living Management Inc., et a. | | |

| Description of Amount | Amount | Percent of Gross Settlement Amount |
|---|---|---|
| **Gross Settlement Amount** | **$2,450,000.00** | 100% |
| Enhancement Awards to Class Representatives | ($15,000.00) | 0.61% |
| Attorneys' Fees Award to Class Counsel | ($816,666.00) | 33.33% |
| Litigation Costs and Expenses | ($22,722.86) | 0.93% |
| Third Party Administrator Costs | ($55,000.00) | 2.24% |
| Labor and Workforce Development Agency ("LWDA") Payment (75% of PAGA payments) | ($30,000.000) | 1.22% |
| **Net Settlement Amount (including 25% of PAGA Payments)** | **$1,510,611.14** | **61.66%** |

Dkt. 89 at 14-16; Dkt. 90 at 12.

D.    Notice to Class Members

Timely notice to Class Members of the settlement was provided by the Third Party Administrator. Brunner Decl., Dkt. 91 ¶¶ 3-7. On July 26, 2021, counsel for Defendant provided the Third Party Administrator with a mailing list that included the names, last known address, Social Security Number, and pertinent employment information of each Class Member (the "Class List"). *Id.* ¶ 3. On August 5, 2021, after updating the mailing addresses of the Class List, the Third Party Administrator mailed the court-approved notice (the "Class Notice") to all 11,566 Class Members on the Class List. *Id.* ¶¶ 4-6. Class Members were advised that the postmark deadline for objecting, opting out or disputing one's employment information was September 4, 2021. *Id.* ¶ 10. Class Notice, *id.* at 10.

The Class Notice provided a streamlined explanation of the Settlement Agreement, explained why it was being sent, detailed the history of the action and the claims that had been advanced, summarized the financial terms of the Settlement, and explained what rights Class Members who participated in the Settlement would release. *Id.* at 8-11. The Class Notice also stated that, if in response to the Class Notice, a Class Member elected to take no action, that person would remain in the Class. Alternatively, the person could affirmatively elect to opt out of the settlement or submit an objection to it. *Id.*

The Class Notice was sent by first-class mail. *Id.* ¶ 6. When any Class Notice was returned as undeliverable to a particular member of the Class, the Settlement Administrator performed a skip trace to locate a current address and promptly re-sent the Class Notice to those Class Members at such addresses. *Id.* ¶ 7. As of October 5, 2021, notice to 98[2] of the 11,566 Class Members remained undeliverable. *Id.* Therefore, more than 99% of the Class Members received notice of the settlement.

Simpluris established a toll-free telephone helpline to allow Class Members to make inquiries regarding

---

[2] Plaintiffs' Motion for Final Approval states that 85 notice packets remained undeliverable. Dkt. 89 at 13 (citing Brunner Decl. ¶ 7). Plaintiffs' assertion that only 85 notice packets—as opposed to 98—remained undeliverable appears to be inadvertent error.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-00443 JAK (PLAx) | Date | May 16, 2022 |
|----------|--------------------------|------|--------------|
| Title | Nancy Schlieser v. Sunrise Senior Living Management Inc., et a. | | |

the settlement as well as a website where Class Members could download copies of the Court's Preliminary Approval Order and the Settlement Agreement. *Id.* ¶¶ 8-9; Dkt. 89 at 13. The toll-free telephone number was set forth in the Class Notice. Class Notice, Dkt. 91 at 8-11. As of October 5, 2021, the Settlement Administrator received seven requests to opt out, but no objections. Brunner Decl., *id.* ¶ 11-12.[3]

    E.    CAFA Notice

CAFA requires that defendants serve notice on appropriate federal and state officials of a proposed class action settlement within ten days of the filing of the Preliminary Approval Motion. 28 U.S.C. § 1715(b). The Preliminary Approval Motion was filed on July 16, 2020. Dkt. 74. Defendant did not serve notice until a year later on July 16, 2021, ten days after the Preliminary Approval Order issued. April 11, 2022 Declaration of Scott A. Brooks ("Brooks Decl.") Exh. 3, Dkt. 95 at 11. Notice was sent to the U.S. Attorney General and the Attorneys General for Alabama, Arizona, California, Colorado, Connecticut, the District of Columbia, Delaware, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Kansas, Louisiana, Maine, Massachusetts, Maryland, Michigan, Minnesota, Mississippi, Missouri, Montana, North Carolina, New Jersey, New Mexico, Nevada, New York, Ontario, Oregon, Pennsylvania, Quebec, Tennessee, Texas, Utah, Virginia, Washington and Wisconsin. *Id.* at 15-17.

Late notice to state and federal officials does not preclude settlement approval if more than 90 days have passed since Defendant provided such notice. *See Adoma v. Univ. of Phoenix, Inc.*, 913 F. Supp. 2d 964, 973 (E.D. Cal. 2012); *see also Metrow v. Liberty Mut. Managed Care LLC*, 16-cv-01133 JGB, 2018 WL 6265085, at *6 (C.D. Cal. June 14, 2018). Approximately 300 days have passed since Defendant provided this notice. No federal or state officials have filed any objections to the proposed settlement. Therefore, Defendant has substantially complied with CAFA's notice requirement.

**III.**    <u>Analysis</u>

    A.    Class Certification

The Preliminary Approval Order analyzed whether conditioned certification of the Settlement Class was appropriate. Dkt. 88 at 9-13. This analysis, which has already been incorporated by the earlier reference, resulted in granting the Preliminary Approval Motion. The analysis of these factors and the resulting outcome have not changed. Therefore, the Final Approval Motion is **GRANTED** as to certification of the Settlement Class.

    B.    Final Approval of the Settlement Agreement

        1.    <u>Legal Standards</u>

Rule 23(e) requires a two-step process in considering whether to approve the settlement of a class action. Fed. R. Civ. P. 23(e).

---

[3]  Simpluris also received one dispute, but "worked with the Defendant to resolve the dispute." Brunner Decl. ¶ 10. Defendant notified Simpluris that the individual who submitted a dispute was "included in the Class List in error and worked zero shifts in California." *Id.* The individual has since been removed from the Class. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-00443 JAK (PLAx) | Date | May 16, 2022 |
|---|---|---|---|
| Title | Nancy Schlieser v. Sunrise Senior Living Management Inc., et a. | | |

*First*, in the preliminary approval process, a court must make a preliminary determination as to whether the proposed settlement "is fundamentally fair, adequate, and reasonable." *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007) (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003)). At this stage, "the settlement need only be potentially fair." *Id*.

*Second,* if preliminary approval is granted, class members are notified and invited to make any objections. Upon reviewing the results of that notification, a court makes a final determination as to whether an agreement is "fundamentally fair, adequate, and reasonable." *See Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004).

In evaluating fairness, a court must consider "the fairness of a settlement as a whole, rather than assessing its individual components." *Lane v. Facebook, Inc.*, 696 F.3d 811, 818-19 (9th Cir. 2012). A court is to consider and evaluate several factors as part of its assessment of a proposed settlement. The following non-exclusive factors, which originally were described in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), are among those that may be considered during both the preliminary and final approval processes:

     (1) the strength of the plaintiff's case;
     (2) the risk, expense, complexity, and likely duration of further litigation;
     (3) the amount offered in settlement;
     (4) the extent of discovery completed and the stage of the proceedings;
     (5) the experience and views of counsel;
     (6) any evidence of collusion between the parties; and
     (7) the reaction of the class members to the proposed settlement.

*See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458-60 (9th Cir. 2000).

Each factor does not necessarily apply to every settlement, and other factors may be considered. For example, courts often consider whether the settlement is the product of arms-length negotiations. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution."). As noted, in determining whether preliminary approval is warranted, a court is to decide whether the proposed settlement has the potential to be deemed fair, reasonable and adequate in the final approval process. *Acosta*, 243 F.R.D. at 386.

The recently amended Fed. R. Civ. P. 23(e) provides further guidance as to the requisite considerations in evaluating whether a proposed settlement is fair, reasonable and adequate. A court must consider whether:

     (A) the class representatives and class counsel have adequately represented the class;
     (B) the proposal was negotiated at arm's length;
     (C) the relief provided for the class is adequate, taking into account:
          (i) the costs, risks, and delay of trial and appeal;
          (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
          (iii) the terms of any proposed award of attorney's fees, including timing of payment;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-00443 JAK (PLAx) | Date | May 16, 2022 |
|---|---|---|---|
| Title | Nancy Schlieser v. Sunrise Senior Living Management Inc., et a. | | |

and
(iv) any agreement required to be identified under Rule 23(e)(3);[4] and
(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The factors set forth in Fed. R. Civ. P. 23(e) distill the considerations historically used by federal courts to evaluate class action settlements. *See* Advisory Committee Comments to 2018 Amendments to Rule 23, Subdivision (e)(2). As the comments of the Advisory Committee explain, "[t]he goal of [the] amendment [was] not to displace any factor" that would have been relevant prior to the amendment, but rather to address inconsistent "vocabulary" that had arisen among the circuits and "to focus the court and the lawyers on the core concerns" of the fairness inquiry. *Id.*

      2.   <u>Application</u>

The Preliminary Approval Order analyzed many of the relevant factors. Dkt. 88 at 15-19. None of the facts and circumstances as to any of them has changed since that time. However, because the Third Party Administrator has completed the notice process, the reaction of Class Members to the Settlement Agreement may now be considered in evaluating whether it is fair and appropriate.

Of the 11,467[5] Class Members who received notice of the Settlement Agreement, only seven opted out, and none objected. Brunner Decl., Dkt. 91 ¶ 11-12 The seven opt outs represent less than one-tenth of a percent of the Class Members. A low proportion of opt-outs and objections "indicates that the class generally approves of the settlement." *In re Toys R Us-Delaware, Inc. – Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 456 (C.D. Cal. 2014) (collecting cases); *see also In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) (quoting *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 528-29) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."). Therefore, this factor weighs in favor of final approval.

Because there have been no material changes in any of the relevant circumstances since the Preliminary Approval Order, the same determinations are warranted at this time with respect to the fairness analysis. Therefore, the distribution of the Gross Settlement Fund in the manner set forth in the Preliminary Approval Order is approved subject to the terms of this Order.

    C.   Incentive Awards

      1.   <u>Legal Standards</u>

"[N]amed plaintiffs . . . are eligible for reasonable incentive payments." *Staton*, 327 F.3d at 977. To

---

[4]  Fed. R. Civ. P. 23(e)(3) provides that "[t]he parties seeking approval must file a statement identifying any agreement made in connection with the proposal."
[5]  This reflects that 11,566 notices were mailed by the Settlement administrator, that 98 were returned as undeliverable and have not been re-sent, and that one individual who received notice in error was subsequently removed from the Class. Brunner Decl., Dkt. 91 at ¶¶ 6-7, 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-00443 JAK (PLAx) | Date | May 16, 2022 |
|---|---|---|---|
| Title | Nancy Schlieser v. Sunrise Senior Living Management Inc., et a. | | |

determine the reasonableness of incentive awards, the following factors may be considered:

> 1) The risk to the class representative in commencing suit, both financial and otherwise;
> 2) the notoriety and personal difficulties encountered by the class representative; 3) the
> amount of time and effort spent by the class representative; 4) the duration of the litigation;
> and 5) the personal benefit (or lack thereof) enjoyed by the class representative as a result
> of the litigation.

*Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).

2.    Application

Each of the two named Plaintiffs renews his or her request for an incentive award of no more than
$7500. Dkt. 89 at 16; Dkt. 90 at 31. The Preliminary Approval Order approved an enhancement award
for up to this amount for each named Plaintiff, provided that the determination would be reviewed in
connection with the Final Approval Motion. Dkt. 88 at 20-21.

In support of the request, Schlieser states that she spent between 60 and 70 hours on the case.
October 6, 2021 Declaration of Nancy Schlieser ("Schlieser Decl."), Dkt. 89-2 ¶ 13. Van Cleave also
states that he spent between 60 and 70 hours on the case. October 4, 2021 Declaration of Christian
Van Cleave ("Van Cleave Decl."), Dkt. 89-4 ¶ 11. A $7500 payment, if approved, would reflect an hourly
rate of between $107 and $125.

Because there has been no material change in circumstances since the Preliminary Approval Motion,
incentive awards of $7500 to each named Plaintiff remain fair and reasonable. In light of the work
performed and the hours worked, and the risks of adverse employment effects that may be associated
with serving as a representative of a class, and the broader scope of release given to Sunrise by the
two named Plaintiffs, an incentive award of $7500 each is approved.

D.    PAGA Payment

The LWDA has explained that:

> when a PAGA claim is settled, the relief provided for under the PAGA [must] be genuine and
> meaningful, consistent with the underlying purpose of the statute to benefit the public and, in the
> context of a class action, the court evaluate whether the settlement meets the standards of
> being 'fundamentally fair, reasonable, and adequate' with reference to the public policies
> underlying the PAGA.

*O'Connor v. Uber Techs.*, 201 F. Supp. 3d 1110, 1133 (N.D. Cal. 2016) (quoting comments submitted
by LWDA).

The Settlement Agreement provides for a PAGA Payment of $40,000, with $30,000 paid to the LDWA
and the remaining $10,000 divided among PAGA Aggrieved Employees. Settlement Agreement ¶ 36.
For the reasons stated in the Preliminary Approval Order, this proposed allocation is sufficient and
reasonable. Dkt. 88 at 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-00443 JAK (PLAx) | Date | May 16, 2022 |
|---|---|---|---|
| Title | Nancy Schlieser v. Sunrise Senior Living Management Inc., et a. | | |

E.    Fee and Cost Award

1.    <u>Legal Standards</u>

Attorney's fees and costs "may be awarded . . . where so authorized by law or the parties' agreement."
*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). However, "courts have an
independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the
parties have already agreed to an amount.*" Id.* "If fees are unreasonably high, the likelihood is that the
defendant obtained an economically beneficial concession with regard to the merits provisions, in the
form of lower monetary payments to class members or less injunctive relief for the class than could
otherwise have [been] obtained." *Staton*, 327 F.3d at 964. Thus, a district court must "assure itself that
the fees awarded in the agreement were not unreasonably high, so as to ensure that the class
members' interests were not compromised in favor of those of class counsel." *Id.* at 965.

2.    <u>Application</u>

Class Counsel request an attorney's fees award of $816,666, which is the amount approved in the
Preliminary Approval Order. Dkt. 89 at 16; Dkt. 90 at 12. The Preliminary Approval Order reached that
determination after analyzing the reasonableness of this amount under both the percentage-of-the-fund
approach and lodestar approach. Dkt. 88 at 22-32. That analysis, which has been incorporated into this
Order, still applies and is adopted, with the modifications noted below.

As noted in the Preliminary Approval Order, Class Counsel seek an award representing 33.33% of the
$2,450,000 Gross Settlement Amount. *Id.* at 22. This allocation exceeds the 25% "benchmark award" in
the Ninth Circuit. *Id.* Class Counsel argue that the adjustment upward from the benchmark is warranted
in light of the results achieved, the effort expended by counsel, counsels' skill and experience, the
complexity of the issues, the risks of litigation, and the reaction of the class. Dkt. 90 at 18-23.

The requested fee award of $816,666 is more than Class Counsel's lodestar figure. The updated
lodestar figure provided in support of the Attorneys' Fees Motion is $710,905.36 for 1106.5 hours
worked. Dkt. 90 at 25. This reflects an average hourly rate of $642.48. The $710,905.36 figure is less
than the anticipated amount provided by counsel in connection with the Preliminary Approval Order by
approximately $30,000. *See* Dkt. 88 at 24. Class Counsel argue that this decrease is "not so significant
as to warrant a departure" from the analysis in the Preliminary Approval Order. Dkt. 90 at 25-26.

The lodestar amount for hours worked is approximately $105,760 less than the $816,666 amount of
attorneys' fees for which final approval is sought. The requested award would reflect an increase, or
premium, of approximately 15% above the lodestar total. At the time of the Preliminary Approval Order,
the $816,666 reflected a premium of approximately 10% above the lodestar total. A 10% premium
above the current lodestar total would be $781,996. The question presented is whether the additional
5% premium, which totals $34,670, is appropriate.

For the reasons stated in the Preliminary Approval Order, the disparity between the lodestar and the
requested award is not unreasonable. This analysis does not change based on the slight reduction in
the lodestar amount. Counsel assumed substantial risks in proceeding on a contingency fee basis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-00443 JAK (PLAx) | Date | May 16, 2022 |
|---|---|---|---|
| Title | Nancy Schlieser v. Sunrise Senior Living Management Inc., et a. | | |

They obtained substantial relief for the Plaintiffs. Further, attorneys' fees of one-third of the total recovery have been approved in similar cases. Based on the number of hours worked, hourly rates and results for the Class, an attorneys' fee award of $816,666 remains reasonable, fair and justified. Finally, if the 10% premium were applied, the change in the outcome would be very modest. For example, if the fee award were reduced, it would, on a pro rata basis, result in approximately $3 more for each Class Member. Although such an allocation would be made on a different formula, it would still not result in a material change for Class Members.

F.    Litigation Costs

Class Counsel request reimbursement for litigation costs of $22,722.86. Dkt. 89 at 16; Dkt. 90 at 30. This is the same amount requested in connection with preliminary approval. Dkt. 88 at 32. Because the costs that have been incurred remain reasonable, an award of litigation costs of $22,722.86 is approved.


**IV.    Conclusion**

For the reasons stated in this Order, the Final Approval Motion is **GRANTED**. The Attorney's Fees Motion is also **GRANTED**. Judgment shall be entered dismissing the action with prejudice; provided, however, that the Court shall retain jurisdiction with respect to any issues that arise as to the implementation of the Settlement and related matters. Counsel shall lodge a proposed final judgment, consistent with this Order, in Word format on or before June 2, 2022.

**IT IS SO ORDERED.**


Initials of Preparer        tj